**PAUL BATISTA, P.C.**
Attorney-at-Law
26 Broadway – Suite 1900
New York, New York 10004
(212) 980-0070

e-mail: Batista007@aol.com  Facsimile: (212) 344-7677

August 16, 2015

VIA ECF
Hon. Douglas C. Palmer
Clerk of the Court
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Kashmir Gill v. Jus Broadcasting Corp., et al.**
**Case No. 1:19-cv-04216 (ILG) (PK)**

Dear Mr. Palmer:

I am the attorney of record for defendants Jus Broadcasting Corp., Jus Punjabi, LLC, Jus One Corp., Jus Broadcasting Corp PVT and Penny Sandhu in the above-entitled litigation.

I write for the purpose of requesting that the Clerk's Office *not* grant the so-called "Request for Certificate of Default" filed on August 13, 2019 by plaintiff Kashmir Gill ("Gill").[1]

There has been *no* default by defendants on any aspect of this case. As the Docket Sheet reveals, the litigation was commenced on February 25, 2019 by plaintiff Gill in the *United States District Court for the District of New Jersey*, but not in this Court. *See* Doc. 1 on the annexed docket sheet. Gill's complaint, which has not been amended, exceeds fifty pages. The New Jersey action was assigned to United States District Judge Freda Wolfson.

On April 25, 2019, all the defendants *timely* moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b) essentially on the grounds of lack of jurisdiction and improper venue. (Collectively, the entity defendants and the individual defendant, who owns the entity defendants, are involved in the business of satellite broadcasting of news and entertainment in North America, the United Kingdom and India and, for convenience, this letter refers to them collectively as the "Jus Punjabi defendants").

Plaintiff Gill unsuccessfully opposed the Jus Punjabi defendants' Rule 12(b) motion. More specifically, on July 19, 2019, Judge Wolfson transferred the action in full from New Jersey to this Court, thus effectively granting the relief which the Jus Punjabi defendants requested. *See* Document 22. Consistent with Judge Wolfson's order, the action was transferred to this Court on July 22, 2019. It was assigned to Judge I. Leo Glasser and Magistrate Judge Peggy Kuo and given

---

[1] Annexed as Exhibit 1 to this letter is a copy of the entire docket sheet relating to this case. The "Request for Certificate of Default" is document entry 31.

the case number identified in the caption to this letter. I immediately filed a Notice of Appearance for the Jus Punjabi defendants.

In reliance on Judge Glasser's individual motion practice rules, I immediately made several efforts to obtain the consent of Alan R. Ackermann, a New Jersey lawyer who has represented plaintiff Gill from the outset, to a briefing schedule in connection with the Jus Punjabi defendants' dispositive motion to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Completely ignoring Judge Glasser's rules, Mr. Ackerman *never* responded in any way to my numerous requests for the setting of a briefing schedule. Instead, Mr. Ackerman on August 13, 2019 filed the wholly unfounded "request" in the Clerk's Office for the issuance of a certificate of default.

I have concurrently with this letter written to Judge Glasser to call the Judge's attention to plaintiff's misconduct, and I am annexing to this letter as Exhibit 2 a copy of my concurrent letter to Judge Glasser which, among other things, requests the setting by Judge Glasser of the required briefing schedule for the Jus Punjabi defendants' dispositive motion.

For the reasons articulated in this letter and the accompanying letter to Judge Glasser, I respectfully urge the Clerk's office to reject plaintiff's August 13, 2019 "request" for the issuance of a so-called "certificate of default."

Sincerely yours,

Paul Batista

PB/wg

cc: Hon. Peggy Kuo (Via ECF)
    All Counsel of Record (Via ECF)