UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

KASHMIR GILL,

      Plaintiff,

v.

JUS BROADCASTING CORP.;
JUS PUNJABI, LLC; JUS ONE, CORP.;
JUS BROADCASTING CORP PVT LTD;
and PENNY SANDHU,

      Defendants.

------------------------------------------------------------ x

Case No. 1:19 – cv-04216 (ILG) (PK)

**JURY TRIAL DEMANDED**

## ANSWER AND AFFIRMATIVE DEFENSES
## OF ALL DEFENDANTS
## TO THE COMPLAINT DATED FEBRUARY 25, 2019

Defendants Jus Broadcasting Corp., Jus Punjabi, LLC, Jus One Corp., Jus Broadcasting Corp PVT Ltd., and Penny K. Sandhu, by and through their attorney, Paul Batista, P.C., as and for their Answer to the Complaint dated February 25, 2019 ("Cplt."), allege as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 1 of the Cplt.

    2.    Deny each and every allegation of ¶ 5 of the Cplt.

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 7 of the Cplt.

    4.    Deny each and every allegation of ¶ 8 of the Cplt.

    5.    Deny each and every allegation of ¶ 9 of the Cplt.

    6.    Deny each and every allegation of ¶ 10 of the Cplt.

7. Deny each and every allegation of ¶ 11 of the Cplt.

8. Deny each and every allegation of ¶ 12 of the Cplt.

9. Deny each and every allegation of ¶ 13 of the Cplt.

10. Deny each and every allegation of ¶ 14 of the Cplt.

11. Deny each and every allegation of ¶ 15 of the Cplt.

12. Deny each and every allegation of ¶ 16 of the Cplt., except state that a written agreement, if any, to which ¶ 16 of the Cplt. refers, was (1) long ago rescinded and (2) plaintiff Gill was not a party to any such agreement, if one in fact existed.

13. Deny each and every allegation of ¶ 17 of the Cplt., except that, upon information and belief, an individual identified as "Lakhvinder Singh" (with whom plaintiff Gill has no connection) was deported in *2008* from the United States for federal immigration offenses.

14. Deny each and every allegation of ¶ 18 of the Cplt.

15. Deny each and every allegation of ¶ 19 of the Cplt., except state that the information contained in that paragraph does not relate to Gill or any cause of action purportedly stated in the Cplt.

16. Deny each and every allegation of ¶ 20 of the Cplt.

17. Deny each and every allegation of ¶ 21 of the Cplt., except state that any dealings among "Karl Khandalawa," Karl Khandalawa's "wife," and defendants did not involve Gill and are utterly irrelevant to any issue in this action.

18. Provide no response to "¶ 22" of the Cplt. because there is no ¶ 22.

19. Deny each and every allegation of ¶ 23 of the Cplt., except (1) admit that a litigation among Khandalawa, his wife and certain of the defendants was terminated in or about August 12, 2012 because defendants involved in that action successfully moved for its dismissal, (2) asserts that Gill was not a party to that litigation, and (3) further asserts that events associated with that litigation are utterly irrelevant to any issue in the present action.

20. Deny each and every allegation of ¶ 24 of the Cplt.

21. Deny each and every allegation of ¶ 25 of the Cplt.

22. Deny each and every allegation of ¶ 26 of the Cplt.

23. Deny each and every allegation of ¶ 27 of the Cplt.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 28 of the Cplt., which purport to relate to events that took place, if they took place, in 2011, eight years ago.

25. Deny each and every allegation of ¶ 29 of the Cplt.

26. Deny each and every allegation of ¶ 30 of the Cplt.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 31 and 32 of the Cplt.

28. Deny each and every allegation of ¶ 33 of the Cplt., which (1) is not in the form of a "short and plain statement" of the facts as required by Fed. R. Civ. P. 8., (2) is verbose and incomprehensible, (3) is conclusory, and (4) is redundant of other statements in the Cplt.

29. Deny each and every allegation of ¶ 34 of the Cplt., which, even if accurate, relates to events that took place in 2010 and, are more important, irrelevant to this action.

30. Deny each and every allegation of ¶ 35 of the Cplt., and assert that the language used in ¶ 35 of the Cplt., as in other paragraphs, is neither plain nor simple but instead incomprehensible.

