UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

KASHMIR GILL,

      Plaintiff,

v.

JUS BROADCASTING CORP.;
JUS PUNJABI, LLC; JUS ONE, CORP.;
JUS BROADCASTING CORP PVT LTD;
and PENNY SANDHU,

      Defendants.

------------------------------------------------------------ x

: Case No. 1:19 – cv-04216 (ILG) (PK)

## DEFENDANTS' LEGAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

PAUL BATISTA, P.C.
Attorney for Defendants Jus Broadcasting Corp.,
   Jus Punjabi, LLC, Jus One, Corp.,
   Jus Broadcasting Corp PVT Ltd., and
   Penny Sandhu
26 Broadway, Suite 1900
New York, New York 10004
(212) 980-0070 (T)
(212) 344-7677 (F)
(631) 377-0111 (C)
Batista007@aol.com

Dated: New York, New York
      September 6, 2019

## Table of Contents

        **Page**

Preliminary Statement..................................................................................1

Factual and Procedural Background.............................................................1

Argument......................................................................................................2

    I.      No Basis Exists for Disqualification of Defense Counsel..........................2

    II.     In the Alternative, Special Counsel Can Be Appointed to Examine Defense Counsel In the Event Further Proceedings in the Action Suggest He Should Be Questioned at a Later Date at Deposition or Trial...............................................................................6

Conclusion....................................................................................................6

## Table of Authorities

**Cases**                                                                                                                      **Page**

*Hempstead Video, Inc.* v. *Inc. Vill. of Valley Stream*, 409 F. 3d 127 (2d Cir. 2016)...............4

*Jose Luis Pelaez, Inc.* v. *McGraw Hill*, 366 F.Supp. 3d 567 (S.D.N.Y. 2019).....................4

*S&S Hotel Ventures Limited Partnership* v. *777 S.H. Corp*, 69 N.Y.2d 437,
   515 N.Y.S.2d 735, 508 N.E.2d 647 (1987)......................................................2

*United States* v. *Prevezon Holdings, Ltd.*, 839 F.3d 227 (2d Cir. 2016).............................4

**Statutes and Rules**

18 U.S.C. §§ 1961 *et. seq*..................................................................................3

22 NYCRR Part 1200 ........................................................................................5

## Preliminary Statement

Defendants Jus Broadcasting Corp., Jus Punjabi, LLC, Jus One, Corp., Jus Broadcasting Corp PVT Ltd (collectively, the "Jus Punjabi entities" and "Jus Punjabi") and Penny Sandhu submit this memorandum in opposition to the motion of plaintiff Kashmir Gill to disqualify Paul Batista, the attorney-of-record to all defendants.

## Factual and Procedural Background

The full factual and procedural background germane to this motion is set forth in the accompanying declarations of Mr. Batista ("Batista Decl.") and Ms. Sandhu ("Sandhu Decl."), both dated September 6, 2019.

In the interest of brevity, we will not repeat or summarize the background facts. Instead, we will turn to an explanation of the reasons why the motion should be denied.

# Argument

## I.

## NO BASIS EXISTS FOR THE DISQUALIFICATION OF DEFENSE COUNSEL

### A. The General Standards

In its central decision on attorney disqualification under the applicable rules in New York, the New York Court of Appeals, in *S & S Hotel Ventures Limited Partnership v. 777 S.H. Corp.*, 69 N.Y. 2d 437, 515 N.Y.S.2d 735, 508 N.E.2d 647 (1987), made clear several determinative points. *First,* disqualification is a drastic remedy since parties should, as a matter of general principle, remain free to select and keep counsel of their choice.

*Second*, the mere fact that a lawyer knows an opposing party – even in cases when the lawyer has once provided legal services to the opposing party in a completely unrelated matter – is never dispositive, particularly where, as here, those other legal services had nothing to do with the action from which the disqualification dispute arises.

*Third*, even in cases where the lawyer might conceivably be called as a witness either for his or her own client – the so-called "witness-advocate" standard – the lawyer's potential testimony should relate to material, substantial, and *necessary* evidence in the case at issue.

*Fourth*, the client's clearly expressed preference for the lawyer of his, her or its choice should be given substantial weight.

*Fifth*, to the extent any legitimate basis for disqualification might exist, prophylactic, less drastic measures, such as the use of interim substitute or additional

counsel to examine and cross-examine the challenged lawyer, should be explored in order to avoid the sweeping negative impact to the client of total disqualification.

**B.     Disqualification As a Drastic and Rare Remedy**

The facts in *S&S Hotel Ventures* illustrate that disqualification of litigating counsel is rare indeed and is not even remotely justified here. In fact, the challenged attorneys directly negotiated the lease transaction that was the core issue in the litigation, and yet the New York Court of Appeals expressly condoned their role as litigating counsel. As the Court emphasized in *S&S Hotel Ventures*:

> Disqualification of a lawyer during litigation implicates . . . the substantive rights of the litigants. Disqualification denies a party's right to representation by the attorney of its choice . . . . The right to counsel of choice . . . is a valued right and any restrictions must be carefully scrutinized . . . . [I]n the context of an ongoing lawsuit, disqualification . . . can stall and derail the proceedings, redounding to the strategic advantage of one party over another. [*S&S Hotel Ventures*, 69 N.Y. 2d at 443, 515 N.Y.S.2d at 738].

