UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KASHMIR GILL, Individually,

    Plaintiff,

v.

JUS BROADCASTING CORP;
JUS PUNJABI, LLC; JUS ONE, CORP;
JUS BROADCASTING CORP PVT LTD;
and PENNY SANDHU

    Defendants.

CASE NO. 1:19-CV-4216(ILG)(PK)

---

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO
DISQUALIFY PAUL BATISTA, ESQ.**

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................... II

PRELIMINARY STATEMENT ............................................................................................... 1

the RELEVANT FACTS ......................................................................................................... 1

LEGAL ARGUMENT ............................................................................................................... 3

Conclusion ................................................................................................................................ 5

## TABLE OF AUTHORITIES

**Federal Cases**

*José Luis Pelaez v. McGraw-Hill Global Education,* 366 F. Supp. 3D 567 (S. D. N.Y. 1999) ..... 4

**State Cases**

*S & S Hotel v. 777 H. Corp*, 69, N.Y. 437, 515 N.Y.S. 735 (1987) ........................................... 3, 4

**State Court Rules**

CPR Canon 4 ................................................................................................................................. 3

RPC 1.6 .......................................................................................................................................... 3

RPC 1.7 .......................................................................................................................................... 3

RPC 1.7(a)(1) ................................................................................................................................. 1

RPC 1.9 .......................................................................................................................................... 3

RPC 1.9 (a) .................................................................................................................................... 2

## PRELIMINARY STATEMENT

Plaintiff submits this reply memorandum in further support of its motion to disqualify Defendant's attorney, Paul Batista, Esq. from representing any of the Defendants in this matter resulting from his prior representation and communication with Plaintiff, Kashmir Gill.

## THE RELEVANT FACTS

Paul Batista, Esq. has represented the Defendant entities and Penny Sandhu in three or four lawsuits most of which are related to repurchasing the partnership interests of Sandhu's former partners. Sandhu denied their existence in her initial certification [Dkt. 10 Dec. of Penny Sandhu] until their names and partnership documents were presented to the Court in Gill's responding Declaration [Dkt. 13 Aff. of Kashmir Gill]. Batista has also represented Plaintiff, Kashmir Gill, and his business entity, Creative Management, LLC.

In this matter, Paul Batista, Esq. chose to represent Sandhu and the Defendant entities despite having represented and given advice to Kashmir Gill. RPC 1.7(a)(1) prohibits an attorney from representing one client against another where they have competing interests. Put another way, a lawyer can't choose sides.

Despite Batista's carefully crafted evasion of Plaintiff's claims in his Declaration, he does not deny the material facts. He tries to diminish them, but does not deny that these allegations occurred. Batista regularly interacted with Plaintiff during all litigation discussing strategy and defenses primarily with Mr. Gill, and not with Penny Sandhu. He corresponded with Plaintiff exclusively at Plaintiff's Jus Punjabi email address. This fact alone is significant because it indicates that Paul Batista Esq. was speaking with his client and not an outsider. A cursory review of the emails annexed to Kashmir Gill's Reply Declaration underscores his view that Kashmir Gill,

1

in his capacity as a partner at Jus Punjabi, was his client. There are no emails to Penny Sandhu exclusively. All emails are to both of them. Simply because Plaintiff has been shut out of Jus Punjabi by Penny Sandhu does not change the facts. An attorney cannot pick and choose his client to the detriment of a current or former client. See RPC 1.9 (a).

Those facts alone require the disqualification of Paul Batista Esq. Simply stated, an attorney cannot place himself in a compromising position to the detriment of a current or former client. Paul Batista Esq. was the recipient of confidential information from Kashmir Gill over the course of the time when he was interacting with Mr. Gill on behalf of Jus Punjabi. Plaintiff stated to Paul Batista that he invested large sums of money to become Penny Sandhu's partner. Plaintiff's funds were used to underwrite the settlement with Khandalawala. Batista knew of Plaintiff's other investment into Jus Punjabi. He also knew that Plaintiff was awaiting a partnership agreement from Penny Sandhu.

Finally, at a dinner with Batista in New York, Plaintiff confided his disappointment with Sandhu because she refused to issue his ownership interest in the Defendant entities despite the advance of funds or return the monies. Batista inquired about the details of the transfers, the overview of which he had previously been advised, and then stated that Penny Sandhu's actions may well constitute wire and mail fraud, that Plaintiff has a claim of ownership in the Defendant entities, a claim for the return of his investment and other causes of action. Kashmir Gill imparted to Paul Batista privileged and confidential information which goes to the core of Plaintiff's claims in this matter. After receiving that information, Paul Batista rendered legal advice to Kashmir Gill. Batista then stated that he could not represent Plaintiff as it would be a conflict of interest.

