**STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
KASHMIR GILL,

                                Plaintiff,

v.                                                  Case No. 19: cv-04216 (ILG) (PK)

JUS BROADCASTING CORP.,
JUST PUNJABI LLC; JUST ONE, CORP.,
JUST BROADCASTING CORP PVT LTD;
& PENNY SANDHU,

                                Defendants.
-----------------------------------------------------------X

## DECLARATION OF ALAN R. ACKERMAN, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY PAUL BATISTA, ESQ.

I, Alan R. Ackerman, under the penalty of perjury state as follows in support of my application to have Mr. Paul Batista disqualified.

1. I am counsel for Plaintiff and reluctantly prepare and execute this Declaration in response to certain statements made by Paul Batista, Esq. in his Declaration dated September 6, 2019.

2. My initial interaction with Paul Batista, Esq. occurred when I received either a telephone call or an email from him advising that he represented Penny Sandhu. The communication was in response to my correspondence to Ms. Sandhu demanding repayment of the outstanding obligation to Kashmir Gill or the issuance of stock/membership units in the various Defendant entities. From the time of my initial conversations with Paul Batista, Esq. in May or June 2018, I repeatedly advised him of his conflict of interest because of his prior representations and communications with Kashmir Gill while now representing Penny Sandhu and the Defendant

entities. On more than three or four occasions, I raised the issue on the telephone in the event that the parties were be unable to resolve their differences prior to the onset of litigation.

3. I annex as **"Exhibit "A,"** my correspondence to him of June 20, 2018 in which I formally placed Mr. Batista on notice of his ethical predicament because of the conflict of interest which has arisen and which prevents his continued representation of the Defendants.

4. During our negotiations there came a point in time where Mr. Batista acknowledged that Penny Sandhu would execute a Promissory Note on extended payment terms secured by collateral to memorialize the debt and to facilitate an orderly repayment of the advanced sums. I prepared the loan documents and forwarded them to Mr. Batista for his clients to execute to facilitate the repayment of the advanced funds which would be collateralized by, among other security, Penny Sandhu's stock/membership interest in all Defendant entities. On June 28, 2018, I corresponded with Mr. Batista enclosing a loan package (the cover letter is annexed as **Exhibit "B"**). The loan documents were never executed because the amount due and owing was questioned and, although not specifically stated, the Defendants' ability to repay this amount was in question.

5. At Paragraph 35, of his Declaration, Mr. Batista references the meeting at his office which was arranged to settle the ongoing dispute between the parties. However, his recollection of the events is inaccurate.

6. Mr. Batista and I agreed to meet at his office to further discuss a resolution and an orderly repayment of the debt. The meeting occurred on August 23, 2018. When Mr. Gill and I appeared, I began the conversation by stating that we would proceed despite the fact that Mr. Batista had a conflict of interest which was not being waived. That statement was made by me in front of the clients and again in Mr. Batista's office, where Mr. Batista and I went to have further

discussions out of the presence of our clients. The meeting was a total failure. Thereafter, the Complaint was filed.

7. In lieu of filing an Answer, Defendants, represented by Michael Farhi, Esq. of Kates Nussman Rapone Ellis & Farhi, LLP filed a Motion to Dismiss the Complaint which was returnable on July 18, 2019.

8. On July 17, 2019, Defendants filed a Motion for the admission of Paul Batista, Esq. *pro hac vice,* and requested that the return date of Defendants' Motion to Dismiss be adjourned from the following day, July 18, 2019, until the *pro hac vice* Motion was heard and decided. I objected and the Court denied Defendants' request.

9. At the hearing of Defendants' Motion to Dismiss, Judge Wolfson made statements which cast doubt on whether or not Defendants' Motion to admit Mr. Batista *pro hac vice* would be granted in light of the conflict issues which I raised in my correspondence of July 17, 2019 objecting to Defendants' adjournment request and Mr. Batista's admission *pro hac vice*. Judge Wolfson stated that if the contents of my letter were presented in the form of an Affidavit by the client, she would be reluctant to grant Mr. Batista's *pro hac vice* request.

I certify the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Law Offices of Alan R Ackerman<br>
Attorney for Plaintiff<br>
<br>
_____<br>
ALAN R. ACKERMAN, ESQ. (AA9730)<br>
1719 Route 10 East, Suite 106<br>
Parsippany, NJ 07054<br>
(973) 898-1177 (T)<br>
(973) 898-1230 (F)<br>
araesq@alanackermanlaw.com

4