UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

KASHMIR GILL,

        Plaintiff,

– against –

JUS BROADCASTING CORP.;
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP. PVT LTD;
and PENNY SANDHU,

        Defendants.

---------------------------------------------------------- x

Case No. 1:19-cv-04216 (ILG) (PK)

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants Jus Broadcasting Corp. ("Jus Broadcasting"), Jus Punjabi, LLC ("Jus LLC"), Jus One Corp.. ("Jus One"), and Jus Broadcasting Corp. PVT Ltd. ("Jus PVT") (collectively, the "Jus Punjabi Entities") and Penny Sandhu, by and through their attorney, Paul Batista, P.C., for their Answer and Affirmative Defenses to the Amended Complaint ("AC"), respectfully allege as follows:[1]

1. Defendants deny knowledge or information sufficient to form a belief as to truth of the allegations of ¶¶ 2 and 3 of the AC.

2. Defendants deny each and every allegation of ¶¶ 6, 7, 8, and 9 of the AC.

3. Defendants deny each and every allegation of ¶ 10 of the AC.

---

[1] This Court (Hon. I. Leo Glasser, *Senior U.S.D.J*) determined by orders (1) filed 12/23/19 (Doc. No. 53), (ii) filed 1/22/20 (Doc. No. 57), and (ii) filed 1/23/20 (Doc. No. 59) that defendants were not required to file their responsive pleading until March 13, 2020. Regrettably, plaintiff's attorney, who is a New Jersey lawyer admitted *pro hac vice* in this action, has insisted on the immediate service of this Answer and Affirmative Defenses. Defendants retain their right, as permitted by this Court's orders and Fed. R. Civ. P. 12, to move to dismiss on the schedule set forth by this Court in the prior orders.

4. Defendants deny knowledge or information sufficient to form a belief as to as to the truth of the allegations of ¶11 of the AC.

5. Defendants deny each and every allegation of ¶¶12 and 13 of the AC.

6. Defendants deny each and every allegation of ¶14 of the AC.

7. Defendants deny each and every allegation of ¶15 of the AC.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶16 of the AC.

9. Defendants deny the truth of each and every allegation of ¶17 of the AC.

10. Defendants deny the truth of each and every allegation of ¶18 and 19 of the AC.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 20 of the AC.

12. Defendants deny the truth of each and every allegation of ¶¶21, 22, and 23 of the AC.

13. Defendants deny each and every allegation of ¶¶24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 (except for the statement in ¶35 that "Gill paid a $20,000 retainer to Batista" since upon information and belief the $20,000 retainer represented funds belonging to one or more of the Jus Punjabi Entities), 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49 of the AC.

14. State that the email exchanges depicted in ¶¶50, 51, 52 and 53 of the AC were conceived, initiated and procured by plaintiff because, upon information and belief, he claimed he faced tax issues for himself and/or his other businesses that the email exchanges he fabricated could solve or alleviate his tax issues.

15. Defendants deny each and every allegation of ¶¶54, 55, 56, 57, 58, 60, 61, 62, 63, 65, 66, 67, 69, 70, 71, 73, 75, 76, 77, 78, 80, 81, 82, 84, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 97, 98, 99, 100, 101, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 144, 145, 146, 147, 148, 149, 151, 152, 153, and 154 of the AC.

### FIRST AFFIRMATIVE DEFENSE

16. The AC fails to state any claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred and precluded in whole or in part by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

19. The AC should be dismissed in full because it violates the pleading standards of Fed. R. Civ. P. 8 mandating a short, plain and concise statement of facts.

### FIFTH AFFIRMATIVE DEFENSE

20. The AC is barred in full for violation of the pleading standards of Fed. R. Civ. P. 9(b).

### SIX AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

22. The AC should, pursuant to Fed. R. Civ. P. 12(c), be dismissed as a consequence of judgment on the pleadings.

DATED: New York, New York
February 7, 2020

                         PAUL BATISTA, P.C

                         By: _____
                         Paul Batista
                         Attorney for Defendants
                            Jus Broadcasting Corp.,
                            Jus Punjabi, LLC, Jus One Corp.,
                            Jus Broadcasting Corp. PVT Ltd.
                            and Penny Sandhu
                         26 Broadway, Suite 1900
                         New York, New York 10004
                         (631) 377-0111 (T)
                         Batista007@aol.com

To: LAW OFFICES
     OF ALAN R. ACKERMAN
     1719 NJ-10 Suite 106
     Parsippany, New Jersey 07054
     (973) 898-1177
     araesq@alanackermanlaw.com


     CLERK OF THE COURT

4