
# LAW OFFICES OF
# ALAN R. ACKERMAN

June 29, 2020

**<u>Via ECF</u>**
Honorable Peggy Kuo, U.S.M.J.
U.S. District Court Eastern District of New York
U.S. Courthouse
Room 1207S
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   *Gill v. Jus Broadcasting Corp. et al.*
> *Case No. 1:19-cv-4216 (ILG)(PK)*

Dear Magistrate Judge Kuo:

This Letter Memorandum is issued in support of Plaintiff's Application to compel Defendants' accountant, Niranjan B. Bapat, CPA, to comply with the validly-issued Subpoena for him to produce all financial records in his possession pertaining to Defendants, as more fully set forth in the Subpoena.

Initially, it is to be noted that the Defendants and Mr. Bapat waived their opportunity to challenge the Subpoena. Fed. R. Civ. P. 45(d)(2)(B), entitled "Objections", requires the recipient of the Subpoena to object within 14 days after the Subpoena is served. No objection was received by either Bapat or the Defendant entities. Additionally, Fed. R. Civ. P. 45(d)(3)(A) requires a party or Bapat to file a motion for the Court to adjudicate the objection. Neither Bapat nor the Defendants can simply refuse to comply by taking no action. Therefore, all defenses are waived.

---

Alan R. Ackerman, Esq.                    T. (973) 898-1177              araesq@alanackermanlaw.com
Counsellor at Law                          F. (973) 898-1230              1719 Route 10 East, Suite 106
Admitted NJ, NJ District Court                                            Parsippany, NJ 07054
3rd Cir. Court of Appeals

Honorable Peggy Kuo, U.S.M.J.
June 29, 2020
Page 2

Aside from the procedural failure of Defendants and Bapat to comply, substantively, there is no privilege which attaches to tax returns of an entity.  As set forth in *Hawkins v. Med Approach Holdings, Inc., et al.*, 326 F.R.D. 391 (2018), the Court held that tax returns are not immune from civil discovery, citing *St. Regis Paper Co. v. United States*, 368 U.S. 208 (1961).  However, the Court requires the party requesting the documentation to meet a two-prong test.  Initially, the Court must find that the returns are relevant to the subject matter of the case, and secondly, there is a compelling need for the returns because the information contained is not otherwise available, citing *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp.3d 4 (SDNY 2015).

Without question, the tax returns are relevant because they document the advances by Plaintiff to the Defendant entities will show either an investment or a loan.  If they are gifts, then the Defendants will have paid gift tax returns because of the amount of the transfers.  The Complaint clearly sets forth that the cause of action is entirely dependent upon the accountant producing his notes, back statements, ledgers, journals, and tax returns.  *Hawkins* further states that the Defendants must show that there is an alternative source to obtain the information.  Defendants have not come forward with any information, nor can they, because these documents represent the accountant's records and notes used contemporaneously with the filing of the returns for the Defendant entities throughout the years.  There is no legal basis for the Defendants to object to an order compelling Bapat to comply with the Subpoena.

There is no inherent privilege which automatically attaches to personal or corporate tax returns. Neither the defendants nor their accountant claims any fifth amendment privilege against self-incrimination against the production of records by one's accountant,  *Couch v. United States*, 1973, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548, 503 F.2d at 1035.  See also *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). "Nor can the accountant himself claim a Fifth Amendment privilege for a copy of a document whose original he voluntarily prepared and

Honorable Peggy Kuo, U.S.M.J.
June 29, 2020
Page 3

forwarded to the Internal Revenue Service." *Maggio v. Hynes*, 423 F.Supp. 144, 146 (D.C.N.Y.

1976).

Taxes are relevant. Two prongs test applies to such request for production—relevancy and

"compelling need therefor because the information contained therein is not otherwise readily

obtainable." *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482 (S.D.N.Y. 1964) (the "Cooper Rule)/.

This—"relevance and need—is reiterated in subsequent cases such as *Smith v. Bader*, 83 F.R.D.

437, 438 (S.D.N.Y. 1979) (Sweet, J.), and *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547

(S.D.N.Y. 1985) (Edelstein, *J.*)". *Shanshan Shao v. Beta Pharma, Inc.,* 2017 WL 1752932, at *2

(D.Conn., 2017). "The *probative value* of the **tax returns** required to be produced—that is to say,

their *relevance*—lay in the ability of these documents to shed a light upon relationships,

responsibilities and liabilities between the corporations and individuals involved in the litigation.

That is what is involved in the case at bar." Id.  The case would land up summarily decided upon

the production of the tax returns. The tax returns would summarize evidence supporting the

disposition of the claims. See also, *Sadofsky v. Fiesta Prods., LLC,* 252 F.R.D. 143, 149

(E.D.N.Y.2008)

For the foregoing reasons, it is respectfully requested that this Court issue an Order

compelling Naranjan B. Bapat, CPA to comply with the validly-issued Subpoena served upon him

for Defendants' records in his possession as requested pursuant to the Subpoena.

Respectfully yours,

LAW OFFICES OF ALAN R. ACKERMAN

ARA/bc                                        BY:    ALAN R. ACKERMAN, ESQ.

cc:    Kashmir Gill
       Paul Batista, Esq.
       Rita Dave, Esq