

# LAW OFFICES OF
# ALAN R. ACKERMAN

July 9, 2020

*Via ECF*
Honorable I. Leo Glasser, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 921S
Brooklyn, NY 11201

>        Re:    ***Kashmir Gill v. Jus Broadcasting Corp., et al.***
>               ***Case No. 1:19-cv-04216 (ILG) (PK)***

Dear Judge Glasser:

This matter involves Plaintiff's attempt to recover in excess of $2 million which he transferred to Penny Sandhu or the Defendant entities, and to compel Defendants to either repay these funds or acknowledge Plaintiff's investment in the Defendant entities, which was the purpose of the transfers.

I am surprised by Mr. Batista's letter to you requesting a briefing schedule to file motions to dismiss Plaintiff's Complaints and the dates of his briefing schedule pursuant to Federal Rule of Civil Procedure 56 and 12(c).

Early this year, Mr. Batista requested the same relief. Your Honor granted the relief and ordered Mr. Batista to file his motions on or before March 13, 2020 [Docket Entry 59]. That date came and went without Mr. Batista filing the promises motions. He has waived his right. Simultaneously, the parties entered into a Proposed Discovery Plan dated December 12, 2019 [Docket Entry 50]. Plaintiff complied with the Discovery Order and propounded all discovery upon Defendants. Plaintiff granted two extensions to Defendants because of Mr. Batista's personal issues and Covid-19 reasons. Defendants have dragged its feet on discovery.

In early May, Plaintiff subpoenaed all financial records in possession of Defendants' accountant, Niranjan B. Bapat, CPA. The Subpoena was returnable on May 20, 2020. Defendant Sandhu instructed Mr. Bapat to ignore the subpoena, claiming that Mr. Batista would "handle it." Simultaneously, Defendants filed what can best be described as a poor attempt to answer

---

Alan R. Ackerman, Esq.                      T. (973) 898-1177                araesq@alanackermanlaw.com
Counsellor at Law                           F. (973) 898-1230                1719 Route 10 East, Suite 104
Admitted NJ, NJ District Court                                              Parsippany, NJ 07054
3rd Cir. Court of Appeals

Honorable I. Leo Glasser, U.S.D.J.
July 9, 2020
Page 2

Interrogatories.  The Answers provided absolutely no information concerning the allegations in this Complaint.  As a result of Defendants' deliberate attempts to stall this litigation, and its refusal to engage in meaningful discovery, I filed two motions, to compel Mr. Bapat to comply with the Subpoena previously served [Docket Entry 75] and to compel more specific Answers to Interrogatories and Demand for the Production of Documents [Docket Entry 76].  Upon receipt of the motions, Judge Kuo scheduled a conference to discuss the efficacy of these motions and any defense which could possibly be asserted.  The conference was held yesterday at 11:00 a.m.  The Judge Ordered that Mr. Bapat must comply with the Subpoena and release all of the documents requested therein. The document exchange will be governed by the terms of a Confidentiality Order which I will prepare.  The second Motion, to compel more specific Answers to Plaintiff's Interrogatories and Document Demand, was met with stiff resistance from Mr. Batista.  Despite the fact that Defendants have not filed any objections to Plaintiff's discovery requests, the Court allowed Mr. Batista until July 22 to file written opposition to this Motion which is due by this Friday.

Mr. Batista argued that he cannot meet this deadline because he has to file an Appellate Brief in the matter of *Entretelas Americanas SA v. Soler*.  The Brief is due on July 20, 2020.  In his most recent email he stated, "It is a big project and has taken up most of my time since I received your two motions earlier this month and will continue to do so until July 19 and July 20."  Mr. Batista, again, stated to Judge Kuo that his obligation to file this Brief prohibits him from answering Plaintiff's discovery.  He requested an extension until July 30, 2020.  Judge Kuo granted Mr. Batista an extension until July 22, 2020 urging both counsel to continue to work toward a resolution of the discovery issues.

Since Mr. Batista is duty-bound to finalize his Appellate Brief by July 20th, and file his objection to Plaintiff's Motion by July 22, 2020, I find his request to now start to prepare and file a Brief to dismiss Plaintiff's Complaint to be a disingenuous attempt to avoid focusing on Plaintiff's discovery demand as instructed by Judge Kuo.

Aside from the fact that Mr. Batista's request to file these motions is well out of time and will most likely be denied (without prejudice at best) pending completion of discovery, I would request that the Court instruct Mr. Batista to focus on providing responses to Plaintiff's discovery demands and deny his request to file any Briefs until all fact and expert discovery has been completed.  Mr. Batista's Motion pursuant to R. 56 is a substantive Motion and is premature until discovery is completed.  His claim that Plaintiff's Complaint fails to set forth a cause of action on any one of the Twelve Counts in the Amended Complaint is ridiculous.  Although R. 12(c) allows a party to file a motion to dismiss at any time prior to trial, case law holds that the Court will look beyond the 4 corners of the complaint to all discovery which has occurred and treat the motion as one for summary judgment.

The Court should defer the filing of any further motions by Defendants until all fact Discovery and expert reports (and depositions) have been completed. I am requesting that Your

Honorable I. Leo Glasser, U.S.D.J.
July 9, 2020
Page 3

Honor instruct the Defendants' counsel to focus on complying with Plaintiff's discovery demand rather than forcing the parties to expend and waste thousands of dollars in attorney's fees on Mr. Batista's foolhardy attempt to escape an eventual Judgment which will be entered against his clients, who do not deny receiving any of the monies transferred by Plaintiff.

Very truly yours,

LAW OFFICES OF ALAN R. ACKERMAN

BY:    ALAN R. ACKERMAN, ESQ.

ARA/bc

cc:    Kashmir Gill
       Paul Batista, Esq.