

# LAW OFFICES OF
# ALAN R. ACKERMAN

July 24, 2020

<u>Via ECF</u>
Honorable Peggy Kuo, U.S.M.J.
U.S. District Court Eastern District of New York
U.S. Courthouse
Room 1207S
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Gill v. Jus Broadcasting Corp. et al.*
    Case No. 1:19-cv-4216 (ILG)(PK)

Dear Magistrate Judge Kuo:

  This correspondence is submitted in further support of Plaintiff's Motion to Compel Defendants to provide more specific answers to Plaintiff's Interrogatories and Document Demand [Docket Entry 76] and opposition to compel Plaintiff to Produce Documents [Docket Entry 83].

  On July 8, the Court ordered Defendants to file any opposition to Plaintiff's aforementioned Motion by July 22, 2020. Defendants filed no opposition. I am requesting that the Court enter an Order granting Plaintiff's Motion and compelling Defendants to provide more specific answers to Interrogatories and responses to Plaintiff's Document Demand as requested in its Motion filed on June 29, 2020 [Docket Entry 76].

  Defendants filed a motion to compel Plaintiff to respond to its Document Demand, which was propounded on June 11, 2020. Mr. Batista, in his Certification, references certain emails between us purporting to show that I did not want to take the time to discuss my Interrogatory Demands. The email of July 21, 2020, which is used to buttress Defendants' claim does not state that I refused to engage Mr. Batista in a substantive conversation. Rather, it accurately states that Mr. Batista made no attempt to me until Tuesday, July 21st and I was unavailable.

  Mr. Batista conveniently omits the prior history of Plaintiff's attempt to compel Defendants to file substantive responses to Plaintiff's discovery demands which are articulated in Plaintiff's pending discovery Motion. The Court's attention is directed to my letter to Mr. Batista dated May 13, 2020, delineating my request from more specific answers for each of the 22 Interrogatories which Defendants refused to answer. This letter is annexed as Exhibit G to my Declaration, and has been referenced in

Alan R. Ackerman, Esq.       T. (973) 898-1177       araesq@alanackermanlaw.com
Counsellor at Law         F. (973) 898-1230       1719 Route 10 East, Suite 104
Admitted NJ, NJ District Court                   Parsippany, NJ 07054
3rd Cir. Court of Appeals

Honorable Peggy Kuo, U.S.M.J.
July 24, 2020
Page 2

each of our court conferences and in my private conversations with Mr. Batista since that time. Every time Mr. Batista and I speak, I tell him to refer to the May 13th letter. The Interrogatories seek specific answers and require specific objections by him instead of "canned" general objections which are set forth in the Answers.

Plaintiff's Document Demands are targeted toward specific areas which are delineated in each question. The only documents which Plaintiff received were a series of emails from Penny Sandhu to Kashmir Gill. Defendants did not produce one financial document. It did not produce any of its bank statements, journals, ledgers, tax returns, its I.T. providers, the location of its servers, information concerning how to access Defendants' archived website data, correspondence or copies of emails generated by Kashmir Gill while he had an email address at the Defendant entities. I can only conclude that the Defendants have deleted his email and destroyed financial documents or steadfastly refuse to produce them.

Defendants have no affirmative claim against Kashmir Gill. They have not filed a counterclaim nor an affirmative defense asserting any financial claim or wrongdoing by him other than the vague allegations set forth in Defendants' Interrogatory Answers. Despite Defendants' lack of cognizable claim, it demands federal and state income tax returns filed by Plaintiff since 2011. There is no basis for Defendants to request Plaintiff's federal and state tax returns. It has not asserted any claim. The majority of the remaining 10 Document Demands are unduly broad and burdensome, and are not focused toward the allegations contained in the Complaint nor Defendants' Answer and Separate Defenses.

For example, Document Demand #2 requests all documents, including communication, sent by Plaintiff to any person who is affiliated with the Defendants. Aside from the ambiguous nature of this question, the Defendants are asking for any and all correspondence from Plaintiff for the past 11 years without regard to the subject matter. Document Demand # 3 seeks identical documents received by Plaintiff from Defendant Sandhu or any of the other Defendants without regard to the subject matter for the past 11 years. Document Demand #5 seeks all documents "to anyone regarding the JUS Defendants since 2011." There is no focus to this request.

The balance of the 10 Demands for Documents appear to be legitimately focused toward the allegations in the Complaint or issues involving this litigation and will be answered in due course.

Plaintiff objects to Defendants' litigation tactic. It demands that Plaintiff produce documents while refusing to produce any of the documents originally requested in February 2020. As is customary, the Defendant should produce the documents which are 5 months overdue followed by Plaintiff whose document demand is 14 days overdue.

Finally, I wish address Defendants' demand to take Plaintiff's deposition on August 10th. I am requesting the Court stay all depositions until paper discovery has been completed. It is my concern that Defendants will ask Plaintiff questions about documents which Defendants have not produced and Plaintiff has not seen. I do not wish to sit through a non-productive deposition which will be nothing more than a fishing expedition.

I again request that the Court grant Plaintiff's Motion to Compel More Specific Interrogatory Answers and Compliance with its Document Demand as unopposed. I look forward to discussing the balance of these issues on August 6, 2020.

Honorable Peggy Kuo, U.S.M.J.
July 24, 2020
Page 3

      Thank you for the Court's attention to this matter.

                                      Respectfully yours,

                                      LAW OFFICES OF ALAN R. ACKERMAN

ARA/st                                        BY:    ALAN R. ACKERMAN, ESQ.

cc:      Kashmir Gill
         Paul Batista, Esq.