UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

KASHMIR GILL,                                       :

          Plaintiff,                                :

  – against –                                          :

JUS BROADCASTING CORP.;                    :
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP. PVT LTD;    :
and PENNY SANDHU,

          Defendants.                               :

                                                               :

-------------------------------------------------------- x

Case No. 1:19-cv-04216 (ILG) (PK)

## DECLARATION OF PAUL BATISTA IN OPPOSITION TO "PLAINTIFFS' [sic] NOTICE OF MOTION FOR MORE SPECIFIC ANSWERS TO INTERROGATORIES AND RESPONSES TO DOCUMENT DEMANDS"

     1.     I was admitted to practice in this Court in 1975. I represent defendants JUS Broadcasting Corp., JUS Punjabi, LLC, JUS One Corp., JUS Broadcasting Corp PVT Ltd (collectively, the "JUS Entities") and defendant Penny Sandhu. I submit this declaration in opposition to the motion entitled "Plaintiffs' [sic] Notice of Motion for More Specific Answers to Interrogatories and Responses to Document Demands" (the "Motion"). Except as otherwise specifically indicated, I have personal knowledge of the facts set forth in this declaration.

### Introduction and Summary

     2.     For the reasons described at greater length in defendants' accompanying legal memorandum, the Motion, as currently framed, should be denied. Among other things, this Court has already directed defendants' accountant to comply with plaintiff's non-party subpoena for all defendants' confidential financial documents, and the Court in addition has entered a confidentiality order which, if plaintiff Kashmir Gill ("Gill") and his attorney, Alan R. Ackerman,

a New Jersey attorney admitted *pro hac vice*, adhere to the order will protect the confidentiality of defendants' financial information.

<u>**Supplemental Interrogatory Responses**</u>

   3.  Although defendants continue to view their original interrogatory responses as adequate and well-grounded (*see* annexed Exhibit 1) – just as they view their production of almost 1,000 pages of documents as adequate and well-grounded – defendants under Fed. R. Civ. P. 26 are exercising their right to supplement certain of their existing interrogatories responses. Annexed as Exhibit 2 is a copy of the supplemental response.

   4.  To the extent that responses to specific interrogatories have not been subject to supplementation, the more detailed accompanying legal memorandum will provide the reasons for the preservation of the initial response.

   5.  While respectfully referring the Court to defendants' accompanying legal memorandum for greater detail, I emphasize several germane overriding factors:

     *First*, Gill's interrogatories are patently excessive, not to mention objectionable in many respects as detailed more fully in the accompanying legal memorandum. More specifically, Gill's interrogatories are misleadingly numbered 1 through 24 but in fact they contain multiple subparts so that Gill has by the use of 38 subparts posed 62 interrogatory questions.

     *Second*, Gill and Ackerman have entirely neglected to provide any discovery information whatsoever. For example, defendants have had to move to compel the production of documents since, despite defendants' service of a document demand in early June 2020, Gill and Ackerman have refused to produce a single document. Similarly, Gill and Ackerman have

made it clear that Gill will not appear for a duly noticed deposition in August 2020.

6.      Although Gill and Ackerman plainly believe otherwise, federal pretrial discovery is not a one-way road which *they* control at their own whim. Gill and Ackerman commenced this litigation in January 2019 by filing a complaint in the United States District Court for the District of New Jersey. That complaint contained, among other things, bogus claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961 *et. seq.*[1] The action, as a result of my motion, was transferred by United States District Judge Wolfson from the District of New Jersey to this District.

7.      Thus, in the almost two and one half years in which this case has been pending, Gill and Ackerman have provided no discovery whatsoever. In effect, the only "information" defendants have from Gill and Ackerman is a prolix, frequently ungrammatical, and unspecific complaint consisting of almost 200 paragraphs.

### Conclusion

8.      For the foregoing reasons, and for the reasons set forth in defendants' accompanying memorandum, plaintiff's Motion should be denied in its entirety.

Dated: New York, New York
       August 3, 2020

                                        _____
                                        PAUL BATISTA

---

[1] After I made it clear to Ackerman and Gill that I would seek sanctions under Fed. R. Civ. P. 11 if the frivolous RICO counts were not withdrawn, the original complaint was amended by the withdrawal of the RICO counts.

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------- x

KASHMIR GILL,                                    :

        Plaintiff,                            :           Case No. 1:19-cv-04216 (ILG) (PK)

  – against –                                   :

JUS BROADCASTING CORP.;                          :
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP. PVT LTD;                  :
and PENNY SANDHU,

        Defendants.                           :

-------------------------------------------------- x

## DEFENDANTS' RESPONSE TO PLAINTIFF'S INTERROGATIRIES

Pursuant to Fed. R. Civ. P. 26 and 33, defendants JUS Broadcasting Corp. ("JUS Broadcasting"), JUS Punjabi, LLC ("JUS LLC"), JUS One Corp. ("JUS One"), and JUS Broadcasting Corp. PVT Ltd. ("JUS PVT") (collectively, the "Jus Punjabi Entities") and Penny Sandhu, by and through their attorney, Paul Batista, P.C., for their response to plaintiff's "Interrogatories" respectfully respond as follows:

### Preliminary Statement

Beginning in January and February 2020, concerns about the coronavirus pandemic began to sweep the world, and continue to this day. On March 13, 2020, President Donald J. Trump declared the Covid-19 pandemic a national emergency under the Stafford Act (PL 100-707). As early as March 13, 2020, the office suite in which the JUS Punjabi Entities' attorney has shared office space for more than 20 years, Schlam Stone & Dolan LLP, was closed and still remains closed and is vacant.

1

In accordance with various government protocols, counsel to the JUS Punjabi Entities and his family have continued to remain in self-quarantine in order, in part, to address health issues in counsel's household.

For these unique and urgent reasons, there have been unavoidable complications in connection with this "Defendants' Response to Plaintiff's Interrogatories." If, and when, as the world emerges from the pandemic, further information emerges that may or may not be responsive, the JUS Punjabi Entities will exercise their right under Fed. R. Civ. 26 and 33 to supplement, modify or correct this Response.

An independent complicating issue has arisen since January-February 2020 as a result of the pandemic. Ms. Sandhu, the defendant who owns and is in complete control of the entity defendants, was until mid-April 2020 confined to California. It is Ms. Sandhu who has virtually all knowledge and information that might be responsive to any specific interrogatory which, subject to any general or specific objection, might be susceptible to an answer. She remains in self-quarantine at her home in Nassau County, New York. The material which she has required is in the offices of the JUS Punjabi Entities in Long Island City, New York. (Moreover, as to the plaintiff's separate "First Request for Documents to Defendant," it is Ms. Sandhu who exercises complete control of documents, and they, too, are located principally in the JUS Punjabi Entities' offices in Long Island City.)

