

# LAW OFFICES OF
# ALAN R. ACKERMAN

August 4, 2020

<u>Via ECF</u>
Honorable Peggy Kuo, U.S.M.J.
U.S. District Court Eastern District of New York
U.S. Courthouse
Room 1207S
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Gill v. Jus Broadcasting Corp. et al.*
     Case No. 1:19-cv-4216 (ILG)(PK)

Dear Magistrate Judge Kuo:

  I respond to the Defendants' very late response to Plaintiff's Notice of Motion to compel Defendants to file more specific Answers to Plaintiff's Interrogatories and to compel Defendants to comply with Plaintiff's document demand. As previously stated, Defendants were obligated to file their objection on or before July 22, 2020. Instead, Defendants' counsel filed a self-serving Declaration and a "Legal Memorandum" yesterday. Both were filed well out of time, and should not be considered by the Court as a substantive response.

  Yesterday, I spent a great deal of time on the telephone calming down my client who read Mr. Batista's submission, which purposely violates the Court's Order dated June 12, 2020 sealing Defendants' Answers to Interrogatories [Docket Entry 71]. Without explanation, Mr. Batista filed the un-redacted Answers to Interrogatories which the Court sealed. The entry of the Sealing Order sought to protect my client from unwarranted embarrassment from the unsupported allegations and statements made by Defendants in their Interrogatory Answers. The sealed Answers to Interrogatories are annexed as **<u>Exhibit "A"</u>**. Ignoring the Court Order, Mr. Batista purposely espoused the statements which the Court specifically prohibited in his Declaration and Legal Memorandum (although purportedly mouthing the sentiment of Defendant Penny Sandhu). Specifically, Mr. Batista included the un-redacted Response to Interrogatory Number 4, Response to Interrogatory Number 5, Response to Interrogatory Number 19, and Response to Interrogatory Number 20. For reasons only known to Mr. Batista, he did not include the remaining redacted Answers. However, the inclusion of the redacted Answers violates the Court Order sealing Defendants' Answers to Interrogatories. Unfortunately, it is now of record, unless this Court wants

---

Alan R. Ackerman, Esq.     T. (973) 898-1177     araesq@alanackermanlaw.com
Counsellor at Law        F. (973) 898-1230     1719 Route 10 East, Suite 104
Admitted NJ, NJ District Court                Parsippany, NJ 07054
3rd Cir. Court of Appeals

to *sua sponte* remove those pages from Mr. Batista's response and replace them with the redacted information. I do not know if that is permissible or allowable.

I have been instructed by my client to file a Motion for sanctions against Mr. Batista pursuant to Fed. R. Civ. P. Rule 11. His improper conduct included the redacted Answers and his unsupported statements in the Declaration and Legal Memorandum concerning Mr. Gill's alleged inappropriate personal advances toward Penny Sandhu. Mr. Gill has always denied these allegations, which constitutes Defendants' sole defense. I urge the Court to deal appropriately with Mr. Batista's conduct.

Substantively referring to the submission, Plaintiff relies on its initial submission. The Declaration of Mr. Batista, along with the Legal Memorandum, is not a substitute for Defendants' more specific Answers to Interrogatories. Mr. Batista's statements constitute nothing more than his opinion. The Interrogatories must be answered by the Defendants and objections answered by Mr. Batista. He has now placed himself in the position of being both client and attorney. Rather than respond to each Interrogatory statement, I am requesting that the Court compel the Defendants to answer the Interrogatories. After receiving the Answers, Plaintiff can then determine whether or not he is satisfied with the Defendants' Answers; not Mr. Batista's opinion.

Furthermore, Mr. Batista acknowledges that the only documents produced were two sets of emails from Penny Sandhu to Kashmir Gill. Mr. Batista has tacitly admitted that the Defendants which operate a cable television network maintain no financial records, do not have a retention policy to keep archived data, do not know who maintains their websites, have no books and records, or financial ledgers, have no tax returns, or any other information which may or may not be germane to Plaintiff's case. In fact, according to Mr. Batista, Jus Broadcasting Corp., and the other Defendant entities, are nothing more than a "mom and pop storefront operation." Obviously, this is not true and the Defendants are purposely hiding relevant financial information.

Finally, Mr. Batista complains that his initial document demand, propounded on June 6, 2020, well after the Court ordered Defendants to propound discovery, should be immediately answered before the Defendants produce any documents. This is both unfair to Plaintiff and legitimizes the Defendants' position of withholding documents to see what information Plaintiff possesses so it can then rely on that lack of information to hide its documents under the theory of "you don't know what you don't know," meaning if Plaintiff doesn't have the information, why should we give it to him. This is the antithesis of the discovery process.

Again, I request that the Court compel Defendants' to provide more specific Answers to Interrogatories, respond to Plaintiff's document demands, and delay all depositions until Defendants answer Plaintiff's Interrogatories and produces its documents.

    Respectfully submitted,

    LAW OFFICES OF ALAN R. ACKERMAN

    BY: ALAN R. ACKERMAN, ESQ.

ARA/bc
cc: Kashmir Gill
    Paul Batista, Esq.