UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
KASHMIR GILL,

        Plaintiff,

  – against –

JUS BROADCASTING CORP.;
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP. PVT LTD;
and PENNY SANDHU,

        Defendants.
---------------------------------------------------------------x

Case No. 1:19-cv-04216 (ILG) (PK)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S INTERROGATIRIES

Pursuant to Fed. R. Civ. P. 26 and 33, defendants JUS Broadcasting Corp. ("JUS Broadcasting"), JUS Punjabi, LLC ("JUS LLC"), JUS One Corp. ("JUS One"), and JUS Broadcasting Corp. PVT Ltd. ("JUS PVT") (collectively, the "Jus Punjabi Entities") and Penny Sandhu, by and through their attorney, Paul Batista, P.C., for their response to plaintiff's "Interrogatories" respectfully respond as follows:

### Preliminary Statement

Beginning in January and February 2020, concerns about the coronavirus pandemic began to sweep the world, and continue to this day. On March 13, 2020, President Donald J. Trump declared the Covid-19 pandemic a national emergency under the Stafford Act (PL 100-707). As early as March 13, 2020, the office suite in which the JUS Punjabi Entities' attorney has shared office space for more than 20 years, Schlam Stone & Dolan LLP, was closed and still remains closed and is vacant.

In accordance with various government protocols, counsel to the JUS Punjabi Entities and his family have continued to remain in self-quarantine in order, in part, to address health issues in counsel's household.

For these unique and urgent reasons, there have been unavoidable complications in connection with this "Defendants' Response to Plaintiff's Interrogatories." If, and when, as the world emerges from the pandemic, further information emerges that may or may not be responsive, the JUS Punjabi Entities will exercise their right under Fed. R. Civ. 26 and 33 to supplement, modify or correct this Response.

An independent complicating issue has arisen since January-February 2020 as a result of the pandemic. Ms. Sandhu, the defendant who owns and is in complete control of the entity defendants, was until mid-April 2020 confined to California. It is Ms. Sandhu who has virtually all knowledge and information that might be responsive to any specific interrogatory which, subject to any general or specific objection, might be susceptible to an answer. She remains in self-quarantine at her home in Nassau County, New York. The material which she has required is in the offices of the JUS Punjabi Entities in Long Island City, New York. (Moreover, as to the plaintiff's separate "First Request for Documents to Defendant," it is Ms. Sandhu who exercises complete control of documents, and they, too, are located principally in the JUS Punjabi Entities' offices in Long Island City.)

## General Objections

Defendants object to the Interrogatories' "Definitions" and "Instructions" on the grounds that they (1) exceed the scope of permissible "Definitions" and "Instructions" under the relevant Federal Rules of Civil Procedure and the Local Civil Rules; (2) impermissibly expand the Local Rules applicable to the use of definitions and instructions; (3) are ambiguous; (4) are unduly burdensome and oppressive; (5) are not reasonably calculated to lead to the discovery of admissible evidence; and (6) are calculated to harass, burden and annoy the JUS Punjabi Entities and Ms. Sandhu.

## Specific Responses

**INTERROGATORY NO. 1:** Identify all persons who have, claim to have, or who you believe may have knowledge, documents, or information relating to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action.

**OBJECTION TO INTERROGATORY NO. 1:** Defendants object to this Interrogatory on the grounds that, as framed, (1) it is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed since, *inter alia*, it is inconceivable that defendants could ever have information as to anyone who "claim[s]" to have "knowledge, documents, or information" of events. Defendants stress that the purpose of "Interrogatories" is to elicit *facts*, not guesses, suppositions, or speculation.

**RESPONSE TO INTERROGATORY NO. 1:** Subject to the foregoing Objections:

- Plaintiff Kashmir Gill;
- Ron Bapat;
- Penny K. Sandhu;
- Bikram Gill;
- Bindu Gill; and
- Karam Dahiya.

3

**INTERROGATORY NO. 2:** Describe in detail the nature and substance of the knowledge, documents, or information that you believe the person(s) identified in response to Interrogatory No. 1 may have.

**OBJECTION TO INTERROGATORY NO. 2:** Defendants object to Interrogatory No. 2 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it purports to require defendants to engage in guesswork and speculation. *See also* the Objection to Interrogatory No. 1, *supra*.

