

# LAW OFFICES OF
# ALAN R. ACKERMAN

October 2, 2020

**Via ECF**
Honorable Peggy Kuo, U.S.M.J.
U.S. District Court Eastern District of New York
U.S. Courthouse
Room 1207S
225 Cadman Plaza East
Brooklyn, NY 11201

      *Re:   Gill v. Jus Broadcasting Corp. et al.*
             *Case No. 1:19-cv-4216 (ILG)(PK)*

Dear Magistrate Judge Kuo:

      Pursuant to Your Honor's directive, the parties submit this Joint Letter of outstanding discovery disputes.

### DOCUMENT PRODUCTION WHICH CONTINUES TO BE DEFICIENT

      Document Request #1: Defendants did not produce any documents referenced in (i), the recording referenced throughout the disclosure, documents referenced in (iii), electronically stored information, or the recording made by Plaintiff. Defendants did not respond at all to (iv). Please produce these documents and recordings.

      Document Request #2: Defendants did not produce documents received from Subpoenas upon the accountant.

      Document Request #3: Defendants did not produce any documents referenced in this request including, but not limited to, any financial records, any bank statements, any documents referenced in emails which were provided, copies of Plaintiff's emails from his jusbroadcasting.com account, or any emails from 2014 through the present (with minor exception). The emails provided in Defendants' Response focus on 2011, 2012, and 2013, and omit any emails thereafter. It appears that Defendants have purposely decided not to respond to this document request.

---

Alan R. Ackerman, Esq.                      T. (973) 898-1177                  araesq@alanackermanlaw.com
Counsellor at Law                            F. (973) 898-1230                  1719 Route 10 East, Suite 104
Admitted NJ, NJ District Court                                                      Parsippany, NJ 07054
3rd Cir. Court of Appeals

Honorable Peggy Kuo, U.S.M.J.
October 2, 2020
Page 2

---

Document Request #4: Defendants did not respond to request for documents, emails, or information concerning the meeting which occurred on March 4, 2013 as set forth in Paragraphs 25 and 50 of the Complaint. Similarly, Defendants did not attach the email from Penny Sandhu to Plaintiff, nor the previous or subsequent emails concerning this issue from the parties or any third parties who were privy to his information. This should also include any communications with the Internal Revenue Service or with any banking institutions relating to the debt which Defendants carried on their books and records.

Document Request #5: Defendants did not include any pleadings, notes, correspondence, emails, or other writings concerning prior litigation commenced by former members or stockholders with the Defendant entities.

Document Request #6: Defendants did not attach any writings, notes, recordings, journal entries, calendars, as requested in this document request.

Document Request #7: No financial records were provided.

Document Request #8: Defendants did not produce any emails or writings between Defendants and Plaintiff. This includes Plaintiff's email account at jusbroadcasting.com. Defendant did not provide any information concerning the IT Company that manages Defendants' website or storage of Defendants' computerized records. The Defendants did not produce the password for Plaintiff to access his email account jusbroadcasting.com.

Document Request #9: No bank statements or financial documentation were annexed.

Document Request #10: No working group lists, organizational chart, directories, or other documents concerning employees, their roles in the organization, including Plaintiff's role, whether or not formalized, were produced.

Document Request #11: Defendants did not produce the names and addresses of the attorneys, accountants, the Information Technology providers, or other professionals retained by Defendants commencing in 2010. This information is necessary because any documentation which was stored concerning the allegations is discoverable. This includes all attorneys and accountants. Defendants did not even produce the name of any of these individuals.

Document Request #12: Defendants did not produce any documents or information relating to any communication between Defendants and third parties concerning publications, press releases, communications with governmental agencies, including the Internal Revenue Service, or others concerning Plaintiff's allegations contained in the Complaint.

Document Request #13: This request seeks all communications including writings, emails, letters, etc. between the parties from 2010 to the present. As previously set forth, Defendants produced emails between 2011 and 2013. Defendants produced no emails from Plaintiff

Honorable Peggy Kuo, U.S.M.J.
October 2, 2020
Page 3

emanating from his jusbroadcasting.com email.  Communication between the parties was ongoing well into 2018.

