PAUL BATISTA, P.C.
Attorney-at-Law
26 Broadway – Suite 1900
New York, New York 10004
(631) 377-0111

e-mail: Batista007@aol.com                                  Facsimile: (212) 344-7677

October 6, 2020

VIA ECF

Hon. Peggy Kuo
United States Magistrate Judge
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                **Re: Gill v. JUS Broadcasting Corp.,**
                  ***et al.*, Case No. 1 :19-cv-04216 (ILG)(PK)**

Dear Judge Kuo:

      I represent defendants in the above-entitled litigation.

      At this point, I write for the purposes of (1) summarizing current pre-trial discovery issues and (2) requesting an adjournment of the telephone status conference now scheduled for October 9, 2020 for personal reasons including hip replacement surgery my wife will undergo on October 9.

      I am aware of the fact that Alan Ackerman, admitted *pro hac vice* to represent plaintiff Kashmir Gill ("Gill"), has several times raised issues regarding his views of what he perceives are the inadequacies of defendants' *many* responses to plaintiff's multiple interrogatories and defendants' production of more than 440 pages of documents, including sensitive tax returns.

      At Your Honor's suggestion, Mr. Ackerman and I have had several discussions regarding his grievances, and indeed I remain prepared to continue those discussions and, if possible, find a means of satisfying Mr. Ackerman's grievances and further demands.[1]

      Indeed, we were scheduled early today to continue those dialogues at 8 a.m. Because of my wife's condition, I was compelled at 3 A.M. this morning to send an email to Mr. Ackerman advising him that I would not be able to speak at 8 A.M. today but could speak later in the day today or tomorrow. Mr. Ackerman at 7:53 A.M. wrote to me to state he had "a better idea . . ." and that I should "[t]alk to [defendant Penny Sandhu] and find out what she will and will not produce and get back to me." *See* annexed Exhibit 1.

      I responded to Mr. Ackerman's email at 8:53 A.M. My email summarizes defendants' general position, together with my willingness to proceed with further discussions with Mr. Ackerman and Ms. Sandhu. My email (*see* annexed Exhibit 1) states in part:

---

[1] At Your Honor's direction issued yesterday, I believe Mr. Ackerman filed a consolidation of the interrogatories he has served and the several lengthy responses defendants have provided.

I don't know if that is a better idea or not, because I have been over the same ground with her many times. She has been in Boston since last week for work, and does not return until tomorrow. I will make it a priority to talk with her on Thursday. Bear in mind that it is her consistent view that she has responded as fully as she can and given you in terms of documents what she can locate. As soon as she returns . . . I will press her again. It will not be easy – I am a lawyer, not a mind-reader, and I am not the FBI and cannot invade her premises for documents, particularly since she insists she has given me what she can locate and unlike you I have no reason to doubt her sincerity.

If, however, I am able to find a way to provide further information, I [will] let you know. [*See* annexed Exhibit 1.]²

### The Status of Pre-Trial Discovery

As I have indicated, it is now time to move to the deposition phase of pre-trial discovery. Multiple interrogatories have been propounded and responded to. Well in excess of 13,000 documents have been exchanged. There is, in my view, an elaborate apparatus of "paper" discovery to allow the taking of depositions.

I submit that virtually all of the issues about which Mr. Ackerman has expressed grievances can best and most cost-effectively be addressed at depositions of Ms. Sandhu, Mr. Gill and if necessary third parties. It is extremely common in the course of depositions that questions can be asked, and answers given, that could never be adequately reached by written interrogatories and written responses.

Among other things, if answers are given at a deposition that contradict earlier interrogatory answers or reveal the existence and location of documents that could not earlier be located, appropriate follow-up questions and disclosures could be made that mere paper discovery prior to depositions could not provide. In this connection, if, for example, Mr. Ackerman were to elicit answers from Ms. Sandhu at deposition as to the identity and location of documents she had been unable to previously describe or locate, I would have no objection to the continuation or the resumption of Ms. Sandhu's deposition.

The Court may also wish to consider appointing a Special Master to supervise discovery. In 45 years, I have only been involved in two or three cases where a Special Master for discovery was appointed, but the process worked efficiently and eliminated the need for judicial intervention by the District Judge and the Magistrate Judge.

\*   \*   \*

---

² I also note that in the same email I explained my wife's condition to Mr. Ackerman and the reasons why I could not, as I had hoped, confer with him at 8 a.m. today. "By the way," I wrote, "I had to defer this morning's 8 a.m. call with you because my wife was up half the night with intense pain in her right hip. She will be having hip replacement surgery on Friday, October 9 and on that basis I will . . . request an adjournment of the conference with Magistrate Kuo scheduled for October 9." *Id.*

Hon. Peggy Kuo
October 6, 2020
Page 3

A final point merits emphasis. Plaintiff has complained regarding virtually aspect of defendants' lengthy, good-faith discovery responses. That has generated crippling legal fees to defendants, whose broadcasting business is staggering in the pandemic.

Plaintiff, on the other hand, has very considerable wealth from his family's oil and fuel business. As Your Honor knows, it is not uncommon for a far wealthier litigant to generate legal fees in an effort to crush an adversary. That, I submit, is precisely what is happening here.[3]

### Request for Adjournment

As I have indicated, my wife, who recently developed severe hip pain, is scheduled to undergo hip replacement surgery on Friday, October 9, 2020. I will obviously be deeply engrossed in that event.

Thus, I respectfully request that Your Honor adjourn the October 9, 2020 conference for at least a week or whatever date is convenient to the Court.

Respectfully submitted,

Paul Batista

PB:wlg
cc: All Counsel on Service List
    Penny K. Sandhu

---

[3] Plaintiff's responses to defendants' interrogatories were evasive. Yet I made the decision not to engage in litigation over them in order to conserve defendants' precarious resources. Likewise, plaintiff's belated production of approximately 14,000 documents was a classic "document dump," but for the same reasons of economy and efficiency I elected not to engage in unproductive litigation about that.