

# LAW OFFICES OF
# ALAN R. ACKERMAN

November 16, 2020

<u>Via ECF</u>
Honorable Peggy Kuo, U.S.M.J.
U.S. District Court Eastern District of New York
U.S. Courthouse
Room 1207S
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Gill v. Jus Broadcasting Corp. et al.*
             *Case No. 1:19-cv-4216 (ILG)(PK)*

Dear Magistrate Judge Kuo:

Please accept this joint letter as the parties' submission concerning Defendants' Motion to Quash Plaintiff's three (3) Subpoenas.

## DEFENDANTS' POSITION

In accordance with Rule VI (A)(1)(b) of Your Honor's Individual Rules, the parties submit this joint letter in connection with defendants' motion to request that the Court quash or modify, pursuant to Fed. R. Civ. P. 45(d), three recent non-party Subpoenas signed by Mr. Ackerman. The parties have been unable to reach agreement on the issues identified in this letter.

The Subpoenas are as follows:

(A) *Subpoena to Google, Inc.* (the "Google Subpoena"), a copy of which is annexed as Exhibit 1, together with defendants' Objection to the Google Subpoena;

(B) *Subpoena to Bank of America* (the "BOA Subpoena"), a copy of which is annexed as Exhibit 2, together with defendants' Objection to the BOA Subpoena; and

(C) *Subpoena to TD Bank, NA (the "TD Bank Subpoena")*, a copy of which is annexed as Exhibit 3, together with defendants' Objection to the TD Bank Subpoena.

      *(i) Grounds for Modification of the Google Subpoena*

---

Alan R. Ackerman, Esq.　　　　　　　T. (973) 898-1177　　　　　　araesq@alanackermanlaw.com
Counsellor at Law　　　　　　　　　　F. (973) 898-1230　　　　　　1719 Route 10 East, Suite 104
Admitted NJ, NJ District Court　　　　　　　　　　　　　　　　　　　　Parsippany, NJ 07054
3rd Cir. Court of Appeals

The Google Subpoena includes a demand that Google produce:

> All emails from 2011 through present for the account of Penny Sandhu, the email address being *penny@jusbroadcasting.com*.[1]

On its face, this is a stunningly sweeping and utterly intrusive demand. Read literally – and there is no other way in which to read it – the demand encompasses *all* of Ms. Sandhu's emails for an almost-decade-long period. The emails extend to thousands of business and personal emails, the vast majority of which have nothing to do with Gill or the litigation.

In their Objection to the Google Subpoena (*see* annexed Exhibit 1), defendants cited, as one of the grounds for Objection, that, "[i]n demanding the production of all Ms. Sandhu's emails [from] 2011 to the present, the Subpoena violates Ms. Sandhu's privacy interests . . . " *Id.*

The Objection also cited the fact that, "on its face," the Google Subpoena "is overly broad" and "not reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Moreover, the Objection stated that the Google Subpoena violated the provisions of the Stored Communications Act (the "SCA"), 18 U.S.C. § 2701 *et. seq.* The SCA prohibits "electronic communication providers" and "remote communication service providers" from disclosing the content of electronic communications, including emails, in response to civil subpoenas. Thus, the SCA by its terms interdicts Google's production of "all" of Ms. Sandhu's emails, or any of them. *See Crispin* v. *Christian Audigier, Inc.*, 717 F.Supp. 2d 965, 977-91 (C.D. Cal 2010); *In re Facebook, Inc.*, 923 F.Supp 2d 1204, 1206 (N.D. Cal. 2012); *Flagg* v. *City of Detroit*, 252 F.R.D. 346, 350 (E.D. Mich. 2008); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 609-11 (E.D. Va. 2008).

For these reasons, as well as for the other reasons cited in the Objection to the Google Subpoena (*see* Exhibit 1), defendants request that that subpoena be quashed or modified by striking the demand for "[a]ll emails from 2011 to the present for the account of Penny Sandhu, the email address being *penny@jusbroadcasting.com*."

*(i) Grounds for Modification of the Bank Subpoenas*

Both the TD Bank Subpoena and the BOA Subpoena demand the production of "[a]ny and all loan applications for Penny Sandhu" and the entity defendants "from 2013 to the present." *See* Exhibit 2 and Exhibit 3.

---

[1] The other demand in the Google Subpoena is for "[a]ll emails from 2011 through present for the account of Kashmir Gill, the email address being *kashmirgill@jusbroadcasting.com*." Defendants have no objection to Google's compliance, if Google so wishes and if Google is permitted by law to do so, with this branch of the Google Subpoena.

Defendants' Objections to both bank subpoenas make it clear that defendants object, among other things, to the scope of the demands. In effect, defendants submit that the subpoenas should be modified to the extent of encompassing only "loan applications," if any, that cited to, mentioned or relied on Gill. There is no basis on which plaintiff can claim that he is entitled to "any and all" loan applications, if any, Ms. Sandhu and the other defendants may have submitted to TD Bank and BOA that did not include a reference to plaintiff Gill.

## PLAINTIFF'S POSITION

Defendants' Motion to quash Plaintiff's three Subpoenas (**Exhibits 1, 2, and 3**) is without merit and must be denied.

The Court is reminded of its colloquy with Defendant Penny Sandhu when Your Honor directed her to continue to review her emails and other records in an attempt to locate certain emails and documents addressing Plaintiff's discovery requests. Previously, the Court found those requests to be legitimate, thereby directing compliance. Defendant Sandhu candidly admitted that she deleted all of Kashmir Gill's emails which he authored or received under his email address of kashmirgill@jusbroadcasting.com. She also stated that she deleted several other emails which she sent to him, although none were identified. She then stated that all emails were permanently stored with Google, Inc., and invited Plaintiff to communicate with Google, Inc. to locate any missing emails. She further explained that she had "nothing to hide" but thought that the emails which she deleted on her computer would therefore be deleted on the Google server as well. Plaintiff then stated that he was going to Subpoena Google, Inc. No objection was made by Defendants' counsel to Plaintiff's statement that it would issue a Subpoena.

