UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
KASHMIR GILL,

        Plaintiff,

– against –

JUS BROADCASTING CORP.;
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP PVT LTD;
and PENNY SANDHU,

        Defendants.
------------------------------------------------------------- x

Case No. 1:19-cv-04216 (ILG) (PK)

## DEFENDANTS' LEGAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISQUALIFY MAGISTRATE PEGGY KUO

Defendants JUS Broadcasting Corp., JUS Punjabi, LLC, JUS One Corp., JUS Broadcasting Corp PVT, Ltd. (collectively, the "JUS Punjabi Entities") and Penny K. Sandhu submit this legal memorandum in support of their motion, pursuant to 28 U.S.C. § 455, to disqualify Magistrate Peggy Kuo (the "Magistrate").

### Introduction and Statement of Facts

The facts germane to the need for disqualification of the Magistrate on grounds of both the absence of "impartiality" toward defendants and her "bias" against them are delineated in detail in the accompanying declaration of defendant Penny K. Sandhu (the "Sandhu Decl.") and the declaration of Paul Batista (the "Batista Decl.").

In the interest of brevity and in light of the Magistrate's "Individual Rules" regarding page limits on legal memoranda, we will turn directly to an explanation of the compelling reasons which support disqualification of the Magistrate.

## Argument

### 28 U.S.C. § 455 FULLY WARRANTS DISQUALIFICATION OF THE MAGISTRATE

Entitled "Disqualification of justice, judge, or magistrate judge," 28 U.S.C. § 455 provides in relevant part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party . . .

The Magistrate's demonstrably negative attitude toward Ms. Sandhu and the entity defendants Ms. Sandhu owns reflects the absence of "impartiality" which is the focus of subsection (a) of § 455 *and* the "bias" element covered by subsection (b)(1) of § 455. *See, e.g., Liljeberg* v. *Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *United States* v. *Ritter*, 540 F.2d 459 (10th Cir. 1976); *In re School Asbestos Litigation*, 977 F.2d 764, 782 (3d Cir. 1992); *Selkridge* v. *United of Omaha Insurance Co.*, 360 F.3d 155 (3d Cir. 2004).

- As the Sandhu Decl. demonstrates, Ms. Sandhu and the entity defendants she owns have repeatedly been prejudiced by the Magistrate's persistent refusal to move this two-and-one-half-year-old litigation to depositions and trial. Defendants have produced thousands of documents, answered innumerable interrogatories and provided *all* information defendants can locate. Yet, despite their status as *defendants* and Ms. Sandhu's urgent on-the-record requests to move this case forward to deposition, trial and resolution, the Magistrate has ignored Ms. Sandhu's and the other defendants' entreaties.

- Rather than order this case to proceed to trial after a period of almost thirty months, the Magistrate has allowed plaintiff, a man of enormous wealth, to litigate, re-litigate and exhaust self-fabricated issue after issue relating to interrogatory and document discovery. This obviously evidences, as Ms. Sandhu has emphasized, a highly unusual bias in favor of plaintiff and against defendants.

- Moreover, the Magistrate has consistently imposed burden-after-burden on Ms. Sandhu and the entity defendants to search repeatedly for documents and information Ms. Sandhu and her companies have consistently searched out and produced.

- Ms. Sandhu, who has openly engaged in on-the-record conversations with the Magistrate, is, as her declaration reveals, convinced that the Magistrate has ignored Ms. Sandhu's good faith statements and information and is equally convinced that the Magistrate bears a bias toward her and defendants and has failed to comprehend and respond to Ms. Sandhu's explanations and positions.

\* \* \*

Defendants are, of course, aware of the fact that the Magistrate in the first instance is entitled to rule on a motion for disqualification under 28 U.S.C. § 455. We also recognize that the Magistrate's repeated *ad hominem* comments on defense counsel, even though uttered in the presence of defendants themselves, do not in and of themselves warrant recusal, although they may factor in the balance of elements by which recusal applications are evaluated.

To be clear, disqualification relates to the parties – namely, Ms. Sandhu and the JUS Punjabi Entities – and is fully warranted here primarily because, among other things, of the Magistrate's refusal to move this 30-month-old case to deposition, trial and resolution; the Magistrate's imposition of burden after burden on Ms. Sandhu; the Magistrate's obvious disdain for Ms. Sandhu; the apparent preference by the Magistrate for plaintiff's position; and the

Magistrate's rigid refusal to acknowledge the disproportionately unfair advantage of an extremely wealthy plaintiff with respect to a much financially weaker adversary.

### Conclusion

For the foregoing reasons, as well as for the reasons set forth in the Sandhu Decl. and the Batista Decl., an order should be entered pursuant to 28 U.S.C. § 455 disqualifying the Magistrate.

Dated: New York, New York
       June 1, 2021

PAUL BATISTA, P.C.

By: _____
Paul Batista
Attorney for Defendants
26 Broadway, Suite 1900
New York, NY 10004
(631) 377-0111 (T)
Batista007@aol.com

4