UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

KASHMIR GILL,

        Plaintiff,

– against –

JUS BROADCASTING CORP.;
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP PVT LTD;
and PENNY SANDHU,

        Defendants.

------------------------------------------------------------ x

Case No. 1:19-cv-04216 (ILG) (PK)

## DECLARATION OF PAUL BATISTA IN SUPPORT OF DEFENDANTS' MOTION PURSUANT TO 28 U.S.C. § 455 TO DISQUALIFY MAGISTRATE JUDGE PEGGY KUO

PAUL BATISTA declares under penalty of perjury as follows:

1. I have been a Member of the Bar of this Court since 1975, as well as a Member of the Bar of the Supreme Court of the State of New York, the United States District Court for the Southern District of New York, and the United States Court of Appeals for the Second Circuit since 1975. I have also been admitted on a *pro hac vice* basis in federal and state courts throughout the United States. Since 2011, I have represented one or more of the defendants named in this action in several litigations, and have served as their principal outside counsel. Except as otherwise specifically indicated, I have personal knowledge of the facts set forth in this declaration.

### Introduction

2. At the outset, given the relief sought by this motion, I stress that I have *never*, in a legal career of more than 45 years, sought the recusal or disqualification of any federal District Judge, federal Magistrate Judge, federal Circuit Judge, or any state court judge. In this District alone, I have appeared before a wide variety of District Judges and Magistrate Judges,

including, among many others, Judge Jacob Mishler, Judge Jack Weinstein, Judge Leonard Wexler, Judge Arthur D. Spatt, Judge Denis Hurley, and Judge I. Leo Glasser. I have never been sanctioned by, threatened with sanctions, reprimanded or in any way disciplined by those judges or any others.

3. Regrettably, having devoted my best efforts to represent effectively and professionally the defendants named in this action, I find myself the object of the Magistrate's persistent belittling, pejorative and negative comments, often delivered by the Magistrate in the presence of my clients, *and* threatened by the Magistrate with a sanctions award because she has consistently expressed her generalized views of unhappiness with me and by extension with my clients.

4. As I will stress in the balance of this declaration, disqualification under § 455 is essential *not* because of the Magistrate's repeatedly expressed disdain for me *but because the Magistrate's "impartiality"* toward my *clients* can without a doubt "reasonably be questioned" for purposes of § 455 and her "bias" toward my *clients* is evident. I have allowed the Magistrate to engage in extensive on-the-record conversations with defendant Penny K. Sandhu and the Magistrate has consistently ignored, elided or evaded Ms. Sandhu's comments and required Ms. Sandhu to repeat endlessly tasks related to discovery that Ms. Sandhu has repeatedly and in good faith performed. This approach by the Magistrate toward Ms. Sandhu is a blatant abuse of defendants, as Ms. Sandhu testifies in her accompanying declaration.

5. From the outset of this litigation almost two-and-one-half years ago, I have continuously represented defendants JUS Broadcasting Corp., JUS Punjabi, LLC, JUS One Corp., JUS Broadcasting Corp PVT Ltd (the "JUS Punjabi Entities") and Ms. Sandhu. Since approximately 2007, the JUS Punjabi Entities have been owned, managed and controlled by Ms.

Sandhu, a journalist who has developed the JUS Punjabi Entities into the largest satellite and radio communications companies serving the Indian language community in North America.

6. It is vital also to emphasize that Ms. Sandhu has from the beginning, among other things, urged the Magistrate to move this action to trial. The Magistrate has refused to do so. Ms. Sandhu and her companies face a $2 million claim by plaintiff Kashmir Gil ("Gill"). In a striking reversal of the ordinary course of litigation, Gill, although he is the plaintiff, has consistently resisted Ms. Sandhu's and my requests to move this case forward toward depositions and to resolve it by trial before Judge Glasser.

7. In her accompanying declaration, Ms. Sandhu articulates her conviction that the Magistrate's conduct reveals not only the absence of "impartiality" required by § 455 but the "bias" of the Magistrate against Ms. Sandhu and the JUS Punjabi Entities.

**Factual Background**

**A. *The Action and Its Duration***

8. This action was filed by Gill in February 2019 in the United District Court for the District of New Jersey. The original complaint contained, among other things, counts under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all defendants, as well as a mélange of putative common law and other claims, including baseless allegations that Gill had "partnership," "ownership," and other interests in Ms. Sandhu's JUS Punjabi Entities.

