UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
KASHMIR GILL,                                               :
                                                            :   Case No. 1:19-cv-04216 (ILG) (PK)
       Plaintiff,                                           :
                                                            :
– against –                                                 :
                                                            :
JUS BROADCASTING CORP.;                                     :
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP PVT LTD;                              :
and PENNY SANDHU,
                                                            :
       Defendants.
                                                            :
-----------------------------------------------------------x

## DECLARATION OF PENNY SANDHU IN SUPPORT OF DEFENDANTS' MOTION PURSUANT TO 28 U.S.C. § 455 TO DISQUALIFY MAGISTRATE JUDGE PEGGY KUO

PENNY K. SANDHU declares under penalty of perjury as follows:

1. I am the founder, Chief Executive Officer and President of defendants JUS Broadcasting Corp., JUS Punjabi, LLC, JUS One Corp., and JUS Broadcasting Corp PVT Ltd. (collectively, the "JUS Punjabi Entities"). I am also named individually as a defendant. I submit this declaration in support of the motion of all defendants for an order disqualifying Magistrate Peggy Kuo (the "Magistrate"). Except as otherwise specifically indicated, I have personal knowledge of the facts set forth in this declaration.

### Overview and Introduction

2. After several lengthy telephone conferences over the last year in which the Magistrate required me to participate – and in which I fully participated in conversations with the

Magistrate – I am convinced that the Magistrate is not "impartial" for the purposes of 28 U.S.C. § 455 and that she bears a "bias" against the JUS Punjabi Entities and myself.[1]

3. Extremely troubling to me is, among many other factors, the fundamental failure of the Magistrate to advance this case to trial despite the fact that she is well aware that the repetitive and interminable prolongation of this case without any prospect of resolution poses serious business and financial risks to defendants' business. This action was filed by plaintiff Kashmir Gill ("Gill") in February 2019 in the United States District Court for the District of New Jersey. Because none of the defendants had any substantive connection to New Jersey, the action was, on the motion of defense counsel, ordered transferred to this Court in July 2019 (see Dkt. Entry No. 22). At that point, the action was assigned to United States District Judge I. Leo Glasser and the Magistrate.

4. As originally filed, the Gill complaint improperly alleged that the JUS Punjabi Entities and I had violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). These were utterly spurious allegations withdrawn by the Amended Complaint when defense counsel advised Gill's attorney that defendants would not only move to dismiss the RICO counts but seek sanctions as well under Rule 11 of the Federal Rules of Civil Procedure for the filing of frivolous claims.

5. I stress these points because they reveal that Gill – an immensely wealthy man who with family members owns and operates a major fuel distribution business in several states – from the very beginning engaged in the strategy, which continues to this day, of utilizing his far superior economic resources to inflict as much expense and financial jeopardy on the JUS

---

[1] For the sake of background, I am a journalist and entrepreneur, not a lawyer. I created the JUS Punjabi Entities in approximately 2007. I have always had complete ownership and control of JUS, which has grown under my direction and control into a group of the largest satellite and radio networks serving the Indian language community in North America.

2

Punjabi Entities and myself as he can, in the obvious hope that he will crush defendants. Indeed, although the RICO counts were withdrawn at defense counsel's insistence, it is a fact that the original, reckless and false racketeering allegations against the JUS Punjabi Entities and me remain prominently posted on Internet search sites and thus continue to inflict business and reputational harm on my companies and me.

### The Absence of Impartiality and the Existence of Bias

6. After long exposure to the Magistrate and the extensive conversations in which I have engaged with her (*see, e.g.*, Dkt. Entries dated October 6, 2020, October 14, 2020, October 15, 2020, October 19, 2020, November 5, 2020, January 14, 2021, and January 20, 2021), it is crystal clear that the Magistrate has delayed any substantive progress to the trial of this case – a fact that serves only to enhance Gill's underlying strategy of thwarting the resolution of the action and avoiding the taking of depositions and the prompt movement of this case to trial. Equally clear is that the Magistrate's acceptance of the defense strategy discloses a glaring lack of impartiality and a blatant bias against defendants.

7. I have repeatedly requested in my conferences with the Magistrate that she schedule depositions and move this action to trial. The Magistrate has not done that. I have made it clear to the Magistrate that the absence of deposition discovery after two-and-a-half years of litigation is an immense financial burden on defendants and myself and plays directly into the plaintiff's strategy of not moving this case to final resolution by trial before the District Judge.

8. Instead, in all candor, the Magistrate has repeatedly directed me to search again and again for documents and information which I have already provided or which I simply do not possess or cannot locate. The JUS Punjabi Entities and I have produced thousands of pages of documents and responded repeatedly through defense counsel to dozens of interrogatories.

9. It is obvious to me as a layperson that the Magistrate has repeatedly participated in the strategy of Gill and his counsel to freeze this action in the repetitive process of visiting and re-visiting interrogatory and document issues with which my companies and I have already complied and to which we have responded.

10. Equally important, my direct pleas to the Magistrate to schedule depositions and move the case to trial have been accompanied by my repeated emphasis on the waste of defendants' financial and business resources, particularly since we are facing in Gill an adversary with vastly greater resources. It is plainly evident that Gill, as the plaintiff, does not want to testify at deposition or trial and instead has continued to bury defendants in onerous expenses and repetitive searches for material which I have already produced.

11. I am also aware of the constant *ad hominem* comments of the Court directed at defense counsel. As I understand it, defense counsel is preparing his own declaration with respect to the issues raised by this motion. His concern on this motion, like my concern, is not himself. Defendants' concern is that the absence of impartiality and the existence of bias significantly damages defendants as parties.

12. From my standpoint as a layperson and client, the Magistrate's negative comments about counsel and her assertion that she will sanction him are in reality calculated to punish my companies and me. The *ad hominem attacks* on, and threats against, defense counsel are calculated to drive a wedge between defendants and their counsel and constitute a none-too-subtle message to defendants to discharge their long-term attorney, who has represented defendants since 2011.

## Conclusion

13. For these reasons, the entity defendants and I personally urge the disqualification of the Magistrate pursuant to 28 U.S.C. § 455.

Dated: New York, New York
      June 1, 2021

/s/ PKS/ by consent
_____
PENNY K. SANDHU

5