UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KASHMIR GILL, Individually,

                Plaintiff,

v.                                          CASE NO. 1:19-CV-4216(ILG)(PK)

JUS BROADCASTING CORP;
JUS PUNJABI, LLC; JUS ONE, CORP;
JUS BROADCASTING CORP PVT LTD;
and PENNY SANDHU

                Defendants.

---

**PLAINTIFF'S LEGAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY MAGISTRATE JUDGE PEGGY KUO AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR THE COURT TO ESTABLISH A PROTOCOL TO CULL THE GOOGLE EMAILS**

There is no factual scenario presented by Defendants to compel Magistrate Judge Peggy Kuo to be disqualified or to disqualify herself as proffered by Defendants pursuant to 28 USC §455, *et seq*. In fact, a review of the totality of the Declarations from Paul Batista, Esq. and Penny Sandhu, and the Legal Memorandum submitted in support of the Motion, leads the reader to the inescapable conclusion that the intent of the Motion is not presented to disqualify Judge Kuo. Rather, it is an attempt by Defendants to bully the Court to abandon any effort to compel Defendants to produce documents, emails, answer Interrogatories, etc., and to coerce the Court to immediately Order depositions to commence.

Since this matter was transferred to the Eastern District of New York, the entirety of the Court's time has been spent cajoling, requesting, compelling, and otherwise demanding that Defendants answer

Plaintiff's written discovery. This Court has been very patient with the Defendants. There have been three Motions to compel discovery, all of which have been granted. There have been numerous telephone calls and hearings with the Court taking the time to review each document and Interrogatory in dispute and engaging the Defendants in a dialogue to convince Defendant Sandhu to answer Plaintiff's discovery. No such request has been demanded of Plaintiff.

This Court has been both fair to both parties and impartial in rendering its decisions. Many of the decisions have gone against Plaintiff. Plaintiff's Motion to disqualify Paul Batista Esq. was denied by the Court shortly after the matter was transferred from the Federal Court in New Jersey. This Court spent a great deal of time explaining to Ms. Sandhu that she had to perform a more diligent inquiry, and search for documents and answer Interrogatories. Clearly, at any time, this Court could have entered much more severe orders and imposed sanctions. It did not. Instead, the Court displayed patience with Ms. Sandhu urging her to cooperate and provide responses. Thereafter, the Court reprimanded both counsel for their failure to cooperate and work together to resolve discovery disputes.

For the past seven months, Paul Batista, Esq. has urged the Court to commence depositions. The Court has refused because the Defendants have not produced the written documentation demanded by Plaintiff. This has caused the Defendants to become frustrated. Because the Court has not compelled depositions, Defendants' ongoing frustration has now reached the boiling point. Despite its protestations to the contrary, Defendants have not produced any documents or supplemented Interrogatory Answers. What is unknown is what documents are in the Defendants' possession which it refuses to produce. This is not a reason to request any Judge to recuse himself or herself.

Since the Defendants' litigation strategy of obfuscation and denial has not been successful, it now tries another approach, which can be summarized as follows: "If this Judge will not move the case

along, let's see if another Judge will.  If the recusal Motion is denied, maybe the Judge will realize that it's time to compel depositions".  This Motion is simply an attempt to bully the Court to overlook the Defendants' gross discovery insufficiencies and dilatory conduct and move to the depositions of the parties and any experts, without requiring the Defendants to provide documents which are necessary for Plaintiff to prove its case.

Mr. Batista boasts that he has been practicing for 46 years, has never been sanctioned, and does not understand why the Court would even consider sanctioning him.  Mr. Batista overlooks the fact that he has repeatedly mislead the Court concerning his clients' actions.  The Declaration of Alan R. Ackerman, Esq. highlights only the most recent statements and misrepresentations by Mr. Batista. Plaintiff's counsel corresponded with Mr. Batista on April 27, 2021, alerting him to the fact that he made a misrepresentation to the Court. Plaintiff attempted to work with Mr. Batista to resolve this issue. These efforts fell on deaf ears.  To this day, Mr. Batista has not corrected his misstatement.

It is Defendants' position that Penny Sandhu reviewed the transcripts of the October 14, 2020 hearing, the November 19, 2020 hearing, and January 14, 2021 hearing, reviewed documents, etc., and then filed a Supplemental Declaration to her answers to discovery.  Clearly, none of that occurred. Defendant Sandhu continues to thumb her nose at the Court.

Compelling a party to comply with discovery demands, is not akin to demonstrating a "negative attitude toward Ms. Sandhu and the entity Defendants. . ." or, "bias", both of which are proffered by the Defendants and Mr. Batista herein.  The Defendants have only themselves to blame for the slow pace at which this matter is moving.  The discovery is not difficult.  The issues in this case involve communication between the parties, many of which are contained in emails, financial records, which the Defendants have not produced, notes of meetings, which the Defendants have not produced, and other

3.

requests for information.  This Court is reminded that the Defendants operate a cable television network. It has a substantial presence throughout social media, yet if the Defendants are to be believed, they have no financial documentation, no computer records, no notes, and no record of Kashmir Gill.

Defendants have made no Motion to compel discovery by Plaintiff.  They could not because Plaintiff has provided all documents in its possession and the documents received from its Subpoenas. On the other hand, the Defendants' deliberate attempt to avid production of documents is compelling. Rather than disqualification of the Magistrate Judge, the Court should consider sanctioning the Defendants because of their refusal to provide documentation.

Finally, I address the next dispute which concerns the protocol to review and cull the Key Word Google emails.  The Defendants have gone on record stating that Penny Sandhu will personally review every email and provide those emails to Plaintiff.  Ms. Sandhu will have no oversight, no accountability, and will not allow any oversight by which her actions can be reviewed.  This is the classic example of the "fox guarding the hen house."  My efforts to convince Mr. Batista that a third party should cull the emails, have been met with immediate rejection.  Plaintiff has even offered to equally contribute to the costs incurred.  Defendants rejected this notion.  Plaintiff has offered that each party oversee the culling of the emails to ensure that all are included.  The Defendants have flatly rejected this notion.  It is clear that the Defendants will continue with their litigation strategy and refuse to cooperate with Plaintiff's counsel, defy Court Orders, and then claiming that they are the subject of bias and ridicule because they reject the Court's efforts to compel them to follow Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34.

For the foregoing reasons, it is respectfully requested that this Court summarily reject Defendants' Motion for recusal and renew its Orders that Defendants comply with Plaintiffs' discovery

requests. It is also requested that this Court adopt a protocol to cull the Google emails. It is suggested that the court appoint a neutral individual to perform the process at Defendants' sole cost.

                          Respectfully submitted

                          LAW OFFICES OF ALAN R. ACKERMAN

Date:  June 11, 2021                          BY: _____
                          ALAN R. ACKERMAN, ESQ.
                          Attorneys for Plaintiff
                          1719 Route 10 East, Suite 104
                          Parsippany, NJ 07054
                          T. (973) 898-1177
                          F. (973) 898-1230
                          araesq@alanackermanlaw.com