UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KASHMIR GILL, Individually,
    Plaintiff,
v.
JUS BROADCASTING CORP;
JUS PUNJABI, LLC; JUS ONE, CORP;
JUS BROADCASTING CORP PVT LTD;
and PENNY SANDHU
    Defendants.

CASE NO. 1:19-CV-4216(ILG)(PK)

# DECLARATION OF ALAN R. ACKERMAN ESQ.

I, Alan R. Ackerman, Esq., under penalty of perjury, state as follows:

1. I am counsel for Plaintiff and execute this Declaration in response and opposition to Defendants' Motion to disqualify Magistrate Judge Kuo, which, in reality is an attempt to bully the Court to schedule depositions and ignore Defendants' total failure to provide written discovery. I File this Declaration to place the self-serving statements of Penny Sadhu and Paul Batista, Esq, in their proper context. Finally, I file a Cross Motion to request that the Court decide on a proper protocol to cull the Key Words from the Google, Inc. Emails which have been received by Ms. Sandhu from Google, Inc.

2. A reading of the Motion by Defendants, which starts out with a request to disqualify Magistrate Judge Kuo, is really designed to bully the Court into scheduling depositions. I use the term "bully" carefully. Throughout the Batista and Sandhu Declarations, there is one common thread: Even though we have not provided discovery as Ordered, this matter is two years old and should proceed to

depositions. The Defendants have been sounding this theme for well over 15 months, which is the timeframe that Defendants have refused to answer Plaintiff's Interrogatories or Document Demand.

3. During this period, the Court scheduled three telephonic Case Management Conferences to discuss the lack of Defendants' response to Plaintiff's discovery demands and then to compel, through Court Order, the Defendants to provide supplemental Answers when it became apparent that the Answers provided were totally insufficient and demonstrated a lack of attention to the questions asked and the documents requested. Instead of complying with the Court's discovery Orders, now Sandhu falsely claims that she complied with all Court Orders and directions from Magistrate Judge Kuo by supplementing her discovery responses with a Declaration, when, in fact, those statements in her Declaration filed in support of this motion are demonstratively false.

4. These statements were not only inaccurate but demonstrated Defendants' attempt to bypass their discovery obligations by falsely claiming to have supplemented their discovery when they did not. Throughout this litigation, Penny Sandhu's representations to this Court had been repeatedly proven to be false. Quite simply, her statements cannot be believed regardless of the execution of any Declaration.

5. The documents and correspondence in this case, substantiate that Penny Sandhu never reviewed the Document Demand and Interrogatories after being required to do so for a third time by the Court on November 19, 2020. The day preceding the November 19, 2020 Court hearing, I received supplemental Interrogatory Answers with a Declaration by Penny Sandhu dated November 18, 2020. Mr. Batista and I then spent a considerable amount of time attempting to narrow the discovery issues prior to the November 19, 2020 discovery conference.

6. The date of Sandhu's Declaration to the Interrogatory Answers is November 18, 2020, the date that I received the discovery via email from Mr. Batista. However, the Court conference was on

the following day, November 19, 2020. On that date, the Court again reviewed Defendants' Answers to Interrogatories and Request for Documents by Plaintiff and instructed Ms. Sandhu to review the tapes of the preceding discovery hearings and provide the additional documentation which she was directed to do.

7. On November 19, 2020, at the beginning of the conference, I advised the Court that Mr. Batista and I had spoken, had narrowed the discovery issued and that the conference would be much shorter. I then requested that the Court focus on a limited number of Interrogatories, and the balance of the Document Demand which were not addressed by the Court during the first conference. As the Court will recall, Ms. Sandhu was directed to provide further Answers to Interrogatories and look for and locate additional documents. The Court then instructed Ms. Sandhu that any further discovery submissions had to be accompanied by the standard Interrogatory and Document Demand Declaration. Ms. Sandhu and Mr. Batista agreed to perform that search and certify the further submission. No further submission was received from Defendants.

