UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

KASHMIR GILL,

        Plaintiff,

v.

JUS BROADCASTING CORP. *et al.*,

        Defendants.

-------------------------------------------------------------x

Case No. 1:19 cv-04216 (ILG) (PK)

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR DISQUALIFICATION OF MAGISTRATE PEGGY KUO PURSUANT OF 28 U.S.C. §455

### Preliminary Statement

Defendants JUS Broadcasting Corp., JUS Punjabi, LLC, JUS One Corp., JUS Broadcasting Corp PVT, Ltd. (collectively, the "JUS Punjabi Entities") and Penny K. Sandhu submit this reply legal memorandum in further support of their motion, pursuant to 28 U.S.C. § 455, to disqualify Magistrate Peggy Kuo (the "Magistrate").

Significantly, the opposing papers filed by plaintiff Kashmir Gill ("Gill") are devoted exclusively to *ad hominem* attacks on Ms. Sandhu, the JUS Punjabi Entities and their counsel. Plaintiff never refers to the relevant statute, 28 U.S.C. § 455, or to a single judicial decision addressing disqualification. *See* Docket Doc. 120.

Instead, plaintiff and his counsel, among other things, deride defendants as attempting (1) to "bully" the Magistrate (*see* Doc. 120-1), (2) to "coerce" the Magistrate into ordering the commencement of depositions in a case that is now two-and-one-half-years old (*id.*), and (3) to engage in "obfuscation" and "denial" (*id.*). Moreover, in a childish comment, plaintiff contends – falsely and absurdly – that Ms. Sandhu has "thumbed her nose at the Court" (*id.*).

Plaintiff devotes his opposition papers to puerile name-calling and to gross misstatements of fact as to the immense scope of discovery Ms. Sandhu and the entity defendants have provided to Gill. Not a word of plaintiff's papers even attempts to address the serious issues of bias and lack of impartiality described in Ms. Sandhu's detailed supporting declaration.

In the final analysis, it is Ms. Sandhu, together with her companies, who (1) have exhaustively and repeatedly produced thousands of pages of documents and responded repeatedly to dozens of interrogatories and (2) complied repeatedly with directions to search and search again for documents and other information which defendants have already produced and for which they have repeatedly searched.

### Argument

### THE MAGISTRATE HAS ENGAGED IN CONDUCT AND EXPRESSED VIEWS THAT CREATE A SITUATION IN WHICH THE COURT'S IMPARTIALITY MIGHT "REASONABLY BE QUESTIONED" AND INDICATE "BIAS" AGAINST THE JUS PUNJABI ENTITIES AND MS. SANDHU

We recognize that in the first instance it is the Magistrate who makes the initial decision as to whether her conduct of the action creates a situation in which, given the terms of 28 U.S.C. § 455, her "impartiality might reasonably be questioned" or the extent to which she has a "bias" against the entity defendants and Ms. Sandhu.[1]

Ms. Sandhu's moving declaration sets forth her conviction, based on her direct on-the-record communications with the Magistrate, that the Magistrate has repeatedly (1) ignored Ms. Sandhu's explanations as to Ms. Sandhu's production of defendants' documents and defendants' extensive responses to plaintiff's interrogatories, (2) directed Ms. Sandhu again and again to search for documents and information for which she had previously exhaustively searched and which she and defendants have produced, and (3) obviously, and without foundation, did not credit Ms. Sandhu's statements.

Even more important, the Magistrate has plainly and repeatedly ignored Ms. Sandhu's articulate and urgent requests that, after more than two-and-a-half years of ruinous litigation for her and her business, the action proceed promptly to depositions and to trial and resolution. In effect, Ms. Sandhu has had an intense and long-term desire to bring this bogus and fundamentally simple action to trial. The reality is that the Magistrate's refusal to move this case to depositions and to trial decisively favors Gill, an immensely wealthy oil and gasoline distributor, by swamping and drowning Ms. Sandhu and her companies in paper discovery in which Ms. Sandhu and her businesses have produced enormous volumes of materials

---

[1] The Magistrate's initial decision is subject ultimately to the potential for review by the District Judge and the United States Court of Appeals for the Second Circuit.

and incurred legal expenses, as well as the diversion of her and defendants' management and creative resources, that pose serious risks to the defendants' broadcasting business.

