UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
KASHMIR GILL,                                              :
                                                           :    Case No. 1:19
            Plaintiff,                                     :    cv-04216 (ILG) (PK)
                                                           :
        v.                                                 :
                                                           :
JUS BROADCASTING CORP.;                                    :
JUS PUNJABI, LLC; JUS ONE CORP;                            
JUS BROADCASTING CORP PVT and                              :
PENNY SANDHU,                                              
                                                           :
            Defendants.                                    
                                                           :
----------------------------------------------------------x

**REPLY DECLARATION OF DEFENDANT PENNY K. SANDHU
WITH RESPECT TO THE "GOOGLE" PRODUCTION AND
THE APPLICATION OF THE "KEY WORDS" TO THE PRODUCTION**

PENNY K. SANDHU declares under penalty of perjury as follows:

1. I am one of the defendants in this action. I am the founder, owner, and President of all the entity defendants (collectively, the "JUS Punjabi Entities"), which for approximately fifteen years I have developed into one of the largest satellite broadcasting networks serving the Indian-language communities in North America.

**Introduction and Summary**

2. I submit this declaration to refute false and misleading assertions in papers filed on June 11, 2021, by Alan Ackerman ("Ackerman"), who represents plaintiff Kashmir Gill ("Gill"), regarding what has become known in this litigation as the "Google" issue.

3. At the outset, I stress the ultimately crucial point that defendants' attorney has produced on June 17, 2021, to Ackerman hundreds of Bates-stamped pages containing "culled" Google emails exchanged over approximately a ten-year period between Gill and myself. This production is the culmination of many dozens of hours of work and effort by me to comply fully with the precise directions delineated by the Magistrate Judge assigned to this action.

4. As I explain in the balance of this declaration, I not only complied fully and exhaustively with the Magistrate's directives but I also object to the harassing efforts made by Ackerman and Gill in Ackerman's June 11 filing to impose so-called "protocols" that had never previously been raised by them and which are, to be frank, completely unnecessary and insulting.[1]

### Factual Background

*(i) The "Google" Subpoena and the "Culling" Procedure Imposed by the Court*

5. As part of Gill's continuing effort to destroy my business and me in a litigation that is now more than two-and-one-half years old, Ackerman in October 2020 served a non-party subpoena on Google LLC ("Google") which demanded that Google produce to Gill and Ackerman *every email I had sent or received from anyone and everyone in the world* for a ten-year period in connection with any subject.

6. As described more fully in the accompanying declaration of defendants' counsel, the Magistrate (1) directed Google to send *to me and me alone* all of the emails relating to the *jusbroadcasting.com* domain, (2) assigned to me and me alone the task of "culling" the emails to extract those emails exchanged between Gill and me containing specifically designated "key words" to which Ackerman and defense counsel agreed, (3) provided that, once I had performed the task assigned to me, I send to defense counsel the culled and extracted emails, and (4) directed that defense counsel forward the "culled" Google emails to Ackerman.

*(ii) Plaintiff's Effort to Radically Alter the Procedures*

7. In his accompanying declaration, defendants' counsel describes the exhaustive steps he took with Ackerman to develop the "key words."

---

[1] The accompanying declaration of defense counsel (the "Batista Decl.") also addresses issues raised by Ackerman's June 11 submission.

8. Although there were some delays caused by FedEx in the delivery to me of a thumb-drive containing all the Google emails, I began as promptly as I could the exhaustive and exhausting process of performing the tasks assigned to me by the Magistrate – tasks which, as previously indicated in this declaration, we have now fully completed as of June 17, 2021.

9. I was very disturbed on May 26, 2021, when I learned that Ackerman advised defense counsel that Ackerman had "second thoughts" as to the procedures imposed by the Magistrate. *See* Batista Decl. ¶¶ 15-17. In effect, Ackerman, after agreeing to the terms of the stipulation defense counsel had prepared, brazenly sought to alter the procedures. In assertions I regarded as insulting to me, Ackerman, in a May 26, 2017 email to defense counsel, wrote:

> I have given further consideration to the terms of the proposed Order which authorizes [Ms. Sandhu] to search through all emails and deliver emails containing the key words to Plaintiff. I do not believe that task should be left solely in the hands of [Ms. Sandhu]. I believe that Plaintiff [Gill] would designate an individual or company which will search emails and segregate the emails with key words . . . . Mr. Gill [has] voiced concerns . . . about Ms. Sandhu's veracity [and] require[s] that a third party oversee that process. [*See* Batista Decl. ¶ 17.]

10. After conferring with me, defense counsel responded promptly to Ackerman:

> And why did you not raise this with the Magistrate? You had many opportunities to do so.
>
> The Magistrate assigned this task to Ms. Sandhu and said nothing about a third party. [*See* Batista Decl. ¶17].

11. In addition, defense counsel wrote Ackerman:

> I have previously told you that Magistrate Kuo was crystal clear as to how this process would work. These are Ms. Sandhu's emails. You had ample opportunity to request that an independent party search the key words. You did not do that. Also, I drafted a detailed stipulation as to the key words and you were in complete agreement. Ms. Sandhu and I did precisely what the Magistrate required. You had no dispute until late last week [when] you interjected your "further thoughts" . . . We cooperated precisely [with] the procedure the Magistrate directed until you expressed your last minute additions, which are unnecessary. [*See* Batista Decl. ¶17.]

3

## Conclusion

12.     I have fully, accurately and at enormous expense of effort, money and time fulfilled my duties. There is no basis to alter the procedures imposed by the Magistrate. Indeed, the new "protocols" demanded by Gill and Ackerman are part and parcel of their deliberate and consistent effort to cripple the business of the JUS Punjabi Entities and to inflict as much financial pain and burden on defendants as possible.[2]

Dated: June 21, 2021

s/ Penny Sandhu / on consent PB
PENNY K. SANDHU

---

[2] I again note that the accompanying Batista Decl. provides additional factual details.