31. Deny each and every allegation of ¶¶ 36 and 37 of the Cplt.

32. Deny each and every allegation of ¶ 38 of the Cplt.

33. Deny knowledge or information sufficient to form a belief as to ¶ 39 of the Cplt., except state that (1) the italicized words, as interpreted by Gill, are nonsense, and (2) deny all other allegations of ¶ 39.

34. Deny each and every allegation of ¶ 40 of the Cplt.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 41 of the Cplt.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 42 of the Cplt.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 43, 44, 45 and 46 of the Cplt.

38. Deny each and every allegation of ¶¶ 47 and 48 of the Cplt.

39. Deny knowledge or information sufficient to form a belief as to the allegations of ¶ 49 of the Cplt., except (1) admit that one or more of the defendants retained

"Paul Batista" to sue a broadcast entity which was infringing on defendants' business and rights and that "Paul Batista" was the lawyer for the "Jus Punjabi" entities and not for Gill.

40. Deny knowledge or information to form a belief as to the truth of the allegations of ¶¶ 50 and 51 of the Cplt.

41. Deny each and every allegation of ¶ 52 of the Cplt. and, more specifically, deny that (1) Gill was ever a "partner" of Sandhu and state that (2) Gill never had any type of ownership or equity interest in defendants, and thus he had no right or legitimate basis to receive any financial or business information from defendants.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶¶ 53, 54, and 55 of the Cplt.

43. Deny each and every allegation of ¶¶ 56 and 57 of the Cplt.

44. Deny each and every allegation of ¶¶ 58 and 59 of the Cplt.

45. Deny each and every allegation of ¶¶ 60 and 61 of the Cplt.

46. Deny each and every allegation of ¶ 62 of the Cplt.

47. Deny knowledge or information sufficient to form a belief as to the allegations of ¶ 63 of the Cplt.

48. Deny each and every allegation of ¶ 64 of the Cplt.

49. Deny each and every allegation of ¶ 65 of the Cplt., except state that Gill himself composed the email because, upon information and belief, Gill asserted he was in difficulty with the Internal Revenue Service and purportedly needed a favor from defendants and, as a result the quoted email was a sham dictated or directed by Gill to protect Gill's interests alone.

50. Deny each and every allegation of ¶¶ 66, 67 and 68 of the Cplt., and emphasize that Gill, in his own words, admitted that (i) he was never "partner" of the individual defendant or the defendant entities she owns as her "business enterprise" and (ii) he "never received any documentation to that effect."

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 69 and 70 of the Cplt.

52. Deny each and every allegation of ¶ 71, 72 and 73 of the Cplt.

53. Deny each and every allegation of ¶¶ 74 and 75 of the Cplt., except reiterate, as previously alleged, that Gill had no standing or right to request, demand or receive any financial information from defendants and that his efforts with respect to the Internal Revenue Service were designed to protect him.

54. Deny each and every allegation of ¶ 76 and 77 of the Cplt.

55. Deny each and every allegation of ¶¶ 78, 79, 81, 82, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 105, 106, 107, 109, 110, 111, 112, 113, 115, 116, 117, 119, 120, 121, 125, 126, 127, 128, 129, 130, 132, 133, 134, 135, 136, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 179, 180, 181, 182, 183, 184, 185, 186, 187, 189, 190, 191, and 192 of the Cplt.

## FIRST AFFIRMATIVE DEFENSE

56. The Cplt. fails to state any claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

57. The claims made in plaintiff's Cplt. are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred by the Statute of Limitations.

## FOURTH AFFIRMATIVE DEFENSE

59   Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

60u. The Cplt. violates the provisions of Fed. R. Civ. P. 8 and 9(b).

WHEREFORE, defendants demand judgment as follows:

- Dismissing the Complaint it its entirety and with prejudice;

- Granting defendants' their attorneys' fees, costs and expenses; and

- Awarding such other and further relief to defendants as this Court finds proper.

Dated: New York, New York  
　　　August 28, 2019

PAUL BATISTA, P.C.

By: _____  
Paul Batista  
Attorney for Defendants  
Jus Broadcasting Corp.,  
Jus Punjabi, LLC, Jus One, Corp.,  
Jus Broadcasting Corp. PVT Ltd., and  
Penny Sandhu  
26 Broadway, Suite 1900  
New York, New York 10004  
(631) 377-0111 (C)  
(212) 980-0070(T)  
(212) 344-7677(F)  
Batista001@aol.com

TO: CLERK OF THE COURT

All Counsel of Record (Via ECF)