**C.     The Lack of "Necessity" in Defense Counsel's Testimony**

Also important is that nothing in plaintiff's disqualification motion even remotely suggests that Mr. Batista's testimony is "necessary" for purposes of determining any claim presented by plaintiff in his 192-paragraph Complaint (*see* Batista Decl., Exhibit 1), which is grounded almost exclusively on the bogus claims by plaintiff under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* As the New York Court of Appeals stressed:

> Testimony may be relevant and even highly useful but still not necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence. [*See S&S Hotel Ventures*, 515 N.Y.S. 2d at 740.]

More recently, the New York Court of Appeals decision in *S&S Hotel Ventures* was applied, as it consistently has been, in *Jose Luis Pelaez, Inc. v. McGraw-Hill Global Education Holdings LLC*, 366 F. Supp. 567 (S.D.N.Y. 1999), to deny a motion for disqualification for the reasons articulated by *S&S Hotel Ventures* and earlier in this memorandum.

The factual events at issue in *Pelaez* presented a situation in which the challenged law firm whose disqualification was sought *hired* an executive of McGraw-Hill, the party seeking disqualification. Equally important, that former executive of McGraw-Hill was hired by the challenged law firm precisely for the purpose of "consult[ing] on litigation against McGraw-Hill," including the events at issue in the litigation itself. *Palaez*, 366 F. Supp.3d at 569.

Judge Wood in *Palaez* denied the motion for disqualification on grounds that explicitly echoed the New York standards identified in *S&S Hotel Ventures* and an element not expressly mentioned in *S&S Hotel Ventures* – the concepts of integrity and taint that are not even suggested in plaintiff Gill's papers. As Judge Wood in *Palaez* expressed it:

> The authority of federal courts to disqualify attorneys derives from their inherent powers to preserve the adversary process. *United States v. Prevezon Holdings, Ltd.*, 879 F.3d 227, 241 (2d Cir. 2016). . . . Accordingly, "decisions on disqualification motions often benefit from guidance offered by . . . state disciplinary rules, [but] such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *Hempstead [Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127 (2d Cir. 2005).] In deciding whether to disqualify an attorney, the court must balance "'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" *Id.* [*See Pelaez*, 366 F.3d Supp. at 571.]

The Gill disqualification motion utterly ignores the most important factor. As Judge Wood wrote, "In this Circuit, disqualification is called for only where an attorney's conduct taints the underlying trial." *Id.* (internal quotation marks and citations omitted).

At no point does the Gill motion suggest that defense counsel's continued role would "taint" the underlying trial. Even though the *Pelaez* litigation involved a former employee of the party moving for disqualification and her "side-switching," Judge Wood determined there was no basis for disqualification. *See also Matthews v. LeBoeuf, Lamb, Greene & MacRae*, 902 F. Supp. 26 (S.D.N.Y. 1995) (holding that a lawyer's knowledge of allegedly confidential information did not give him an unfair advantage where the information would be obtained through discovery); *United States Football League v. National Football League*, 605 F. Supp. 1448, 1464 ("Only information that would give the attorney an unfair advantage that will taint the trial should be a sufficient basis to disqualify that attorney.")

Another key factor is the expressed preference of the client of the attorney whose disqualification is sought. In this case, the preference for Mr. Batista by Ms. Sandhu and the other Jus Punjabi defendants could not be more clearly expressed. *See generally* the Sandhu Decl.

Even in cases relying on the so-called "witness-advocate" standard, the client's preference is a vital factor, as the Second Department's recent decision

in *Greenberg v. Grace Plaza Nursing*, 174 A.D. 3d 510, 103 N.Y.S. 3d 559 (2d Dept. 2019), underscores.

## II.

### IN THE ALTERNATIVE, SPECIAL COUNSEL CAN BE APPOINTED TO EXAMINE DEFENSE COUNSEL IN THE EVENT FURTHER PROCEEDINGS IN THE ACTION SUGGEST HE SHOULD BE QUESTIONED AT A LATER DATE AT DEPOSITION OR TRIAL

While it is not even remotely probable that Mr. Batista's testimony at deposition or trial could ever be considered germane or useful – and certainly it could never be regarded as "necessary" (*see S&S Hotel Ventures*) – there are, of course, less drastic measures that could be taken than disqualification. Most obvious is the fact that interim substitute counsel could be engaged to examine or cross-examine defense counsel at deposition and trial.

### Conclusion

For all the foregoing reasons, defendants respectfully request denial of plaintiff's disqualification motion in its entirety.

Dated: New York, New York
September 6, 2019

PAUL BATISTA, P.C.

By /s/ Paul Batista
Paul Batista
Attorney for
Jus Broadcasting Corp.,
Jus Punjabi, LLC, Jus One,
Corp, Jus Broadcasting Corp PVT Ltd.
and Penny Sandhu
26 Broadway – Suite 1900
New York, New York 10004
(212) 980-0070 (Tel)
(212) 344-7677 (Fax)
(631) 377-0111 (C)
Batista007@aol.com