It is interesting to note that Paul Batista recognized the concept of conflict of interest as it relates to Kashmir Gill, but does not acknowledge that the same conflict of interest attaches to his

2

representation of the Defendants. Paul Batista, Esq. was a recipient of information from Kashmir Gill for a period of years relating to his investments and his interest as a partner in the Defendant entities. He then proceeds to give legal advice to Kashmir Gill on the grounds to be included in a complaint against another one of his clients. Finally, Mr. Batista chose to ignore RPC 1.7, RPC 1.9 and RPC 1.6, opting instead to vigorously represent the Defendants.

## LEGAL ARGUMENT

Defendants ignore the fact that the Rules of Professional Responsibility clearly indicate that Paul Batista, Esq. should have declined to represent the Defendants in this matter. Accepting representation of a client in a matter where the attorney has divided loyalties cannot be countenanced. Over a period of time, Plaintiff conveyed privileged and confidential information to Batista under the belief that Batista would then use his influence to convince Penny Sandhu to either repay Plaintiff's investment or issue shares of stock or units for each entity. Paul Batista, Esq. possesses Plaintiff's privileged and confidential information which the RPC's were designed to prevent from occurring. This court must disqualify Paul Batista, Esq. as attorney for Defendants.

In its brief, Defendants rely, in principal part, on *S & S Hotel v. 777 H. Corp*, 69, N.Y. 437, 515 N.Y.S. 735 (1987) hoping that this Court will overlook RPC 1.7, RPC 1.9 and RPC 1.6 focusing instead on tangential issues such as the client's right to an attorney of their own choosing, the advocate–witness disqualification rule, financial hardship as well as other exceptions. *S&S Hotel* has little in common with this matter. *S&S Hotel*, the question involved a firm's disqualification because one "of counsel" and one partner in the firm could be called as a witness although they had no direct knowledge of the facts in the matter. *S&S Hotel*, there was no question regarding client confidences and secrets. There, the disqualification was sought after discovery. Here, the attorney, Paul Batista Esq., did obtain client confidences and secrets violating CPR Canon 4. The Court stated, "when we agree that the Code applies in an equitable manner to a

3

matter before us, we should not hesitate to enforce it with vigor." ((Citing *Foley & Co. v. Vanderbilt* 523 F.2d 1357, 1360) *S & S Hotel,* supra at 443). Disqualification is mandated.  Here, the disqualification does not involve a tangential attorney in the law firm. It involves the lead counsel for Defendants. Here, the disqualification is sought at the commencement of the action. The initial scheduling conference has not yet occurred. There is no prejudice to the Defendants if Paul Batista is removed.

Defendant also relies on *José Luis Pelaez v. McGraw-Hill Global Education,* 366 F. Supp. 3D 567 (S. D. N.Y. 1999). Again, their reliance is misplaced. In *Pelaez*), the offending law firm hired a former employee of McGraw–Hill to consult on the litigation against it. The court denied disqualification because the complaint did not rise to the level that would "… taint the underlying trial" … Of importance to this matter is a distinction raised by the court in *Pelaez*).  The Court noted that there was no showing that the law firm sought to be disqualified "… Possessed privileged or confidential information specific to this case." And "… McGraw–Hill has not shown that information to be confidential, let alone privileged."

In this matter, Paul Batista Esq. possesses privileged and confidential information specific to this case that was given to him by Plaintiff Kashmir Gill. That information is privileged. Despite this knowledge, Paul Batista Esq. accepted this case instead of referring it to another attorney. In doing so, he ignored his obligation to comply with all applicable RPCs as cited above. Paul Batista Esq. must be disqualified from representing any Defendant in this matter.

Paul Batista Esq. will be a necessary witness in this matter. He has knowledge of the manner in which Penny Sandhu operated Jus Punjabi. He has knowledge of the authority given to Kashmir Gill by Penny Sandhu. He has knowledge of Kashmir Gill's investment. He has knowledge of the financial capabilities of Jus Punjabi. He has knowledge of a myriad of facts

which are germane to this litigation. Paul Batista, Esq. is the only individual who is truly an outsider with an inside view of the inner workings of the Defendant entities and Kashmir Gill. He has much more information which is both relevant and necessary to be discovered in this matter. He cannot hide that information by acting as the Defendants' attorney.

Batista claims that Plaintiff did not object to his continuation as counsel for Defendants in that he would "taint" the underlying trial. Nothing could be further from the truth. Batista's actions in representing a party after obtaining information from its adversary goes well beyond "taint". It undermines the integrity of the judicial system and is the antithesis of what the Code of Professional Responsibility represents.

## CONCLUSION

For the above-stated reasons, the Court should grant Plaintiff's motion and disqualify Mr. Batista from serving as counsel to any parties to this litigation.

Law Offices of Alan R Ackerman<br>
Attorneys for Plaintiff<br><br>

Alan R. Ackerman, Esq. (AA9730)<br>
1719 Route 10 East, Suite 106<br>
Parsippany, NJ 07054<br>
(973) 898-1177 (T)<br>
(973) 898-1230 (F)<br>
araesq@alanackermanlaw.com