## General Objections

Defendants object to the Interrogatories' "Definitions" and "Instructions" on the grounds that they (1) exceed the scope of permissible "Definitions" and "Instructions" under the relevant Federal Rules  of Civil Procedure and the Local Civil Rules; (2) impermissibly expand the Local Rules applicable to the use of definitions and instructions; (3) are ambiguous; (4) are unduly burdensome and oppressive; (5) are not reasonably calculated to lead to the discovery of admissible evidence; and (6) are calculated to harass, burden and annoy the JUS Punjabi Entities and Ms. Sandhu.

## Specific Responses

**INTERROGATORY NO. 1:**     Identify all persons who have, claim to have, or who you believe may have knowledge, documents, or information relating to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action.

**OBJECTION TO INTERROGATORY NO. 1:** Defendants object to this Interrogatory on the grounds that, as framed, (1) it is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed since, *inter alia*, it is inconceivable that defendants could ever have information as to anyone who "claim[s]" to have "knowledge, documents, or information" of events. Defendants stress that the purpose of "Interrogatories" is to elicit *facts*, not guesses, suppositions, or speculation.

**RESPONSE TO INTERROGATORY NO. 1:** Subject to the foregoing Objections:

- Plaintiff Kashmir Gill;
- Ron Bapat;
- Penny K. Sandhu;
- Bikram Gill;
- Bindu Gill; and
- Karam Dahiya.

3

**INTERROGATORY NO. 2:**     Describe in detail the nature and substance of the knowledge, documents, or information that you believe the person(s) identified in response to Interrogatory No. 1 may have.

**OBJECTION TO INTERROGATORY NO. 2:** Defendants object to Interrogatory No. 2 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it purports to require defendants to engage in guesswork and speculation. *See also* the Objection to Interrogatory No. 1, *supra*.

**INTERROGATORY NO. 3:** Identify all persons with whom you have had any communication about the Plaintiff's allegations that he is or is not a partner or loaned or advanced monies to you on behalf of the Defendant Entities.

**OBJECTION TO INTERROGATORY NO. 3:** Defendants object to Interrogatory No. 3 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 3:** Subject to the foregoing Objections:

- Plaintiff Kashmir Gill, with the caveat that Gill's allegations that he is a "partner" of Ms. Sandhu or "loaned or advanced monies" are Gill's fictionalized view of the facts.

**INTERROGATORY NO. 4:** Set forth all facts which support your contention in the 2nd Affirmative Defense that plaintiff's claims are barred by the Statute of Limitations.

**OBJECTION TO INTERROGATORY NO. 4:** Defendants object to Interrogatory No. 4 on the grounds that, as framed, it calls for legal conclusions, not facts.

**RESPONSE TO INTERROGATORY NO. 4:** Subject to the foregoing Objections, plaintiff Gill voluntarily elected over a period of many years beginning in or about 2011 to extend non-refundable gifts and contributions of cash and funds to defendants for his own illicit purposes. None of those gifts and contributions was evidenced by any purchase-and-sale agreement, any

4

security interest, or any loan document, stock certificate, written contract or membership agreement, or any legally cognizable basis conferring on plaintiff (i) any right to insist on the return of the gifts and contributions or (ii) to advance any of his fraudulent claims to any ownership, equity or other interest in the JUS Punjabi Entities or their assets. Rather, Gill's transfers were gratuitous gifts or contributions by which plaintiff, a married man, intended to sexually harass, manipulate and control Ms. Sandhu over extended periods of time.

**INTERRORAGORY NO. 5:** Describe in detail all facts supporting your contention that Plaintiff is not and has never been a partner or did not advance or loan any money to you, as set forth in the Amended Complaint.

**OBJECTION TO INTERROGATORY NO. 5:** Defendants object to Interrogatory No. 5 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 5:** Subject to the foregoing Objection, plaintiff (i) never obtained any cognizable ownership interest in any one of the JUS Punjabi Entities, (ii) never was given a legally cognizable document embodying or evidencing any ownership interest in any one or all of the JUS Punjabi Entities, (iii) never received a promise, suggestion or legally cognizable proposal that he was ever a partner or would become a partner, limited partner or owner of any one or all of the JUS Punjabi Entities or their assets.

Moreover, plaintiff never loaned or advanced funds to purchase or acquire or otherwise obtain any legally enforceable interest in the JUS Punjabi Entities or any property interest, tangible or intangible, in the JUS Punjabi Entities or their tangible or intangible possessions, including, without limitation, their intellectual property. Plaintiff, despite the fact that he is a married man, voluntarily made non-refundable gifts and contributions to Ms. Sandhu over a period of more than seven years in an effort to advance Gill's sexual harassment and manipulation of Ms. Sandhu.

**INTERROGATORY NO. 6:** Identify all chat rooms, blogs, online forums, or social media or networking websites, applications, services, software, or platforms (including but not limited to those involving video sharing, photograph sharing, blogging, messaging, or ephemeral messaging) on which you have posted, sent, or received content (including but not limited to photographs, videos, messages, comments, or "likes") relating to Kashmir Gill or any activity undertaken by him on behalf of the defendant entities as set forth in the Amended Complaint. For each item you identify, list:

    a. The name of the website, application, service, software, or platform.

    b. If applicable, the website address.

    c. The name(s) of the account holder(s).

    d. The user name(s) or handle(s) for the account.

    e. The mail address(es) associated with the account, if any.

**OBJECTION TO INTERROGATORY NO. 6:** Defendants object to Interrogatory No. 6 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is incomprehensible, and (5) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 6:**   Subject to the foregoing Objection, defendants never made use of any medium mentioning or depicting Gill as having any role, function, or any activity relating to, or for the benefit of, or on behalf of, the JUS Punjabi Entitiesor Ms. Sandhu.

**INTERROGATORY NO. 7:** Set forth any and all changes in format, composition or text to the Jus broadcasting website which, in any way, relates to the inclusion or deletion of references to Plaintiff, his work or efforts on behalf of the Defendant Entities, describe [*sic*] in detail:

    a. Any changes you have made to the account or profile information in the last five years, including, but not limited to any change in any News & Press or Events on the Jus Broadcasting website.

b. All content that may have contained or generated data or information about Kashmir Gill, including but not limited to messages, photographs, videos, posts, comments, or "likes," that has been deleted or otherwise removed, whether manually or automatically, five years.

c. The automatic retention and/or automatic deletion settings in place on the account for content or data from 2010 through the present date.

d. Any circumstances in which content or data was manually deleted from the Jus Broadcasting Website from 2014 through the present date, including when and why the content or data was deleted.