**INTERROGATORY NO. 3:** Identify all persons with whom you have had any communication about the Plaintiff's allegations that he is or is not a partner or loaned or advanced monies to you on behalf of the Defendant Entities.

**OBJECTION TO INTERROGATORY NO. 3:** Defendants object to Interrogatory No. 3 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 3:** Subject to the foregoing Objections:

- Plaintiff Kashmir Gill, with the caveat that Gill's allegations that he is a "partner" of Ms. Sandhu or "loaned or advanced monies" are Gill's fictionalized view of the facts.

**INTERROGATORY NO. 4:** Set forth all facts which support your contention in the 2nd Affirmative Defense that plaintiff's claims are barred by the Statute of Limitations.

**OBJECTION TO INTERROGATORY NO. 4:** Defendants object to Interrogatory No. 4 on the grounds that, as framed, it calls for legal conclusions, not facts.

**RESPONSE TO INTERROGATORY NO. 4:** Subject to the foregoing Objections, plaintiff Gill voluntarily elected over a period of many years beginning in or about 2011 to extend non-refundable gifts and contributions of cash and funds to defendants for his own illicit purposes. None of those gifts and contributions was evidenced by any purchase-and-sale agreement, any

4

security interest, or any loan document, stock certificate, written contract or membership agreement, or any legally cognizable basis conferring on plaintiff (i) any right to insist on the return of the gifts and contributions or (ii) to advance any of his fraudulent claims to any ownership, equity or other interest in the JUS Punjabi Entities or their assets.

**INTERRORAGORY NO. 5:** Describe in detail all facts supporting your contention that Plaintiff is not and has never been a partner or did not advance or loan any money to you, as set forth in the Amended Complaint.

**OBJECTION TO INTERROGATORY NO. 5:** Defendants object to Interrogatory No. 5 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 5:** Subject to the foregoing Objection, plaintiff (i) never obtained any cognizable ownership interest in any one of the JUS Punjabi Entities, (ii) never was given a legally cognizable document embodying or evidencing any ownership interest in any one or all of the JUS Punjabi Entities, (iii) never received a promise, suggestion or legally cognizable proposal that he was ever a partner or would become a partner, limited partner or owner of any one or all of the JUS Punjabi Entities or their assets.

Moreover, plaintiff never loaned or advanced funds to purchase or acquire or otherwise obtain any legally enforceable interest in the JUS Punjabi Entities or any property interest, tangible or intangible, in the JUS Punjabi Entities or their tangible or intangible possessions, including, without limitation, their intellectual property.

5

**INTERROGATORY NO. 6:** Identify all chat rooms, blogs, online forums, or social media or networking websites, applications, services, software, or platforms (including but not limited to those involving video sharing, photograph sharing, blogging, messaging, or ephemeral messaging) on which you have posted, sent, or received content (including but not limited to photographs, videos, messages, comments, or "likes") relating to Kashmir Gill or any activity undertaken by him on behalf of the defendant entities as set forth in the Amended Complaint. For each item you identify, list:

    a. The name of the website, application, service, software, or platform.

    b. If applicable, the website address.

    c. The name(s) of the account holder(s).

    d. The user name(s) or handle(s) for the account.

    e. The mail address(es) associated with the account, if any.

**OBJECTION TO INTERROGATORY NO. 6:** Defendants object to Interrogatory No. 6 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is incomprehensible, and (5) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 6:** Subject to the foregoing Objection, defendants never made use of any medium mentioning or depicting Gill as having any role, function, or any activity relating to, or for the benefit of, or on behalf of, the JUS Punjabi Entitiesor Ms. Sandhu.

**INTERROGATORY NO. 7:** Set forth any and all changes in format, composition or text to the Jus broadcasting website which, in any way, relates to the inclusion or deletion of references to Plaintiff, his work or efforts on behalf of the Defendant Entities, describe [sic] in detail:

    a. Any changes you have made to the account or profile information in the last five years, including, but not limited to any change in any News & Press or Events on the Jus Broadcasting website.

b. All content that may have contained or generated data or information about Kashmir Gill, including but not limited to messages, photographs, videos, posts, comments, or "likes," that has been deleted or otherwise removed, whether manually or automatically, five years.

c. The automatic retention and/or automatic deletion settings in place on the account for content or data from 2010 through the present date.

d. Any circumstances in which content or data was manually deleted from the Jus Broadcasting Website from 2014 through the present date, including when and why the content or data was deleted.