Document Request #14:  See comment to number 13 above.

Document Request #15:  Defendants' Answers to Interrogatories delineated unsupported payments made by Defendants to Plaintiff.  Those amounts were gleaned from other sources.  That documentation was not provided.  Additionally, Defendants, including Penny Sandhu, did not identify the purpose of the advance from Plaintiff to Defendants for which repayment was made.  This request also seeks the Defendants' ledgers, financial records, and tax returns, none of which were produced.

Document Request #17:  Defendants should have produced or identified documents from Defendants' accountant who was consulted by Defendants in preparation for the response to the Subpoena served by Plaintiff.  Those should include the email communication from Plaintiff to the accountant prohibiting Defendants' accountant from providing any information to Plaintiff, and Defendants' attorney to the accountant (or copies of emails to the accountant) threatening litigation if any documentation is produced.

Document Request #18:  The answer by Defendants merely claims that it does not have any documentation in its possession.  It does not say that it did not consult with any expert and provide any documentation.  Please answer request number 18.

Document Request #20:  Number 20 was not answered.  It seeks tax returns, ledgers and financial information which is the subject matter of the within Complaint, which includes Defendants' Answer and Defenses.  Specifically, Defendants have raised various defenses to Plaintiff's allegations.  This question requests any and all documentation supporting those defenses as well.

Document Request #21:  Defendants have raised various defenses to Plaintiff's allegations.  This question requests any and all documentation supporting those defenses as well.

## INTERROGATORIES WHICH CONTINUE TO BE DEFICIENT

Answer to Interrogatory No. 1.  Please provide the conversation recorded on or about May 31, 2018.

Answer to Interrogatory No. 3.  In your Answer you state that Ms. Sandhu repeatedly stated that she would never consent to Gill's partnership demands.  Set forth when the demands were made, when she responded, and whether it was oral or in writing.  These unsupported statements are not probative.  Additionally, attach and identify the communications where Defendants proposed to return funds which were refused by Gill.  Set forth the date and the subject matter of Ms. Sandhu's communications with Paul Batista, Esq. which are claimed to be attorney-client

Honorable Peggy Kuo, U.S.M.J.
October 2, 2020
Page 4

communications. Did Ms. Sandhu have any conversations with Mr. Batista about Plaintiff's claims before he was retained for this matter?

<u>Answer to Interrogatory No. 4.</u>  Set forth, in detail, the information that Bikram Gill possesses. Defendants' opinions are not probative. Set forth the facts which constitute "fraudulent claims to any ownership, equity, or other interest in the Jus Punjabi entities or their assets." Please define what is meant by gratuitous gifts or contributions. What sums were gifts and what sums were contributions? Were the transfers carried on the books of the Defendant entities as a gift or contribution? If so, identify the ledgers or journals which contain this information.

<u>Answer to Interrogatory No. 5.</u>  Why did you include Bindu Gill in your Answers? Please provide what information she has instead of Defendants' speculation.

<u>Answer to Interrogatory No. 6.</u>  Please provide what information Kiram Dihiya possesses. Conclusions about exerting pressure on Defendants to settle indicates that he has information concerning allegations. Please identify the information, referencing dates and times of phone calls, or any writings.

<u>Answer to Interrogatory No. 7.</u>  This question was not answered. It requests information about the Jus Punjabi website and news and media, along with retention and deletion policies and whether or not any content was deleted. Please set forth the entity which controls your website, press releases, and other mediums where information is conveyed through the internet.

<u>Answer to Interrogatory No. 8.</u>  This question is not answered. Specifically, Defendants' statement at number 2 indicates that Defendants have no cloud based storage or any storage at all for its website. What information is stored on its servers? Subpart 3 was not answered.