At other points during the discussions, Plaintiff requested all documentation concerning any loans with any financial institution or private lender which Defendants either received or requested and were rejected by the lender. Sandhu again stated that she had no documentation. Plaintiff explained that the financial records were necessary for several reasons. The financial records provided by Defendants in their application or documents accompanying the application, will disclose its financial records as they existed at that time of the application for the loan. It is Plaintiff's position that these financial records will show Kashmir Gill as a creditor of one or more of the Defendant entities. This information is clearly discoverable. It is my recollection that Plaintiff stated that it would Subpoena those records because Defendant Sandhu stated that she did not have any documents or could not locate them. It is against this backdrop that the three Subpoenas were issued.

Referencing the Google, Inc. Subpoena, initially, I advise the Court that I have received a response from Google, Inc. Its response is annexed as **Exhibit 4**. The Google, Inc. letter objects to releasing any documentation because the request should have been directed to the owner of Jusbroadcasting.com, insufficient time was given to identify, gather, and forward the documentation (14 days as opposed to 21 days), the request violates several provisions of the Stored Communications Act ("SCA"), and other objections. Interestingly, it suggests that Plaintiff

obtain the information from the Defendant. It further suggests that Plaintiff request that the Defendant instruct Google to produce the documentation. There are additional objections, all of which appear to be "canned." Plaintiff believes that Google's objection is also ill-founded because it did not take the time to understand and appreciate that Plaintiff, Kashmir Gill, also requested his emails in the jusbroadcasting.com account and the request is definitely not subject to denial under the SCA.

Defendants' Opposition includes a statement that 11 years of emails is too extensive and expansive, and it would be impossible for anyone to go through all of the emails to locate ones which were relevant. Plaintiff agrees. However, the answer to the inquiry does not end there. In situations like these, Courts have regularly allow parties to proceed with the subpoena and then utilize various key words to identify relevant emails. Although not all inclusive, obvious words like, "loan," "gift," "partner," "partnership", "Kashmir," "Gill," "interest," or any other identifying word or phrase to locate the emails of interest to Plaintiff are an easy and quick cure for Defendants' concern. The Court is reminded that The Confidentiality Order protects Defendants concerns over privacy and relevancy. Therefore, defendants cannot claim any harm.

Despite Defendant's claim to the contrary, the SCA is not a catchall deterrent to obtaining electronic information stored by a non-party. It is important to note that the SCA only applies to storage of communication for the purposes of **backup protection** of the communication. See 18 U.S.C. § 2702(a)(1). Here, Penny Sandhu has deleted her emails. Therefore, the emails in Google's possession are not backup emails; they are the only storage of the emails, and therefore the SCA should not apply. Similarly, it does not apply to an addressee or intended recipient of the communication, i.e. Kashmir Gill, where the lawful consent of the originator is provided, to a person employed or authorized by the owner to use the facilities to forward its communication, or where the individual requesting the information is a party or copied on the email. See 18 U.S.C. § 2702(b)(3).

As an alternative to continuing the dispute with Google, Inc, which Plaintiff has no desire to do, and Defendants' concerns, Plaintiff's rights could be adequately protected by the Court entering an Order directing Penny Sandhu and the Defendant entities request that Google, Inc. provide all of the emails. Then, the parties can jointly decipher the probative emails by using key words or another form of identification. No one can be injured because of the Confidentiality Order entered by this Court.

Defendants' objection to the Subpoenas issued to TD Bank and Bank of America are totally without merit. Defendants ignore the fact that the Court has entered a Confidentiality Order which encompasses all of the subpoenaed documentation. Therefore, Defendants, including Sandhu, cannot claim an invasion of their privacy. The Court is again reminded that it is Defendants' position that the monies received from Plaintiff were gifts or contributions, and were not carried on the books as loans. The documents provided by Defendants including bank statements, ledgers, profit and loss statements, etc. contain relevant information. Therefore, all financial documentation given to the banks become probative. If the funds provided by Gill can be identified, regardless

of the categorization, or an ownership interest in the entity are contained within the financial documents provided to the proposed lender, they become discoverable. Plaintiff is entitled to review these documents to ascertain whether or not they contain any loans, whether or not the loans are identified as current or long term payables, show any type of partnership, or otherwise reveal any information which could be of assistance to Plaintiff.  It is not for the Defendants to determine the probative nature of documents.  The Rules of Discovery are extremely broad and allow Plaintiff access to these financial records, especially when the Defendants acknowledge that the monies were used by all Defendant entities, but were gifts and contributions.  Therefore, Defendants cannot claim that Plaintiff has no legitimate discoverable interest.

Moreover, Defendants have acknowledged that Plaintiff purchases hundreds of thousands of dollars of equipment.  Clearly, that equipment is carried on the books and records of the Defendant entities as an asset.  Plaintiff is entitled to view these records and inquire how Defendants came into possession of these assets and trace the funds.  The list goes on and on.  There is nothing in Defendants' Objection which remotely raises any question concerning the propriety of these Subpoenas.

This Court should deny Defendants' Motion to quash the Subpoenas on both bank accounts.

        Respectfully submitted,

        LAW OFFICES OF ALAN R. ACKERMAN

BY:    ALAN R. ACKERMAN, ESQ.
        Attorneys for Plaintiff

PAUL BATISTA, P.C.

    /s/ *Paul Batista*
BY:    PAUL BATISTA, ESQ.
        Attorneys for Defendants

ARA/bc
Enclosures