9. On a motion I prepared, United States District Judge Freda Wolfson ordered the transfer of the action to this Court on July 19, 2019 (*see* Dkt. No. 23). When

3

this action was lodged in this Court on July 22, 2019 (*see* Dkt. No. 24), it was assigned to Judge Glasser and the Magistrate.[1]

10. On January 9, 2020, Gill, acting through Mr. Ackerman, filed an Amended Complaint (*see* Dkt. No. 56). Significantly, the Amended Complaint deleted the RICO counts contained in the original complaint, but only after virtually a full year in which I cautioned Mr. Ackerman that he should delete the RICO counts because they were frivolous and that, unless they were voluntarily deleted, I would have no alternative other than to move for dismissal and for the imposition of sanctions under Fed. R. Civ. P. 11.[2]

11. The Amended Complaint, although now stripped of the RICO counts, still contains lengthy, factually unsupported, and self-contradictory allegations by Gill that he is, among other things, a majority "partner" in the JUS Punjabi Entities, that he is a "shareholder" in them, that he has an "ownership" interest in those Jus Punjabi Entities that are limited liability companies, and that all the entities should be dissolved. Gill also demands in excess of $2 million in putative damages.

**B. *The Magistrate's Lack of Impartiality and Bias against Defendants***

12. As Ms. Sandhu's accompanying declaration sets forth in detail, the Magistrate's lack of impartiality and her bias toward the JUS Punjabi Entities and Ms. Sandhu is vividly underscored by the *fact* that the Magistrate has consistently ignored Ms.

---

[1] On or about August 3, 2019, Alan R. Ackerman was admitted on a *pro hac vice* basis to participate in the case. His application was sponsored Steven A. Jayson, a Member of the Bar of this Court. Mr. Jayson has never signed any substantive documents or submissions and has never participated in a conference or played any visible role in this case.

[2] I am the sole author of the book *Civil RICO Practice Manual*, first published by John Wiley & Sons in 1987 and now in its Third Edition published by Wolters-Kluwer.

4

Sandhu's direct and clearly stated requests that the Magistrate schedule depositions and move this litigation to trial before the District Judge.

13. Ms. Sandhu has explained directly to the Magistrate that the burdens of the interrogatory issues and document demands repetitively and without foundation asserted by Gill and his counsel are depleting the resources of the entity defendants and Ms. Sandhu and play directly into the strategy of Gill, an immensely wealthy individual (*see* declaration of Penny Sandhu ("Sandhu Decl. ¶ 5)), to delay and burden the progress of this action.

14. Ms. Sandhu has also explained, in response to the Magistrate's questioning, the ways in which her business and records are organized. Yet, as Ms. Sandhu has articulated, the Magistrate has, in Ms. Sandhu's view, consistently demanded that Ms. Sandhu repeat tasks and searches Ms. Sandhu had already undertaken and with which she has fully complied to the extent that Ms. Sandhu has documents, records and information. *See* Sandhu Decl. ¶¶ 8-10.

15. In contrast, plaintiff Gill has done nothing to cooperate in moving forward a litigation in which he has made sweeping demands for millions of dollars in damages and, in effect, the transfer of Ms. Sandhu's business to him, a business which Ms. Sandhu has created, operated and managed for approximately fifteen years.

16. As Ms. Sandhu has testified, this abusive litigation by Gill is now two-and-one-half years old. It has very adversely affected her business, which is precisely Gill's objective. And it has not even reached the stage of deposition discovery.[3]

---

[3] Significantly, the Magistrate expressed on the record her distaste of this litigation as a whole. It is obvious that a federal judge or magistrate should not express his or her own personal and emotional reaction to an

5

## Conclusion

17. For these reasons, as well as for the reasons set forth in the Sandhu declaration and the accompanying legal memorandum, I respectfully request the Magistrate's disqualification on grounds of lack of impartiality and bias toward defendants.[4]

Dated: New York, New York
       May 26, 2021

PAUL BATISTA

---

action regardless of whether that personally negative reason stems from dislike, animosity or antagonism toward any particular party. Simply put, if a judge or magistrate expresses a negative emotional reaction to a case, he or she should stand aside.

[4] In compliance with the Magistrate's Individual Rules, I notified opposing counsel in writing seven days ago that defendants intended to file this motion. I did so even though no relief is sought against plaintiff or his counsel but because the Magistrate's Individual Rules appeared to require at least two days' written notice to opposing counsel when a motion, such as this one, seeks non-discovery-related relief. Opposing counsel has not responded within the allotted time.