8. Subsequently, on April 22, 2021, the Court held, yet another, discovery conference, focusing on production of the Google Emails and revisiting Defendants' failure to respond to Plaintiff's discovery demands. During the conference, Mr. Batista stated that he did not recall receiving and forwarding to Plaintiff's counsel additional supplemental responses to Interrogatories and Document Demands. The Court admonished both attorneys, as noted in Docket Entry Dated April 25, 2021. The Court then also admonished Ms. Sandhu because of Defendants' lack of effort and failure to comply with the Court's discovery Orders.

9. Surprisingly, on April 27, 2021, Mr. Batista filed Docket Entry 112 **(Exhibit "A")**. In that correspondence, he claimed to have misspoken, and that Penny Sandhu had performed the tasks

assigned by Judge Kuo and provided the supplemental Answers and Declaration. Mr. Batista also filed Exhibits attesting to his clients' completion of discovery requirements.

10. Immediately upon receiving Docket Entry 112, and knowing Ms. Sandhu had not provided any further responses, I reviewed my file once again. I did not want to embarrass Mr. Batista by alerting the Court that his statement was wrong. I forwarded to him correspondence dated April 27, 2021, in which I articulated his error to the Court and stated to him that I would work with him and provide the information which the Court requested that Ms. Sandhu review and then provide additional information or documentation. I annex **(Exhibit "B")** and reproduce this correspondence,

> Dear Mr. Batista:
>
> Annexed please find list of proposed keywords to be used to determine the relevant emails to be forwarded to Plaintiff pursuant to Court Order. If you disagree with the inclusion of any of these words or terms, please contact me and we will discuss your concerns.
>
> Although I am not going to bring this up to the Court at this time, your reliance upon the November 18, 2020 Interrogatory Declaration by Penny Sandhu as compliance with the Court's Discovery Orders is totally misplaced. Today, under Docket Entry 112, you advised the Court that Defendants' Supplemental Interrogatory Responses were mailed to me on November 18, 2020. You annexed two exhibits in support of Defendants' position. I never denied receiving this declaration. In fact, if you recall, you and I engaged in several telephone conversations immediately preceding the November 19th hearing in an effort to work out these discovery disputes. Referring to the Docket Report, the first of the telephone conference occurred the following day on November 19.
>
> Please see the Docket Entry dated November 19, 2020. We clearly discussed additional Answers to Interrogatories and document discovery which the Court required the Defendants to provide. See also Docket Entry on January 14, 2021. A second telephone motion occurred with both of our clients. My motion (Docket Entry 104) was granted. The Court states, "… Defendants are directed to respond in writing to Plaintiff's outstanding discovery requests, including those that Ms. Sandhu responded to orally during prior Court conferences." The oral responses by Penny Sandhu occurred during the Court hearings on November 19 and January 14,

respectively. Your client was directed to further review all documentation requested by Plaintiff and respond in writing. She did not do that.

Instead, today, you filed her Declaration which preceded the date of these two hearings attempting to document to the Court that you complied with a directive which would not occur until the following day and January 14th.

I am not alerting the court to this inconsistency at this time. I would prefer, as I have in the past, to work things out with you. How would you like to handle this issue?

Very truly yours,

LAW OFFICES OF ALAN R. ACKERMAN

ARA/bc                    BY:    ALAN R. ACKERMAN, ESQ.

Enclosures

11. In my subsequent conversations with Mr. Batista, I again referenced the Court's Order and direction that Penny Sandhu continue to review documents and provide them. Mr. Batista expressed total frustration and requested that I provide him with a list of what the Defendant had not provided so that he could direct his client to comply with the Court's instructions. I forwarded him correspondence on May 14, 2021 **(Exhibit "C")**. Therein, I requested financial documents, letters and notes, communications with the Internal Revenue Service, any banking institution about Defendants' debt carried on its books, a list of monies borrowed from other people, organizational chart, documents supporting its Affirmative Defenses, cloud-based storage for the Corporations' servers, and source of funds from third parties. I again directed Mr. Batista to the transcripts which were on the Docket, and to the original transcripts which he claimed to have ordered. He promised that he would direct his client to review the transcripts and provide the documentation and amended Interrogatory Answers, along with the appropriate Declaration.

12. Since that time, not only have the Defendants failed to provide any further documentation, the Defendants have refused to certify that a thorough review of all records had occurred and that no further documents were located; nor were the prior Interrogatory Answers amended. Defendant has not provided an Interrogatory or Document Declaration since November 18, 2020, despite the fact that on November 19, 2020 and January 14, 2021 the Court instructed the Defendants to conduct a further investigation and certify its responses.