It is obvious to Ms. Sandhu and to any objective observer of the totality of this case that Gill and his counsel do *not* want to prevail in this case on the merits. In context, it was Gill and his counsel who filed this case in February 2019 in the District of New Jersey – a jurisdiction with which defendants had no connection – and asserted as the primary causes of action that Ms. Sandhu and the entity defendants had violated the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §§1961 *et seq.*, a contention which was absurd on its face and ultimately withdrawn after defense counsel began to initiate the sanctions provisions for which Fed. R. Civ. P. 11 provides.

Even at the earliest stage of this case, Gill and his counsel thus exhibited a reckless disregard for efficiency, fairness, and any intention of securing a speedy resolution on the merits. Plaintiff's corrupt strategy was obvious even from the inception – delay, the imposition of immense expenses on defendants, and the *in terrorem* effect of placing Ms. Sandhu and her companies in the fear of losing their business solely because they were the victims of an immensely wealthy man whose vindictive intent has been to utilize the federal judicial machinery to secure revenge through the weight of ruinous expense.

As any review of the Docket reveals, Gill and his counsel have no interest in trial and the revelation of truth. Gill obviously does *not* want to testify either at deposition or trial, and with his counsel has made motion after motion, as well as engaging in transparent stratagem after stratagem, to avoid the day when he will have to testify to the truth at trial.

For purposes of this recusal motion, Ms. Sandhu, after numerous direct experiences with the Magistrate, is convinced that Gill's strategy has been advanced and that his objectives have been protected by the Magistrate. This is the core basis for Ms. Sandhu's conviction that the Magistrate's "impartiality might reasonably be questioned" and that the Magistrate has demonstrated "bias" against Ms. Sandhu and her companies. Moreover, of course, Ms. Sandhu and her companies – not to mention their former accountants and banking institutions – have produced thousands of pages of documents and vast quantities of private and commercially sensitive and confidential documents to Gill.

If Gill were a plaintiff with legitimate objectives – objectives which he in fact lacks – he and his counsel would not have allowed two-and-one-half years to pass, with no end in sight, to proceed expeditiously to trial. He has not done so because he has no viable claims in his prolix, obscure, and frequently ungrammatical amended complaint. And it is "reasonably" obvious that the Magistrate's "impartiality" can be questioned, as well as her bias against defendants evidenced, by allowing Gill's strategy to prevail.

\*   \*   \*

Under the circumstances, precedent fully warrants disqualification and recusal. *See, e.g., In re School Asbestos Litigation*, 977 F.2d 764 (3d Cir. 1992); *Liljeberg* v. *Health Servs. Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *Shell Oil Co.* v. *U.S.*, 672 F.3d 1283 (Fed. Cir. 2012); *Fairley* v. *Andrews*, 423 F.Supp. 2d 800 (N.D. Ill. 2006) (requiring recusal notwithstanding fact that judge had no extrajudicial interest in any party).

### Conclusion

For all the foregoing reasons, as well as for the reasons articulated in the moving declarations, an order should be entered granting the disqualification of the Magistrate pursuant to 28 U.S.C. §455.

Dated: New York, New York
      June 15, 2021

PAUL BATISTA, P.C.

By: _____
Paul Batista
Attorney for Defendants JUS Broadcasting
Corp., JUS Punjabi, LLC, JUS One Corp.,
JUS Broadcasting Corp PVT and Penny Sandhu
26 Broadway, Suite 1900
New York, New York 10004
(631) 377-0111(T)
Batista007@aol.com