**OBJECTION TO INTERROGATORY NO. 7:** Defendants object to Interrogatory No. 7 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is incomprehensible, and (6) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 7:** Subject to the foregoing Objections, defendants had no use for, and no reason to make use of, and did not make use of, data or information about Gill.

**INTERROGATORY NO. 8.** Identify all workplace collaboration severs [*sic*] and/or cloud based storage or tools or ephemeral messaging applications, and all associated data and metadata that you use that contain, may have contained, or may generate data or information about Plaintiff. For each too you identify, list:

a. The name(s) of the account holder(s) for any account that contains, may have contained, or may generate data or information about Plaintiff, the monies which he transferred to the Defendant Entities or Sandhu, or any references to Plaintiff as an employee, advisor, officer or director of the Defendant Entities.

b. The user name(s) or handle(s) for any account associated with the tool that contains, may have contained, or may generate data or information about the Plaintiff.

c. The email address(es) used in connection with any account associated with the tool that contains, may have contained, or may generate data or information about Plaintiff.

d. The date on which you began using the tool that contains, may have contained, or may generate data or information about the Plaintiff.

e. A description of the automatic retention and/or automatic deletion settings in place for the tool from 2015 through the present date.

f. Any circumstances in which content or data was manually deleted from the tool from 2015 through the present date, including when and why the content or data was deleted.

**OBJECTION TO INTERROGATORY NO. 8:** Defendants object to Interrogatory No. 8 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is incomprehensible, and (6) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 8:** *See* the Response to Interrogatory Nos. 5, 6, and 7, *supra.* Among other things, Gill was never "an employee, advisor, officer or director" (*see* Interrogatory No. 8) of any of the JUS Punjabi Entities or of Ms. Sandhu.

**INTERROGATORY NO. 9:** Attached to these interrogatories as Exhibit A is a schedule of all monies paid by Kashmir Gill to Penny Sandhu, individually or in behalf of any of the Defendant Entities.

a. Do you acknowledging receiving any or all sums of money set forth on the attached schedule? If so, into which account was each of the transfers deposited? If not, identify each amount which Defendants claim was not received from Plaintiff.

b. Was each transfer of funds listed in any of the financial ledgers or records the Defendant Entities or Sandhu individually? If so, identify how each transfer was categorized.

**OBJECTION TO INTERROGATORY NO. 9:** Defendants object to Interrogatory No. 9 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 9:** Subject to the foregoing Objections, plaintiff Gill "paid" no money or funds to Ms. Sandhu or the JUS Punjabi Entities. Any transfer of cash or funds was a non-refundable gift or non-refundable contribution from Gill designed by him to sexually harass and manipulate Ms. Sandhu.

**INTERROGATORY NO. 10.** Did defendants execute any promissory notes evidencing any monies due and owner [*sic*] to Plaintiff? If so, set forth in the repayment terms of each promissory note and the interest rate.

**OBJECTION TO INTERROGATORY NO. 10:** Defendants object to Interrogatory No. 10 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed  and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 10:** Subject to the foregoing Objections, defendants never executed any promissory notes to Gill, who never suggested such notes because he knew that any funds at issue were not loans or financing; they were instead non-refundable gifts and contributions Gill voluntarily made for the purpose of sexually harassing and manipulating Ms. Sandhu.

**INTERROGATORY NO. 11.** Did any defendant repay any transfers of money or loans from Plaintiff? If so, set forth the date and amount of each payment and identify the loan for which the pay was tendered.

**OBJECTION TO INTERROGATORY NO. 11:** Defendants object to Interrogatory No. 11 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 11:** Subject to the foregoing Objection, no funds were transferred to Gill because any funds were non-refundable gifts and contributions designed by Gill to sexually harass and intimidate Ms. Sandhu.

**INTERROGATORY NO. 12:** For each payment tendered in the preceding interrogatory, date [*sic*] any defendant entity deduct the interest portion of the payments on its books and records. If so, attach a copy of any Form 1099 issued to Plaintiff documenting the portion of the payment representing interest on the loan.

**OBJECTION TO INTERROGATORY NO. 12:** Defendants object to Interrogatory No. 12 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed. *See* also the Objections to Interrogatories Nos. 6, 7, 8, 9, 10 and 11, *supra*.

**RESPONSE TO INTERROGATORY NO 12:** Subject to the foregoing Objections, *see* the Responses to Interrogatories 6, 7, 8, 9, 10, 11, and 12, *supra*.

**INTERROGATORY NO. 13.** Did any of the Defendant Entities or Sandhu have the financial ability to pay any of the loans from Plaintiff? If so, set forth, with accompanying financial records, [*sic*] of the Defendant Entities financial ability to repay any of the loans.

**OBJECTION TO INTERROGATORY NO. 13:** Defendants object to Interrogatory No. 13 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:** Did Plaintiff request repayment of its loans? If so, set forth all dates when Plaintiff requested repayment of the loan and Defendants' response. If in writing, attach a copy to these answers.

**OBJECTION TO INTERROGATORY NO. 14:** Defendants object to Interrogatory No. 14 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 14:** Subject to the foregoing Objection, *see* the Responses to Interrogatories Nos. 6, 7, 8, 9, 10, 11, 12 and 13, *supra*.

**INTERROGATORY NO. 15.** Did any of the Defendant Entities or Sandhu, or their authorized agents, servants or employees represent to Plaintiff that any or all transfers of money would be treated as an investment in any or all of the Defendant Entities? If so, when did Defendants or their authorized agents servants or employees express this statement to Plaintiff? If in writing, attach a copy to your answers to interrogatories, if oral, set forth the date of the statement, who was present and what was said by each person present.

**OBJECTION TO INTERROGATORY NO. 15:** Defendants object to Interrogatory No. 15 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 15:** Subject to the foregoing Objection, never, since defendants always made it clear to Gill that none of the non-refundable gifts and contributions he made would never be treated as an "investment" and were not "an investment" (*see* Interrogatory No. 15) in the JUS Punjabi Entities.

**INTERROGATORY NO. 16.** Did any of the Defendant Entities or Sandhu, or their authorized agents, servants or employees represent to Plaintiff that their attorneys were in the process or preparing legal documents setting forth that Plaintiff was a stockholder/member of any

or all of the Defendant Entities? If so, when did Defendants or their authorized agents, servants or employees express this statement to Plaintiff? If in writing, attach a copy to your answers to interrogatories. If oral, set forth the date of the statement, who was present and what was said by each person present.

**OBJECTION TO INTERROGATORY NO. 16:** Defendants object to Interrogatory No. 16 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 16:** *See* the Response to Interrogatory No. 15, *supra*.