**OBJECTION TO INTERROGATORY NO. 7:** Defendants object to Interrogatory No. 7 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is incomprehensible, and (6) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 7:** Subject to the foregoing Objections, defendants had no use for, and no reason to make use of, and did not make use of, data or information about Gill.

**INTERROGATORY NO. 8.** Identify all workplace collaboration severs [sic] and/or cloud based storage or tools or ephemeral messaging applications, and all associated data and metadata that you use that contain, may have contained, or may generate data or information about Plaintiff. For each too you identify, list:

a. The name(s) of the account holder(s) for any account that contains, may have contained, or may generate data or information about Plaintiff, the monies which he transferred to the Defendant Entities or Sandhu, or any references to Plaintiff as an employee, advisor, officer or director of the Defendant Entities.

b. The user name(s) or handle(s) for any account associated with the tool that contains, may have contained, or may generate data or information about the Plaintiff.

c. The email address(es) used in connection with any account associated with the tool that contains, may have contained, or may generate data or information about Plaintiff.

d. The date on which you began using the tool that contains, may have contained, or may generate data or information about the Plaintiff.

e. A description of the automatic retention and/or automatic deletion settings in place for the tool from 2015 through the present date.

f. Any circumstances in which content or data was manually deleted from the tool from 2015 through the present date, including when and why the content or data was deleted.

**OBJECTION TO INTERROGATORY NO. 8:** Defendants object to Interrogatory No. 8 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is incomprehensible, and (6) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 8:** *See* the Response to Interrogatory Nos. 5, 6, and 7, *supra*. Among other things, Gill was never "an employee, advisor, officer or director" (*see* Interrogatory No. 8) of any of the JUS Punjabi Entities or of Ms. Sandhu.

**INTERROGATORY NO. 9:** Attached to these interrogatories as Exhibit A is a schedule of all monies paid by Kashmir Gill to Penny Sandhu, individually or in behalf of any of the Defendant Entities.

a. Do you acknowledging receiving any or all sums of money set forth on the attached schedule? If so, into which account was each of the transfers deposited? If not, identify each amount which Defendants claim was not received from Plaintiff.

8

b. Was each transfer of funds listed in any of the financial ledgers or records the Defendant Entities or Sandhu individually? If so, identify how each transfer was categorized.

**OBJECTION TO INTERROGATORY NO. 9:** Defendants object to Interrogatory No. 9 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 9:** Subject to the foregoing Objections, plaintiff Gill "paid" no money or funds to Ms. Sandhu or the JUS Punjabi Entities. Any transfer of cash or funds was a non-refundable gift or non-refundable contribution from Gill████████ ████████████████████████████████████

**INTERROGATORY NO. 10.** Did defendants execute any promissory notes evidencing any monies due and owner [*sic*] to Plaintiff? If so, set forth in the repayment terms of each promissory note and the interest rate.

**OBJECTION TO INTERROGATORY NO. 10:** Defendants object to Interrogatory No. 10 on the grounds that, as framed, it (1) is overly broad, (2) it is unduly burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 10:** Subject to the foregoing Objections, defendants never executed any promissory notes to Gill, ████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

**INTERROGATORY NO. 11.** Did any defendant repay any transfers of money or loans from Plaintiff? If so, set forth the date and amount of each payment and identify the loan for which the pay was tendered.

**OBJECTION TO INTERROGATORY NO. 11:** Defendants object to Interrogatory No. 11 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 11:** 

**INTERROGATORY NO. 12:** For each payment tendered in the preceding interrogatory, date [*sic*] any defendant entity deduct the interest portion of the payments on its books and records. If so, attach a copy of any Form 1099 issued to Plaintiff documenting the portion of the payment representing interest on the loan.

**OBJECTION TO INTERROGATORY NO. 12:** Defendants object to Interrogatory No. 12 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed. *See* also the Objections to Interrogatories Nos. 6, 7, 8, 9, 10 and 11, *supra*.