<u>Answer to Interrogatory No. 9.</u>  Identify the documentation used to prepare the answer to number 9. Identify and attach the source of the information used for this answer. Did Ms. Sandhu or the Defendant entities maintain journals or bank deposits identifying the monies transferred by Mr. Gill? If so, please produce same.

<u>Answer to Interrogatory No. 10.</u>  Set forth the amounts and dates when Ms. Sandhu returned said monies to Plaintiff identified in this Answer. Please provide the source of the funds.

<u>Answer to Interrogatory No. 11.</u>  Produce the documentation or records used to formulate the answer to number 11. Where are those documents maintained?

<u>Answer to Interrogatory No. 13.</u>  Defendants' answer to number 13 is nothing more than mere speculation. Set forth documentation used to conclude that the Defendant entities and Sandhu had the financial ability to return the gifts.

<u>Answer to Interrogatory No. 14.</u> If Defendants did not characterize Plaintiff's transfers as loans or investments, how were they characterized on the books and records of Defendants? Attach and provide relevant journals or ledgers documenting contributions.

<u>Answer to Interrogatory No. 18.</u>  Interrogatory 18 is not answered.  The question does not ask if the funds were loans.  The question asks the financial condition of the Defendant entities and its ability to repay the monies.

<u>Answer to Interrogatory No. 19.</u> This is not an answer.  Please identify how Penny Sandhu's signature on a dollar bill reflected Plaintiff's harassment and manipulation of her.

<u>Answer to Interrogatory No. 20.</u> The Answer to number 20 is nothing more than speculation.  Identify and attach all documents from Plaintiff to Defendants which caused Ms. Sandhu to conclude that Plaintiff required this information to evade his tax obligations.  What tax obligations are referenced?

<u>Answer to Interrogatory No. 21.</u>  Delineate the damages incurred to date to contest this matter.  Please attach any medical reports, physicians contacted, dates of treatment, and any other documentation which supports the "severe damage" inflicted on Sandhu and the Defendant entities.  Identify any documentation from third parties which supports the claim of damage.  Was Defendant denied any loans as a result of this litigation?  If so, set forth all information.

<u>Answer to Interrogatory No. 22.</u>  This Interrogatory was not answered.  Set forth all loans and credit applications, now or formerly secured or requested by any Defendant entity or Penny Sandhu from any banking institution from 2014 to the present date.

<u>Answer to Interrogatory No. 23.</u>  Did Ms. Sandhu consult with any other individual whether or not said individual is an employee, agent, servant, friend, or acquaintance to assist her in responding to these Interrogatories?  The Answers infer that Sandhu obtained information from others.  Please set forth their names and addresses.

## DEFENDANTS' RESPONSE

Defendants' position is that there has been an extraordinary amount of discovery material exchanged, by means of interrogatory responses and production of documents.

It is essential, in defendants' view, that the so-called "paper" phase of discovery be wound down. Plaintiff on or about September 28, 2020, served answers to defendants' interrogatories. While defendants are dissatisfied with plaintiff's interrogatory responses, defendants have determined not to take issue with them and not to become involved in any motion practice regarding them.

Likewise, defendants are aware of the fact that plaintiff has continued to express dissatisfaction with defendants' interrogatory responses and defendants' document production. Defendants believe their interrogatory responses have been thorough and adequate, and defendants believe their document production has been adequate.

In summary, defendants do not believe there are any discovery issues that require the Court's intervention. Defense counsel is prepared as always to confer with plaintiff's counsel to resolve any issues.

Defendants submit that it is time – with dozens of interrogatories to which there have been responses and with well over 10,000 documents exchanged – to move to depositions so that discovery can be brought to a conclusion.

The parties are prepared to discuss discovery issues on October 9, 2020 at 10:00 a.m.

Respectfully yours,

LAW OFFICES OF ALAN R. ACKERMAN

BY: ALAN R. ACKERMAN, ESQ.
      Attorneys for Plaintiff

PAUL BATISTA, P.C.

/s/ *Paul Batista*

BY: PAUL BATISTA, ESQ.
      Attorneys for Defendants