## EVIDENCE OF SPOLIATION

13. As the Court is aware, a policy specialist at Google, Inc., Molly O'Neil, submitted a Declaration dated May 11, 2021, Docket Entry 118. Therein, she indicated that the account, kashmirgill@jusbroadcasting.com, and the contents of the emails stored in that account, no longer exist. The records were destroyed as of November 10, 2020. Google, Inc. has no records to indicate when, or under what circumstances, emails in the aforementioned account were deleted subsequent to November 10, 2020.

14. The timing of the November 10, 2020 deletion coincides with the numerous discovery conferences in which the Court questioned Penny Sandhu about documents, emails, letters, and other items to be produced. At the October 14, 2020 discovery conference, Ms. Sandhu claimed that Mr. Gill's jusbroadcasting.com emails were deleted a "…very long time ago." [T62-21]. Thereafter Ms. Sandhu states "At some point, I think I also have the emails from him saying delete, and I did delete it after a few weeks or so." [T65-6 thru 8]. The statements contradict the Declaration from Molly O'Neil whose investigation concluded that the emails were deleted on November 10, 2020.

15. Although Ms. O'Neil's Declaration does not state who gave the instructions to delete the account, previously Google, Inc. stated that the only individual who could delete emails and an email account was the owner of the jusbroadcasting.com account, which is administered by Penny Sandhu.

16. I annex as **Exhibit "D"** correspondence to Mr. Batista dated August 30, 2019, which requests that Defendants preserve, ". . . any documents, financial records, notes, writings, correspondence, and electronically stored information that may contain evidence . . . in this matter." The letter goes on to delineate the details of the request for the retention of all information and documentation.

17. This correspondence requested the preservation of emails, writings, notes, financial information, and the other documentation requested in Plaintiff's Demand for Documents. The Defendants ignored this demand and destroyed Kashmir Gill's email account and, most likely, a myriad of documents.

## PROTOCOL TO CULL KEY WORDS FROM EMAILS

18. As the Court is aware, Ms. Sandhu received the Google, Inc. emails a few weeks ago. Prior to its receipt by Ms. Sandhu, I corresponded with Mr. Batista delineating the Key Words to be used when culling the Google, Inc. emails. A copy of the Key Word List is annexed as **Exhibit "E"**.

19. Mr. Batista has not expressed any objection to the list of Key Words which Plaintiff provided. In fact, he prepared a proposed Consent Order **(Exhibit "F")** to govern the process of culling the Google, Inc. emails. However, Mr. Batista and I disagree on the procedure to cull the Google, Inc. emails. Pursuant to the language in the proposed Order, the Defendants will have no oversight when culling the emails using the Key Words and no controls when forwarding those emails which Defendants believe are required to be produced. According to the terms of the proposed Order, this process will be performed without oversight by a neutral party or a representative of each of the parties.

20. The proposed language is totally unacceptable because it provides for no oversight and allows Ms. Sandhu to determine which emails she decides to send. This is a continuation of Ms. Sandhu's claim that there are no documents, emails, etc., as has been the Defendants' *modus operandi*

throughout this litigation. The Court is reminded that the only financial information which has been obtained is the result of Plaintiff's Subpoena to Defendants' accountant, Niranjan N. Bapat, CPA. Any information which Defendants did not forward to the account has not been produced.

21. The Defendants' intent is to continue to hide the documents which undoubtedly will bolster Plaintiff's case because of the damaging revelations contained therein which continue to be hidden by the Defendants. This Court should not recuse itself because Mr. Batista's ego has been injured and Ms. Sandhu's dilatory conduct and lack of candor are exposed. Once the documents are provided and the Google Emails are produced, this matter can proceed with depositions and full disclosure of the requested documents.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 11, 2021.

LAW OFFICES OF ALAN R. ACKERMAN

BY: _____
ALAN R. ACKERMAN, ESQ.
Attorneys for Plaintiff
1719 Route 10 East, Suite 104
Parsippany, NJ 07054
T. (973) 898-1177
F. (973) 898-1230
araesq@alanackermanlaw.com