**INTERROGATORY NO. 17.** If the answer to the preceding interrogatory is in the negative, did any of the defendant entities or Sandhu, or their authorized agents, servants or employees, represented [*sic*] to Plaintiff that any or all of the transfers of monies would be treated as loans and repaid in a timely fashion? If so, when did Defendants or their authorized agents, servants or employees express this statement to Plaintiff? If in writing, attach a copy to your answers to interrogatories. If oral, set forth the date of the statement, who was present and what was said by each person present.

**OBJECTION TO INTERROGATORY NO. 17:** Defendants object to Interrogatory No. 17 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 17:** *See* the Responses to Interrogatories No. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, *supra*.

**INTERROGATORY NO. 18.** Where [*sic*] any of the Defendant entities in a week [*sic*] fiscal financial condition as a result of which any or all of the Defendant Entities or Sandhu was

unable to repay the loans from Plaintiff?? If not, why did any of the Defendant Entities or Sandhu fail to repay the loans?

**OBJECTION TO INTERROGATORY NO. 18:** Defendants object to Interrogatory No. 18 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed,(5) it is not reasonably calculated to lead to the discovery of admissible evidence, and (6) it purports to require disclosure of highly confidential commercial information.

**RESPONSE TO INTERROGATORY NO. 18:** Subject to the foregoing Objection, Gill never made any "loans" (*see* Interrogatory No. 18) to defendants. *See also* the Responses to Interrogatories Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15,16, and 17, *supra*.

**INTERROGATORY NO. 19.** At paragraph 26 of the Amended Complaint, Plaintiff alleges that Defendant Sandhu wrote "**Partnership for life, 03/03/2013**" on a dollar bill and handed it to Plaintiff. Do you admit writing this phrase and handing it to Plaintiff? If so, what did you mean by the phrase and what was its significance?

**OBJECTION TO INTERROGATORY NO. 19:** Defendants object to Interrogatory No. 19 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 19:** Subject to the foregoing Objection, the handwriting had no meaning and no significance; it simply reflected Gill's relentless sexual harassment and manipulation of Ms. Sandhu.

**INTERROGATORY NO. 20:** At paragraph 50 of the Amended Complaint, plaintiff alleges that defendant Sandhu requested that Kashmir Gill write a short statement stating that his long-term debt on the books of Jus Punjabi LLC was converted to capital stock evidenced by a

stock certificate. Does defendant Sandhu acknowledge authoring that email and sending it to plaintiff? What was the significance of this request and to which entity did Defendant Sandhu direct that the statement be sent and for what purpose?

**OBJECTION TO INTERROGATORY NO. 20:** Defendants object to Interrogatory No. 20 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 20:** Subject to the foregoing Objection, it was Gill, not Ms. Sandhu, who made the request for the "statement" identified in Interrogatory No. 20 because Gill claimed he needed the statement to evade Gill's own tax obligations. This was yet another element of Gill's sustained sexual harassment, manipulation and exploitation of Ms. Sandhu. In any event, no stock conversion ever took place, no stock certificates were ever issued to Gill, and his demand for the "statement" was part of his own fraudulent scheme to evade his own tax obligations.

**INTERROGATORY NO. 21:** Set forth all damages sustained by any or all of the Defendant Entities and Sandhu arising from the filing of the within action by Plaintiff. Please itemize each element of said damages, how the amount was calculated.

**OBJECTION TO INTERROGATORY NO. 21:** Defendants object to Interrogatory No. 21 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 21:** Subject to the foregoing Objection, defendants have incurred many thousands of dollars, as yet undetermined, to contest Gill's and his counsel's frivolous, dilatory and baseless litigation. Severe damage has been inflicted on defendants in general by Gill, particularly his initial public assertion, which was totally frivolous,

that Ms. Sandhu was guilty of violations of the Racketeer Influenced and Corrupt Organizations Act, 28 U.S.C. §§ 1961 *et seq*.

**INTERROGATORY NO. 22.** Did any of the Defendant Entities apply for a secured or unsecured loan to any bank, private lender or financial institution? If so, was the loan approved? If not, why not? Identified and attach all financial records submitted it to said bank, private lender or financial institution.

**OBJECTION TO INTERROGATORY NO. 22:** Defendants object to Interrogatory No. 22 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is not reasonably calculated to lead to the discovery of admissible evidence, and (6) it purports to call for production of confidential commercial information.

**INTERROGATORY NO. 23.** Identify all persons who provided the knowledge, documents, or information used, reviewed, or referenced in answer these interrogatories.

**RESPONSE TO INTERROGATORY NO. 23:** Ms. Sandhu.

## DECLARATION

I, Penny Sandhu, state that I have read Plaintiff's First Set of Interrogatories and my responses to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct given the present state of defendants' knowledge.

I am managing member, President, Chief Executive Officer and controlling person of the JUS Punjabi Entities named as defendants. I have read the foregoing interrogatories and the responses to those interrogatories, which are true according to the best of my knowledge, information, and belief, based on information currently available to me and subject to the right to supplement preserved in the Federal Rules of Civil Procedure. I declare under penalty of perjury that the foregoing is true and correct.

_____
PENNY SANDHU

DATED: New York, New York
       May 6, 2020

PAUL BATISTA, P.C

*Statement as to Objections:*

By: _____
       Paul Batista
       Attorney for Defendants
           JUS Broadcasting Corp.,
           JUS Punjabi, LLC, JUS One Corp.,
           JUS Broadcasting Corp. PVT Ltd.
           and Penny Sandhu
       26 Broadway, Suite 1900
       New York, New York 10004
       (631) 377-0111 (T)
       Batista007@aol.com

16

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

KASHMIR GILL,                                          :

                                                       :     Case No. 1:19-cv-04216 (ILG) (PK)

                        Plaintiff,                     :

    – against –                                        :

JUS BROADCASTING CORP.;                                :
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP. PVT LTD;                        :
and PENNY SANDHU,

                                                       :

                        Defendants.

                                                       :

----------------------------------------------------------------x

## DEFENDANTS' SUPPLEMENTAL RESPONSE
## TO PLAINTIFF'S INTERROGATIRIES

Pursuant to Fed. R. Civ. P. 26 and 33, defendants JUS Broadcasting Corp. ("JUS Broadcasting"), JUS Punjabi, LLC ("JUS LLC"), JUS One Corp. ("JUS One"), and JUS Broadcasting Corp. PVT Ltd. ("JUS PVT") (collectively, the "Jus Punjabi Entities") and Penny Sandhu, by and through their attorney, Paul Batista, P.C., for their supplemental response to plaintiff's "Interrogatories" respectfully respond as follows:

### General Objections

Defendants object to the Interrogatories' "Definitions" and "Instructions" on the grounds that they (1) exceed the scope of permissible "Definitions" and "Instructions" under the relevant Federal Rules of Civil Procedure and the Local Civil Rules; (2) impermissibly expand the Local Rules applicable to the use of definitions and instructions; (3) are ambiguous; (4) are unduly burdensome and oppressive; (5) are not reasonably calculated to lead to the discovery of admissible evidence; and (6) are calculated to harass, burden and annoy the JUS Punjabi Entities and Ms. Sandhu by, among other things, inordinately increasing defendants' costs of litigation in view of the vastly larger financial resources of plaintiff Kashmir Gill ("Gill"), an owner and

executive of extensive oil distribution businesses based in New Jersey and elsewhere, compared to the resources of defendants.