**RESPONSE TO INTERROGATORY NO 12:** Subject to the foregoing Objections, *see* the Responses to Interrogatories 6, 7, 8, 9, 10, 11, and 12, *supra*.

**INTERROGATORY NO. 13.** Did any of the Defendant Entities or Sandhu have the financial ability to pay any of the loans from Plaintiff? If so, set forth, with accompanying financial records, [*sic*] of the Defendant Entities financial ability to repay any of the loans.

**OBJECTION TO INTERROGATORY NO. 13:** Defendants object to Interrogatory No. 13 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:** Did Plaintiff request repayment of its loans? If so, set forth all dates when Plaintiff requested repayment of the loan and Defendants' response. If in writing, attach a copy to these answers.

**OBJECTION TO INTERROGATORY NO. 14:** Defendants object to Interrogatory No. 14 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 14:** Subject to the foregoing Objection, *see* the Responses to Interrogatories Nos. 6, 7, 8, 9, 10, 11, 12 and 13, *supra*.

**INTERROGATORY NO. 15.** Did any of the Defendant Entities or Sandhu, or their authorized agents, servants or employees represent to Plaintiff that any or all transfers of money would be treated as an investment in any or all of the Defendant Entities? If so, when did Defendants or their authorized agents servants or employees express this statement to Plaintiff? If in writing, attach a copy to your answers to interrogatories, if oral, set forth the date of the statement, who was present and what was said by each person present.

**OBJECTION TO INTERROGATORY NO. 15:** Defendants object to Interrogatory No. 15 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 15:** Subject to the foregoing Objection, never, since defendants always made it clear to Gill that none of the non-refundable gifts and contributions he made would never be treated as an "investment" and were not "an investment" (*see* Interrogatory No. 15) in the JUS Punjabi Entities.

**INTERROGATORY NO. 16.** Did any of the Defendant Entities or Sandhu, or their authorized agents, servants or employees represent to Plaintiff that their attorneys were in the process or preparing legal documents setting forth that Plaintiff was a stockholder/member of any

11

or all of the Defendant Entities? If so, when did Defendants or their authorized agents, servants or employees express this statement to Plaintiff? If in writing, attach a copy to your answers to interrogatories. If oral, set forth the date of the statement, who was present and what was said by each person present.

**OBJECTION TO INTERROGATORY NO. 16**: Defendants object to Interrogatory No. 16 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 16**: *See* the Response to Interrogatory No. 15, *supra*.

**INTERROGATORY NO. 17.** If the answer to the preceding interrogatory is in the negative, did any of the defendant entities or Sandhu, or their authorized agents, servants or employees, represented [sic] to Plaintiff that any or all of the transfers of monies would be treated as loans and repaid in a timely fashion? If so, when did Defendants or their authorized agents, servants or employees express this statement to Plaintiff? If in writing, attach a copy to your answers to interrogatories. If oral, set forth the date of the statement, who was present and what was said by each person present.

**OBJECTION TO INTERROGATORY NO. 17**: Defendants object to Interrogatory No. 17 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 17**: *See* the Responses to Interrogatories No. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, *supra*.

**INTERROGATORY NO. 18.** Where [sic] any of the Defendant entities in a week [sic] fiscal financial condition as a result of which any or all of the Defendant Entities or Sandhu was

12

unable to repay the loans from Plaintiff?? If not, why did any of the Defendant Entities or Sandhu fail to repay the loans?

**OBJECTION TO INTERROGATORY NO. 18:** Defendants object to Interrogatory No. 18 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is not reasonably calculated to lead to the discovery of admissible evidence, and (6) it purports to require disclosure of highly confidential commercial information.

**RESPONSE TO INTERROGATORY NO. 18:** Subject to the foregoing Objection, Gill never made any "loans" (*see* Interrogatory No. 18) to defendants. *See also* the Responses to Interrogatories Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, *supra*.

**INTERROGATORY NO. 19.** At paragraph 26 of the Amended Complaint, Plaintiff alleges that Defendant Sandhu wrote "**Partnership for life, 03/03/2013**" on a dollar bill and handed it to Plaintiff. Do you admit writing this phrase and handing it to Plaintiff? If so, what did you mean by the phrase and what was its significance?