**Specific Responses**

**INTERROGATORY NO. 1:**      Identify all persons who have, claim to have, or who you believe may have knowledge, documents, or information relating to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action.

**OBJECTION TO INTERROGATORY NO. 1:** Defendants object to this Interrogatory on the grounds that, as framed, (1) it is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed since, *inter alia*, it is inconceivable that defendants could ever have information as to anyone who "claim[s]" to have "knowledge, documents, or information" of events. Defendants stress that the purpose of "Interrogatories" is to elicit *facts*, not guesses, suppositions, or speculation.

**RESPONSE TO INTERROGATORY NO. 1:** Subject to the foregoing Objections:

- Plaintiff Gill;
- Ron Bapat;
- Penny K. Sandhu;
- Bikram Gill;
- Bindu Gill;
- Karam Dahiya; and
- Aashmeeta Yogiraj.

**INTERROGATORY NO. 2:**      Describe in detail the nature and substance of the knowledge, documents, or information that you believe the person(s) identified in response to Interrogatory No. 1 may have.

**OBJECTION TO INTERROGATORY NO. 2:** Defendants object to Interrogatory No. 2 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous,

2

(4) it is impossible to answer as framed, and (5) it purports to require defendants to engage in guesswork and speculation. *See also* the Objection to Interrogatory No. 1, *supra*.

## RESPONSE TO INTERROGATORY NO. 2:

1.     Plaintiff Gill met repeatedly, and repeatedly without invitation from Ms. Sandhu, with her from in or about 2010 through in or about 2018, when she learned for the first time that he had made a repeated practice of surreptitiously and without her permission recording their conversations. They had hundreds of discussions, none of which Ms. Sandhu recorded. They exchanged emails and electronic messages, all of which defendants have produced to the extent that they are in defendants' custody, possession and control, while Gill has produced no documents at all. Defendants do have possession of a conversation surreptitiously recorded by Gill on or about May 31, 2018 in which he states, among other things, "I swear, Penny, I love you," and "We made love together." (Ms. Sandhu denies the truth of Gill's statement that "[w]e made love together.")

2.     As to Ron Bapat ("Bapat"), he has served as the accountant to defendants *and* to Gill and entities Gill controls. Bapat, who either has produced or is in the process of producing defendants' confidential financial information pursuant to a non-party subpoena and Confidentiality Order, knows precisely what information defendants have provided to him.

3.     Ms. Sandhu, to the best of her present recollection, had so many conversations and communications with Gill, who was obsessively interested in all aspects of her life, that her only clear recollection is that she always rejected Gill's requests and suggestions that he be given an equity or partnership or any other type of proprietary interest in any of the JUS Entities.

4.     Bikram Gill is, upon information and belief, Gill's brother and business partner. Defendants have no reliable "knowledge" or "information" as to what, if anything, Bikram Gill may know other than that Gill had an obsessive interest in Ms. Sandhu.

5.     Bindu Gill is, upon information and belief, Gill's wife. Defendants have no basis for speculating as to what Bindu Gill may know about her husband's interest in Ms. Sandhu, except defendants believe Bindu Gill was aware of Ms. Sandhu's existence.

6.     Karam Dahiya ("Dahiya") is a New York lawyer who had frequent contact with Ms. Sandhu and Gill. Defendants have no reliable current information as to what knowledge or information Dahiya may possess, except that he has over the last several years from time to time exerted pressure on defendants to "settle" with Gill by capitulating to Gill's demands.

3

7.      Aashmeeta Yogiraj, who is Ms. Sandhu's daughter and an employee of the JUS Entities, has information that Ms. Sandhu never intended nor proposed to give Gill any ownership, equity or partnership interest in any of the JUS Entities.

**INTERROGATORY NO. 3:** Identify all persons with whom you have had any

communication about the Plaintiff's allegations that he is or is not a partner or loaned or advanced

monies to you on behalf of the Defendant Entities.

**OBJECTION TO INTERROGATORY NO. 3:** Defendants object to

Interrogatory No. 3 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3)

it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 3:** Subject to the foregoing

Objection, defendants state:

Gill has had communications with Ms. Sandhu regarding Gill's desire to become a "partner" of Ms. Sandhu. She has repeatedly made it clear that she would never consent to Gill's partnership demands.

In addition, Gill and Ms. Sandhu from in or about 2010 to 2017 communicated about Gill's transfers of funds to defendants and defendants' return of some of those funds and her wish to return additional funds, which Gill refused to accept.

Moreover, Ms. Sandhu has had confidential attorney-client communications with defendants' counsel regarding the subject to which Interrogatory No. 3 refers.

**INTERROGATORY NO. 4:** Set forth all facts which support your contention in the 2nd

Affirmative Defense that Plaintiff's claims are barred by the Statute of Limitations.

**OBJECTION TO INTERROGATORY NO. 4:** Defendants object to Interrogatory No.

4 on the grounds that, as framed, it calls for legal conclusions, not facts

**RESPONSE TO INTERROGATORY NO. 4:** Subject to the foregoing Objection, Gill voluntarily elected over a period of many years beginning in or about 2010 to extend non-refundable gifts and contributions of cash and funds to defendants for his own illicit purposes. None of those gifts and contributions was evidenced by any purchase-and-sale agreement, any security interest, or any loan document, stock certificate, written contract or membership agreement, or any legally cognizable basis

4

conferring on plaintiff (i) any right to insist on the return of the gifts and contributions or (ii) to advance any of his fraudulent claims to any ownership, equity or other interest in the JUS Punjabi Entities or their assets. Rather, Gill's transfers were gratuitous gifts or contributions by which plaintiff, a married man, intended to sexually harass, manipulate and control Ms. Sandhu over extended periods of time.

Moreover, defendants note that Gill's ambiguous complaint does not make precisely clear what causes of action he is advancing. Giving Gill's complaint the benefit of the doubt, his claims would appear to be controlled by the limitations period of six years for which CPLR §213 provides with respect to actions for which limitations periods are "not otherwise provided for, on contract, or based on fraud." Since Gill's action was not commenced until January 2019 in the District of New Jersey, the application of the CPLR precludes claims (to the extent Gill has any cognizable claims) that pre-date 6 years before January 2019.