**OBJECTION TO INTERROGATORY NO. 19:** Defendants object to Interrogatory No. 19 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, and (5) it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY NO. 19:** Subject to the foregoing Objection, the handwriting had no meaning and no significance; [redacted]

**INTERROGATORY NO. 20:** At paragraph 50 of the Amended Complaint, plaintiff alleges that defendant Sandhu requested that Kashmir Gill write a short statement stating that his long-term debt on the books of Jus Punjabi LLC was converted to capital stock evidenced by a

13

stock certificate. Does defendant Sandhu acknowledge authoring that email and sending it to plaintiff? What was the significance of this request and to which entity did Defendant Sandhu direct that the statement be sent and for what purpose?

**OBJECTION TO INTERROGATORY NO. 20:** Defendants object to Interrogatory No. 20 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 20:** Subject to the foregoing Objection, it was Gill, not Ms. Sandhu, who made the request for the "statement" identified in Interrogatory No. 20 because Gill claimed he needed the statement to evade Gill's own tax obligations. [redacted] In any event, no stock conversion ever took place, no stock certificates were ever issued to Gill, and his demand for the "statement" was part of his own fraudulent scheme to evade his own tax obligations.

**INTERROGATORY NO. 21:** Set forth all damages sustained by any or all of the Defendant Entities and Sandhu arising from the filing of the within action by Plaintiff. Please itemize each element of said damages, how the amount was calculated.

**OBJECTION TO INTERROGATORY NO. 21:** Defendants object to Interrogatory No. 21 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, and (4) it is impossible to answer as framed.

**RESPONSE TO INTERROGATORY NO. 21:** Subject to the foregoing Objection, defendants have incurred many thousands of dollars, as yet undetermined, to contest Gill's and his counsel's frivolous, dilatory and baseless litigation. Severe damage has been inflicted on defendants in general by Gill, particularly his initial public assertion, which was totally frivolous,

14

that Ms. Sandhu was guilty of violations of the Racketeer Influenced and Corrupt Organizations Act, 28 U.S.C. §§ 1961 *et seq.*

**INTERROGATORY NO. 22.** Did any of the Defendant Entities apply for a secured or unsecured loan to any bank, private lender or financial institution? If so, was the loan approved? If not, why not? Identified and attach all financial records submitted it to said bank, private lender or financial institution.

**OBJECTION TO INTERROGATORY NO. 22:** Defendants object to Interrogatory No. 22 on the grounds that, as framed, it (1) is overly broad, (2) it is burdensome, (3) it is ambiguous, (4) it is impossible to answer as framed, (5) it is not reasonably calculated to lead to the discovery of admissible evidence, and (6) it purports to call for production of confidential commercial information.

**INTERROGATORY NO. 23.** Identify all persons who provided the knowledge, documents, or information used, reviewed, or referenced in answer these interrogatories.

**RESPONSE TO INTERROGATORY NO. 23:** Ms. Sandhu.

## DECLARATION

I, Penny Sandhu, state that I have read Plaintiff's First Set of Interrogatories and my responses to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct given the present state of defendants' knowledge.

I am managing member, President, Chief Executive Officer and controlling person of the JUS Punjabi Entities named as defendants. I have read the foregoing interrogatories and the responses to those interrogatories, which are true according to the best of my knowledge, information, and belief, based on information currently available to me and subject to the right to supplement preserved in the Federal Rules of Civil Procedure. I declare under penalty of perjury that the foregoing is true and correct. p

_____
PENNY SANDHU

DATED: New York, New York
       May 6, 2020

*Statement as to Objections:*

PAUL BATISTA, P.C.

By: _____
Paul Batista
Attorney for Defendants
   JUS Broadcasting Corp.,
   JUS Punjabi, LLC, JUS One Corp.,
   JUS Broadcasting Corp. PVT Ltd.
   and Penny Sandhu
26 Broadway, Suite 1900
New York, New York 10004
(631) 377-0111 (T)
Batista007@aol.com

17

To: LAW OFFICES
    OF ALAN R. ACKERMAN
    1719 NJ-10 Suite 106
    Parsippany, New Jersey 07054
    (973) 898-1177
    araesq@alanackermanlaw.com

17