**INTERRORAGORY NO. 5:** Describe in detail all facts supporting your contention that

Plaintiff is not and has never been a partner or did not advance or loan any money to you, as set

forth in the Amended Complaint.

**OBJECTION TO INTERROGATORY NO. 5:** Defendants object to Interrogatory No.

5 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous,

and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 5:** Subject to the foregoing Objection, plaintiff (i) never obtained any cognizable ownership interest in any one of the JUS Punjabi Entities, (ii) never was given a legally cognizable document embodying or evidencing any ownership interest in any one or all of the JUS Punjabi Entities, (iii) never received a promise, suggestion or legally cognizable proposal that he was ever a partner or would become a partner, limited partner or owner of any one or all of the JUS Punjabi Entities or their assets.

Moreover, plaintiff never loaned or advanced funds to purchase or acquire or otherwise obtain any legally enforceable interest in the JUS Punjabi Entities or any property interest, tangible or intangible, in the JUS Punjabi Entities or their tangible or intangible possessions, including, without limitation, their intellectual property. Plaintiff, despite the fact that he is a married man, voluntarily made non-refundable gifts and contributions to Ms. Sandhu over a period of more than seven years in an effort to advance Gill's sexual harassment and manipulation of Ms. Sandhu.

5

**INTERROGATORY NO. 6:** Identify all chat rooms, blogs, online forums, or social media or networking websites, applications, services, software, or platforms (including but not limited to those involving video sharing, photograph sharing, blogging, messaging, or ephemeral messaging) on which you have posted, sent, or received content (including but not limited to photographs, videos, messages, comments, or "likes") relating to Kashmir Gill or any activity undertaken by him on behalf of the defendant entities as set forth in the Amended Complaint. For each item you identify, list:

a. The name of the website, application, service, software, or platform.

b. If applicable, the website address.

c. The name(s) of the account holder(s).

d. The user name(s) or handle(s) for the account.

e. The mail address(es) associated with the account, if any.

**OBJECTION TO INTERROGATORY NO. 6:** Defendants object to Interrogatory No. 6 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is incomprehensible, and (5) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 6:**     Subject to the foregoing Objection, defendants never made use of any medium mentioning or depicting Gill as having any role, function, or any activity relating to, or for the benefit of, or on behalf of, the JUS Punjabi Entities or Ms. Sandhu.

**INTERROGATORY NO. 7:** Set forth any and all changes in format, composition or text to the Jus broadcasting website which, in any way, relates to the inclusion or deletion of references to Plaintiff, his work or efforts on behalf of the Defendant Entities, describe [*sic*] in detail:

a. Any changes you have made to the account or profile information in the last five years, including, but not limited to any change in any News & Press or Events on the Jus Broadcasting website.

6

b. The user name(s) or handle(s) for any account associated with the tool that contains, may have contained, or may generate data or information about the Plaintiff.

c. The email address(es) used in connection with any account associated with the tool that contains, may have contained, or may generate data or information about Plaintiff.

d. The date on which you began using the tool that contains, may have contained, or may generate data or information about the Plaintiff.

e. A description of the automatic retention and/or automatic deletion settings in place for the tool from 2015 through the present date.

f. Any circumstances in which content or data was manually deleted from the tool from 2015 through the present date, including when and why the content or data was deleted.

**OBJECTION TO INTERROGATORY NO. 8:** Defendants object to Interrogatory No. 8 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is incomprehensible, and (6) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 8:**

1.  Gill was never, contrary to the statement in Interrogatory No. 8, "an employee, advisor or officer" of the JUS Punjabi Entities.

2.  Defendants are unaware of, and have no available information regarding, "workplace collaboration severs [*sic*] and/or cloud-based storage or tools or ephemeral messaging applications and metadata that you use, [that] contain, may have contained or may generate data or information about [Gill].

3.  Nor do defendants have any information regarding any of the items to which subparts (a) through (f) of Interrogatory No. 8 refer.

**INTERROGATORY NO. 9:** Attached to these interrogatories as Exhibit A is a schedule of all monies paid by Kashmir Gill to Penny Sandhu, individually or in behalf of any of the Defendant Entities.

8

b. All content that may have contained or generated data or information about Kashmir Gill, including but not limited to messages, photographs, videos, posts, comments, or "likes," that has been deleted or otherwise removed, whether manually or automatically, five years.

c. The automatic retention and/or automatic deletion settings in place on the account for content or data from 2010 through the present date.

d. Any circumstances in which content or data was manually deleted from the Jus Broadcasting Website from 2014 through the present date, including when and why the content or data was deleted.

**OBJECTION TO INTERROGATORY NO. 7:** Defendants object to Interrogatory No. 7 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is incomprehensible, and (6) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 7:** Subject to the foregoing Objections, defendants had no use for, and no reason to make use of, and did not make use of, data or information about Gill.

**INTERROGATORY NO. 8.** Identify all workplace collaboration severs [*sic*] and/or cloud based storage or tools or ephemeral messaging applications, and all associated data and metadata that you use [that] contain, may have contained, or may generate data or information about Plaintiff. For each too you identify, list:

a. The name(s) of the account holder(s) for any account that contains, may have contained, or may generate data or information about Plaintiff, the monies which he transferred to the Defendant Entities or Sandhu, or any references to Plaintiff as an employee, advisor, officer or director of the Defendant Entities.

7

a. Do you acknowledging receiving any or all sums of money set forth on the attached schedule? If so, into which account was each of the transfers deposited? If not, identify each amount which Defendants claim was not received from Plaintiff.

b. Was each transfer of funds listed in any of the financial ledgers or records the Defendant Entities or Sandhu individually? If so, identify how each transfer was categorized.

**OBJECTION TO INTERROGATORY NO. 9:** Defendants object to Interrogatory No. 9 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 9:** Subject to the foregoing Objections, plaintiff Gill "paid" no money or funds to Ms. Sandhu or the JUS Punjabi Entities. Any transfer of cash or funds was a non-refundable gift or non-refundable contribution from Gill designed by him to sexually harass and manipulate Ms. Sandhu. In any event, and to the best of defendants' present knowledge, information and belief, the following monetary transactions took place:

| Date | Transfer |
|------|----------|
| 9/15/10 | $25,000 from or on behalf of Gill to defendants |
| 3/25/11 | $25,000 returned to Gill by defendants |
| 10/18/11 | $31,000 from Gill to defendants |
| 12/12/11 | $400,000 from Gill to defendants |
| 6/21/12 | $19,000 from Gill to defendants |
| 6/23/12 | $9,500 from Gill to defendants |
| 7/13/12 | $15,000 from Gill to defendants |
| 7/18/12 | $15,000 from Gill to defendants |
| 8/5/12 | $32,798 from Gill to defendants[1] |

---

[1] This entire amount was promptly refunded by defendants to Gill.

9

| 8/10/12 | $15,000 from Gill to defendants |
| 8/14/12 | $25,000 from Gill to defendants |
| 8/27/12 | $30,000 from Gill to defendants |
| 9/4/12 | $10,000 from Gill to defendants |
| 9/24/12 | $20,000 from Gill to defendants |
| 11/5/12 | $10,000 from Gill to defendants |
| 12/28/12 | $10,000 from Gill to defendants |
| 1/10/13 | $56,000 from Gill to defendants |
| 3/28/13 | $100,000 from Gill to defendants |
| 5/8/13 | $30,000 from Gill to defendants |
| 10/14/13 | $100,000 from Gill to defendants |
| 1/6/14 | $60,000 from Gill to defendants |
| 3/26/14 | $30,000 from Gill to defendants |
| 2/21/17 | $100,000 from Gill to defendants |
| 5/13/17 | $40,000 from Gill to defendants |
| 9/26/17 | $42,000 from Gill to defendants[2] |
| 12/1/17 | $20,000 from Gill to defendants[3] |

A total of $594,500 was transferred by Gill in cash and, to the best of defendants' knowledge, Gill, in violation of federal law, failed to file any Currency Transaction Reports.

---

[2] Defendants returned this amount to Gill in full in October 2017.

[3] This amount was returned by defendants to Gill on or about December 27, 2017.

**INTERROGATORY NO. 10.** Did defendants execute any promissory notes evidencing any monies due and owner [*sic*] to Plaintiff? If so, set forth in the repayment terms of each promissory note and the interest rate.

**RESPONSE TO INTERROGATORY NO. 10:** Defendants never executed any promissory notes to Gill, who never suggested such notes because he knew that any funds at issue were not loans or financing but that they were non-refundable gifts and contributions Gill voluntarily made for the purpose of harassing and manipulating Ms. Sandhu.

Moreover, there were occasions when Ms. Sandhu returned the gifts. There were other occasions when Ms. Sandhu volunteered to return more funds, and Gill refused to accept the funds.

**INTERROGATORY NO. 11.** Did any defendant repay any transfers of money or loans from Plaintiff? If so, set forth the date and amount of each payment and identify the loan for which the pay was tendered.

**RESPONSE TO INTERROGATORY NO. 11:** Without waiving their position that any and all funds transferred by Gill were non-refundable gifts or contributions, defendants voluntarily returned $25,000 to Gill on or about March 25, 2011; $32,798 to Gill on or about August 10, 2017; $32,000 to Gill on or about September 21,2017; $10,000 to Gill on or about September 26, 2017; $20,000 to Gill on or about December 1, 2017; $206,000 to Gill on or about April 10, 2014; $100,000 to Gill on or about April 10, 2014; and $44,000 to Gill on or about May 20, 2014.

**INTERROGATORY NO. 12:** For each payment tendered in the preceding interrogatory, date [*sic*] any defendant entity deduct the interest portion of the payments on its books and records. If so, attach a copy of any Form 1099 issued to Plaintiff documenting the portion of the payment representing interest on the loan.

**OBJECTION TO INTERROGATORY NO. 12:** Defendants object to Interrogatory No. 12 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous,

11

and (4) it is impossible to answer as framed. *See* also the Objections to Interrogatories Nos. 6, 7, 8, 9, 10 and 11, *supra*. Furthermore, defendants did not issue Forms 1099 to Gill

**RESPONSE TO INTERROGATORY NO. 12:** Subject to the foregoing Objections, the funds returned to Gill were for principal amounts only and did not include interest since there were no loans and no interest-bearing requirements. Furthermore, defendants did not issue Forms 1099 to Gill.to Interrogatory 11

**INTERROGATORY NO. 13.** Did any of the Defendant Entities or Sandhu have the financial ability to pay any of the loans from Plaintiff? If so, set forth, with accompanying financial records, [*sic*] of the Defendant Entities financial ability to repay any of the loans.

**OBJECTION TO INTERROGATORY NO. 13:** Defendants object to Interrogatory No. 13 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 13:** Subject to the foregoing Objection, defendants had the ability to return to Gill non-refundable gifts and contributions that are identified in the Supplemental responses to Interrogatories Nos. 9 and ll.

**INTERROGATORY NO. 14:** Did Plaintiff request repayment of its loans? If so, set forth all dates when Plaintiff requested repayment of the loan and Defendants' response. If in writing, attach a copy to these answers.

**OBJECTION TO INTERROGATORY NO. 14:** Defendants object to Interrogatory No. 14 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 14:** Subject to the foregoing Objection, defendant did not characterize any of his transfers as loans or investments. His first

mischaracterization of the funds as "loans" was at the time of the filing of this action in or about January 2019.

**INTERROGATORY NO. 15.** Did any of the Defendant Entities or Sandhu, or their authorized agents, servants or employees represent to Plaintiff that any or all transfers of money would be treated as an investment in any or all of the Defendant Entities? If so, when did Defendants or their authorized agents servants or employees express this statement to Plaintiff? If in writing, attach a copy to your answers to interrogatories, if oral, set forth the date of the statement, who was present and what was said by each person present.

**OBJECTION TO INTERROGATORY NO. 15:** Defendants object to Interrogatory No. 15 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 15:** Subject to the foregoing Objection, never, since defendants always made it clear to Gill that none of the non-refundable gifts and contributions he made would ever be treated as an "investment" and were not "an investment" (*see* Interrogatory No. 15) in the JUS Punjabi Entities.

**INTERROGATORY NO. 16.** Did any of the Defendant Entities or Sandhu, or their authorized agents, servants or employees represent to Plaintiff that their attorneys were in the process or preparing legal documents setting forth that Plaintiff was a stockholder/member of any or all of the Defendant Entities? If so, when did Defendants or their authorized agents, servants or employees express this statement to Plaintiff? If in writing, attach a copy to your answers to interrogatories. If oral, set forth the date of the statement, who was present and what was said by each person present.

**OBJECTION TO INTERROGATORY NO. 16:** Defendants object to Interrogatory No. 16 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 16:** Defendants never advised Gill that defendants' attorneys were in the process of preparing or preparing legal documents setting forth that Gill was a stockholder or member of any of the JUS Punjabi Entities. Nor did defendants direct anyone to prepare partnership or any other documents relating to any partnership or other equity or management interest.

**INTERROGATORY NO. 17.** If the answer to the preceding interrogatory is in the negative, did any of the defendant entities or Sandhu, or their authorized agents, servants or employees, represented [*sic*] to Plaintiff that any or all of the transfers of monies would be treated as loans and repaid in a timely fashion? If so, when did Defendants or their authorized agents, servants or employees express this statement to Plaintiff? If in writing, attach a copy to your answers to interrogatories. If oral, set forth the date of the statement, who was present and what was said by each person present.

**OBJECTION TO INTERROGATORY NO. 17:** Defendants object to Interrogatory No. 17 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 17:** No. *See also* the Responses to Interrogatories Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, *supra*.

**INTERROGATORY NO. 18.** Where [*sic*] any of the Defendant entities in a week [sic] fiscal financial condition as a result of which any or all of the Defendant Entities or Sandhu was unable to repay the loans from Plaintiff? If not, why did any of the Defendant Entities or Sandhu fail to repay the loans?

**OBJECTION TO INTERROGATORY NO. 18:** Defendants object to Interrogatory No. 18 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is not reasonably calculated to lead to the discovery of admissible evidence, and (6) it purports to require disclosure of highly confidential commercial information.

**RESPONSE TO INTERROGATORY NO. 18:** Subject to the foregoing Objection, Gill never made any "loans" (*see* Interrogatory No. 18) to defendants. *See also* the Responses to Interrogatories Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15,16, and 17, *supra*.

**INTERROGATORY NO. 19.** At paragraph 26 of the Amended Complaint, Plaintiff alleges that Defendant Sandhu wrote "**Partnership for life, 03/03/2013**" on a dollar bill and handed it to Plaintiff. Do you admit writing this phrase and handing it to Plaintiff? If so, what did you mean by the phrase and what was its significance?

**OBJECTION TO INTERROGATORY NO. 19:** Defendants object to Interrogatory No. 19 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 19:** Subject to the foregoing Objection, the handwriting had no meaning and no significance; it simply reflected Gill's relentless sexual harassment and manipulation of Ms. Sandhu.

**INTERROGATORY NO. 20:** At paragraph 50 of the Amended Complaint, plaintiff alleges that defendant Sandhu requested that Kashmir Gill write a short statement stating that his long-term debt on the books of Jus Punjabi LLC was converted to capital stock evidenced by a stock certificate. Does defendant Sandhu acknowledge authoring that email and sending it to

plaintiff? What was the significance of this request and to which entity did Defendant Sandhu direct that the statement be sent and for what purpose?

**OBJECTION TO INTERROGATORY NO. 20:** Defendants object to Interrogatory No. 20 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 20:** Subject to the foregoing Objection, it was Gill, not Ms. Sandhu, who made the request for the "statement" identified in Interrogatory No. 20 because Gill claimed he needed the statement to evade Gill's own tax obligations. This was yet another element of Gill's sustained sexual harassment, manipulation and exploitation of Ms. Sandhu. In any event, no stock conversion ever took place, no stock certificates were ever issued to Gill, and his demand for the "statement" was part of his own fraudulent scheme to evade his own tax obligations. Defendants have no knowledge as to whom or what agency Gill distributed the statement he requested and dictated.

**INTERROGATORY NO. 21:** Set forth all damages sustained by any or all of the Defendant Entities and Sandhu arising from the filing of the within action by Plaintiff. Please itemize each element of said damages, how the amount was calculated.

**OBJECTION TO INTERROGATORY NO. 21:** Defendants object to Interrogatory No. 21 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 21:** Subject to the foregoing Objection, defendants have incurred many thousands of dollars, as yet undetermined, to contest Gill's and his counsel's frivolous, dilatory and baseless litigation. Severe damage has been inflicted on defendants in general by Gill, particularly his initial public assertion, which was totally frivolous,

that Ms. Sandhu was guilty of violations of the Racketeer Influenced and Corrupt Organizations Act, 28 U.S.C. §§ 1961 *et seq*.

**INTERROGATORY NO. 22.** Did any of the Defendant Entities apply for a secured or unsecured loan to any bank, private lender or financial institution? If so, was the loan approved? If not, why not? Identified and attach all financial records submitted it to said bank, private lender or financial institution.

**OBJECTION TO INTERROGATORY NO. 22:** Defendants object to Interrogatory No. 22 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is not reasonably calculated to lead to the discovery of admissible evidence, and (6) it purports to call for production of confidential commercial information.

**INTERROGATORY NO. 23.** Identify all persons who provided the knowledge, documents, or information used, reviewed, or referenced in answer these interrogatories.

**RESPONSE TO INTERROGATORY NO. 23:** Ms. Sandhu.

## DECLARATION

I, Penny Sandhu, state that I have read Plaintiff's First Set of Interrogatories and my responses to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct given the present state of defendants' knowledge.

I am managing member, President, Chief Executive Officer and controlling person of the JUS Punjabi Entities named as defendants. I have read the foregoing interrogatories and the responses to those interrogatories, which are true according to the best of my knowledge, information, and belief, based on information currently available to me and subject to the right to supplement preserved in the Federal Rules of Civil Procedure. I declare under penalty of perjury that the foregoing is true and correct.

PENNY SANDHU

DATED: New York, New York
      July 31, 2020

PAUL BATISTA, P.C

*Statement as to Objections:*

By: _____
    Paul Batista
    Attorney for Defendants
      JUS Broadcasting Corp.,
      JUS Punjabi, LLC, JUS One Corp.,
      JUS Broadcasting Corp. PVT Ltd.
      and Penny Sandhu
    26 Broadway, Suite 1900
    New York, New York 10004
    (631) 377-0111 (T)
    Batista007@aol.com

18

## DECLARATION

I, Penny Sandhu, state that I have read Plaintiff's First Set of Interrogatories and my responses to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct given the present state of defendants' knowledge.

I am managing member, President, Chief Executive Officer and controlling person of the JUS Punjabi Entities named as defendants. I have read the foregoing interrogatories and the responses to those interrogatories, which are true according to the best of my knowledge, information, and belief, based on information currently available to me and subject to the right to supplement preserved in the Federal Rules of Civil Procedure. I declare under penalty of perjury that the foregoing is true and correct.

_____
PENNY SANDHU

DATED: New York, New York
       July 31, 2020


PAUL BATISTA, P.C

*Statement as to Objections:*

By: _____
    Paul Batista
    Attorney for Defendants
       JUS Broadcasting Corp.,
       JUS Punjabi, LLC, JUS One Corp.,
       JUS Broadcasting Corp. PVT Ltd.
       and Penny Sandhu
    26 Broadway, Suite 1900
    New York, New York 10004
    (631) 377-0111 (T)
    Batista007@aol.com

18