------------------------------------------------------- x

KASHMIR GILL,                     :

                                                 Case No. 1:19

        Plaintiff,         :    cv-04216 (ILG) (PK)

             v.                  :

JUS BROADCASTING CORP.;       :
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP PVT and   :
PENNY SANDHU,

                              :

        Defendants.

                              :

-------------------------------------------------------x

## DECLARATION OF PAUL BATISTA IN OPPOSITION TO THE JUNE 11, 2021 FILINGS BY ALAN ACKERMAN, THE ATTORNEY FOR PLAINTIFF KASHMIR GILL

      PAUL BATISTA, an attorney admitted to practice in this Court in 1975, declares under penalty of perjury as follows:

      1.     I represent all defendants. I submit this declaration in connection with, and in opposition to, *unnecessary and misleading* filings made on June 11, 2021 by Alan R. Ackerman ("Ackerman"), who represents plaintiff Kashmir Gill ("Gill"). Except as otherwise specifically indicated, I have personal knowledge of the facts set forth in this declaration.[1]

### Preliminary Statement

      2.     At the outset, I emphasize this declaration will describe the facts surrounding Ackerman's baseless and untimely demand (now framed as a motion) that the "protocols" for the "culling" of the emails provided by Google LLC ("Google") be radically altered. As I will demonstrate, Ms. Sandhu – who is Google's customer – followed precisely the instructions assigned to her by the Magistrate, and Ackerman arbitrarily sought to impose

---

[1] Accompanying this declaration is the declaration of defendant Penny K. Sandhu ("Ms. Sandhu"), the owner of all the entity defendants.

unacceptable "protocols" and procedures well after Ms. Sandhu and I complied with the Court's instructions *and* well after Ackerman and I had already agreed to a wholly appropriate stipulation.

3. Moreover, as Ms. Sandhu's accompanying declaration evidences, she has already completed the tasks assigned to her, and, after her expenditure of many dozens of hours of effort, she has "culled" the Google emails and hundreds of pages of her email exchanges with Gill were produced to Ackerman on June 17, 2021.

4. A fundamental point regarding Ackerman's fictional "Google" issue is that, long before Ackerman served a non-party subpoena on Google, Ms. Sandhu and the other defendants had produced *all* the emails in their possession, custody and control between Ms. Sandhu and Gill.

5. As a result of defendants' previous and massive document productions, it is obvious that Gill, given the nature of whatever relationship he believed he had with Ms. Sandhu, *already* has possession of every email which he sent to Ms. Sandhu and which she sent to him. In addition, in the enormous "document dump" Gill and Ackerman made during the course of this action, there are huge quantities of emails between Gill and Ms. Sandhu. It is completely reasonable to believe that Gill retained every email and text message he exchanged with Ms. Sandhu.

*(i) The Subpoena to Google*

6. Not content with the completeness of the email records produced by defendants, Ackerman served a non-party subpoena on Google in October 2020. It called for the production by Google of *every* email sent and received by Ms. Sandhu over a ten-year period. In an astounding gambit, the subpoena purported to encompass every email exchange Ms. Sandhu had with anyone and everyone in the world on any and all subjects.

7. As a consequence of a defense motion to quash or limit the Google subpoena, Google was ultimately required to produce only emails exchanged between Ms. Sandhu and Gill.

8. In addition, Google was required to send those emails *to Ms. Sandhu and Ms. Sandhu alone* since she was Google's client and customer. Furthermore, it was determined (1) that Ackerman and I prepare a list of *key words*, (2) that once Ackerman and I agreed on the key words *Ms. Sandhu and Ms. Sandhu alone* would search material provided to her by Google and isolate and segregate the emails exchanged between Gill and her that contained the *key words*, and (3) that Ms. Sandhu would provide me with the relevant emails and I in turn would provide them to Ackerman.

(ii) *The Preparation of and Agreement to the "Key Word" Stipulation*

9. I am the lawyer who carried the principal burden of developing an appropriate "key word" stipulation with Ackerman. Among other things, on Monday, May 17, 2021, I sent an email to Ackerman stating in part: "In an effort to accelerate this case, I have prepared in draft a key words stipulation and order. It is enclosed . . . Feel free to get back to me as soon as you can if you wish. Just trying to move the ball forward." *See* annexed Exhibit 1.

10. My May 17 email to Ackermann was accompanied by a May 17 draft of a formal proposed "Stipulation and Order Regarding 'Key Words' Applicable to JUS Broadcasting Google Account." (A copy of the May 17 draft stipulation and order I prepared is included as part of annexed Exhibit 1.)

11. Significantly, my May 17 draft stipulation and order contained all the "key words" which Ackerman had proposed to me.

12. After Ackerman received my May 17 email and my May 17 draft, we agreed to certain minor revisions of the draft stipulation and on May 24, 2021 I sent Ackerman a further revision of the "key words" stipulation. (A copy of the revised stipulation is annexed as Exhibit 2.)

3

13.     The revised stipulation not only listed all of the agreed-upon key words but provided language consistent with the Magistrate's procedures: "The undersigned attorneys . . . stipulate and agree that, as soon as Google delivers [to Ms. Sandhu] the material Google has been ordered to provide to Ms. Sandhu, . . . defendants will extract emails containing the 'key words.'" [*See* annexed Exhibit 2.] The May 24 draft also provided, consistent with the Magistrate's direction, that as "soon as the 'key words' are applied and the relevant emails extracted, defendants shall promptly convey in full to plaintiff's counsel all the designated emails." *Id.*

14.     In response to my May 24 draft, Ackerman wrote to me that the "proposed Stipulation and Order regarding Key Words is acceptable as drafted. . . ." [*See* annexed Exhibit 3.]

(iii)     *Plaintiff's Attempt to Alter the Court-Imposed Procedure*

15.     In a ploy which plaintiff Gill and Ackerman have followed again and again in this litigation, Ackerman on May 26, 2021, sent me an email in which he sought to renege on the stipulation and to radically alter the procedure imposed by the Court.

16.     In that belated email, Ackerman wrote that he had "given further consideration to the terms of the proposed Order . . . ." [*See* annexed Exhibit 4.] He proposed the appointment of a third party to conduct the search that the Court had entrusted to Ms. Sandhu. And, in the process of making that unjustified proposal insulted Mr. Sandhu by questioning her "veracity." *Id.*

17.     Ms. Sandhu and I were not prepared to submit to plaintiff's abusive and unjustified demand. In a series of emails to Ackerman, I made plain the simple reasons for objecting to the demanded, radical and belated suggested changes. (Annexed at Exhibit 5 are copies of the relevant emails from me to Ackerman articulating defendants' position.)

## Conclusion

18.    For the foregoing reasons, as well as for the reasons set forth in Ms. Sandhu's declaration, defendants respectfully request that the Court deny plaintiff's proposed changes to the established procedures regarding the so-called "Google" emails.

Dated: New York, New York
      June 21, 2021

                                     PAUL BATISTA

# Exhibit 1

| | |
|---|---|
| **From:** | batista007@aol.com |
| **Sent:** | Monday, May 17, 2021 3:40 PM |
| **To:** | 'Alan R. Ackerman' |
| **Subject:** | Key words proposed stipulation |
| **Attachments:** | Alan Ackerman, Eaq..pdf |

Alan,

In an effort to accelerate this case, I have prepared in draft a key words stipulation and order. It is enclosed.

Penny Sandhu dos have some issues with four or five of the words, and I need to discuss them with her so I understand what her concerns are and address them.

But feel free to get back to me as soon as you can if you wish. Jut trying to move the ball forward.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

KASHMIR GILL,                 :

                      Case No. 1:19
     Plaintiff,         :    cv-04216 (ILG)(PK)

       v.                  :

JUS BROADCASTING CORP.,      :
JUS PUNJABI, LLC, JUST ONE CORP.,
JUS BROADCASTING CORP PVT and   :
PENNY SANDHU,

                      :

     Defendants.

                      :

---------------------------------------------------------- x

### STIPULATION AND ORDER REGARDING "KEY WORDS" APPLICABLE TO JUS BROADCASTING GOOGLE ACCOUNT

     **A.**     The undersigned attorneys to the parties hereby stipulate and agree that material provided to defendants by Google, Inc. ("Google") pursuant to Court orders shall be monitored and screened for the following "key words" to determine, segregate and isolate those emails sent to, or received by, *penny@justbroadcasting.com*, and sent to, or received by, *kashmirgill@justbroadcasting.com*:

                Kashmir

                Gill

                Loan

                Borrow

                Gift

                Sex

                Sexual

                Married

Harass

Manipulate

Control

Repay

Note

Forgive

Disregard

Ignore

Contribution

Reimburse

Pay back

Transfer

Relentless

Expert

Niranjan B. Bapat

**B.** The undersigned attorneys to the parties hereby stipulate and agree that, as soon as Google delivers to defendant Penny K. Sandhu the material Google has been ordered to provide to Ms. Sandhu, counsel to the parties shall confer and agree as to the most reliable and efficient manner, including if necessary the retention of an independent expert, by which extract emails containing the "key words."

**C.** As soon as the "key words" are applied and the relevant emails extracted, defendants shall promptly convey in full to plaintiff's counsel all the designated emails.

Dated: New York, New York
May _____, 2021

LAW OFFICES OF ALAN R. ACKERMAN

By:_____

    Alan R. Ackerman
     Attorney for Plaintiff
    1719 Route 10 East
    Suite 104
    Parsippany, New Jersey 07054
    (973) 898-1177(T)
    *araesq@alanackermanlaw.com*

PAUL BATISTA, P.C.

By:_____

    Paul Batista
    Attorney for Defendants
    26 Broadway, Suite 1900
    New York, New York 10004
    (631) 377-0111
    *Batista007@aol.com*

S O  O R D E R E D

_____
                  *U.S.M.J.*

May _____, 2021

**Exhibit 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

KASHMIR GILL,                                         :

        Plaintiff,                              :  Case No. 1:19
                              :  cv-04216 (ILG) (PK)

        v.                                       :

JUS BROADCASTING CORP.;                             :
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP. PVT and                      :
PENNY SANDHU,
                              :

        Defendants.                             :
                              :

-------------------------------------------------------x

## STIPULATION AND ORDER REGARDING "KEY WORDS" APPLICABLE TO JUS BROADCASTING GOOGLE ACCOUNT

      **A.** The undersigned attorneys to the parties hereby stipulate and agree that material

provided to defendants by Google, Inc. ("Google") pursuant to Court orders shall be monitored

and screened for the following "key words" to determine, segregate and isolate those emails sent

to, or received by, *penny@jusbroadcasting.com*, and sent to, or received by,

*kashmirgill@jusbroadcasting.com* and exchanged between Kashmir Gill and Penny K. Sandhu at

those email addresses:

                    Kashmir

                    Gill

                    Loan

                    Borrow

                    Gift

                    Sex

                    Sexual

                    Married

Harass

Manipulate

Control

Repay

Note

Forgive

Disregard

Ignore

Contribution

Reimburse

Pay back

Transfer

Relentless

Exploit

Niranjan B. Bapat

IRS

Pay

Return

kashmirgill@jusbroadcasting.com

kashmirgill@gillenergy.com

American Express

Amex

Team

Promissory note

Need for IRS purpose

To Whom It May Concern

Karl Khandalawala

Deepu Advani

Umesh Advaney/Advani

Suraj Advane/Advani

Channel Punjabi

Surjit Gill

Say & Night

Tashan

**B.** The undersigned attorneys to the parties hereby stipulate and agree that, as soon as Google delivers to defendant Penny K. Sandhu the material Google has been ordered to provide to Ms. Sandhu, defendants will extract emails containing the "key words."

**C.** As soon as the "key words" are applied and the relevant emails extracted, defendants shall promptly convey in full to plaintiff's counsel all the designated emails.

Dated: New York, New York
    May 24, 2021

LAW OFFICES OF ALAN R. ACKERMAN

By _____

    Alan R. Ackerman
    Attorney for Plaintiff
    1719 Route 10 East
    Suite 104
    Parsippany, New Jersey 07054
    (913) 898-1177(T)
    *araesq@alanackermanlaw.com*

PAUL BATISTA, P.C.

By: _____

3

Paul Batista
Attorney for Defendants
26 Broadway, Suite 1900
New York, New York 10004
(631) 377-0111(T)
*Batista007@aol.com*

SO ODERED

_____

_U.S.M.J_

May _____, 2021

4

**Exhibit 3**

| | |
|---|---|
| **From:** | Brigette M. Czipo <bc@alanackermanlaw.com> |
| **Sent:** | Monday, May 24, 2021 3:48 PM |
| **To:** | Paul Batista |
| **Cc:** | Alan R. Ackerman; Shay Troncone; Kashmir Gill |
| **Subject:** | Gill v. Jus Broadcasting Corp., et al. |

Good afternoon Mr. Batista,

The proposed Stipulation and Order regarding Key Words is acceptable as drafted except please change the second to last item "Say & Night" to "Day & Night".

Brigette Czipo
Law Office of Alan R. Ackerman
1719 Route 10 East, Suite 104
Parsippany, NJ 07054

Tel # (973) 898-1177 x110
Fax # (973) 898-1230
Email:  BC@Alanackermanlaw.com

-------------------------------------------------------------------------------------------------------------------

NOTICE: This message contains information which may be confidential and privileged. Unless you are the intended recipient (or authorized to receive this message for the intended recipient), you may not use, copy, disseminate or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail, and delete the message. Thank you very much.

Exhibit 4

**batista007@aol.com**

| From: | batista007@aol.com |
|---|---|
| Sent: | Wednesday, May 26, 2021 2:45 PM |
| To: | 'Alan R. Ackerman' |
| Cc: | 'Penny K Sandhu - JUS TV' |
| Subject: | RE: Google Order |

And who would pay for that?

And why did you not raise this with the Magistrate? You had many opportunities to do so.

The Magistrate assigned this task to Ms. Sandhu and said nothing about a third party. I will pass your note along to Ms. Sandhu

From: Alan R. Ackerman <araesq@alanackermanlaw.com>
Sent: Wednesday, May 26, 2021 2:18 PM
To: batista007@aol.com
Cc: Kashmir Gill (kashmirgill@gillenergy.com) <kashmirgill@gillenergy.com>
Subject: RE: Google Order

I have given further consideration to the terms in the proposed Order which authorizes defendant to search through all emails and deliver emails containing the key words to Plaintiff. I do not believe that task should be left solely in the hands of the Plaintiff. I believe that Plaintiff should designate an individual or a company which will search all emails and segregate the emails with key words. Please talk to Ms. Sandhu and provide me with the name or names of proposed 3rd parties who can perform this task. I am sure that you will agree that the mistrust of Mr. Gill voiced by Ms. Sandhu and the concerns of Mr. Gill about Ms. Sandhu veracity require that a third party oversee this process. Please call to discuss.

Alan R. Ackerman, Esq.
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East, Suite 104
Parsippany, NJ 07054
(973) 898-1177 Office
(973) 898-1230 Facsimile
The information contained in this email transmission is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

From: batista007@aol.com <batista007@aol.com>
Sent: Wednesday, May 26, 2021 11:16 AM
To: Alan R. Ackerman <araesq@alanackermanlaw.com>
Subject:

Alan,

This reflects the linguistic change my client desired.

1

**From:**     batista007@aol.com
**Sent:**     Tuesday, June 1, 2021 12:21 PM
**To:**     'Alan R. Ackerman'

Alan,

I have previously told you that Magistrate Kuo was crystal clear as to how this process would work.  These are Ms. Sandhu's emails.

You had ample opportunity to request that an independent party search the key words. You did not do that.

Also, I drafted a detailed stipulation as to the "key words" and you were in complete agreement with the stipulation until I asked you last week to execute it.  And at the last minute you interjected elements you had ample opportunity to raise before.

Ms. Sandhu and her staff are perfectly capable of fulfilling the key word search.

Ms. Sandhu and I did precisely what the magistrate required.

You  had no dispute until late last week you interjected your "further thoughts".

I urge you to sign the key word stipulation as I prepared it with your cooperation so that we can submit it to the magistrate.

We cooperated precisely the procedure  the Magistrate directed until you expressed your last minute additions, which are unnecessary.

| | |
|---|---|
| **From:** | batista007@aol.com |
| **Sent:** | Thursday, May 27, 2021 10:33 AM |
| **To:** | 'Alan R. Ackerman' |
| **Subject:** | RE: Google Order |

Alan,

The entire "Google" issue has been vetted again and again since October, when you served Google with a subpoena for all Ms. Sandhu's emails for a decade-long period from her and to her involving everyone in the world.

I successfully contested the breadth of the subpoena, and there were several sessions with the Magistrate on this Google issue.

She fashioned a directive that she believed was appropriate, and Ms. Sandhu, to whom the Magistrate's directive was directed, complied in full, as did Google. Ms. Sandhu now has the thumbdrive (if that is the right word) and is screening that device.

Despite multiple opportunities, you never once raised the issue of a third party monitoring the Google device to elicit key words.

Over the last several weeks I worked extensively and cooperatively with you to select the key words and prepare a stipulation, and took the laboring oar in preparing the stipulation, as well as including all the key words you suggested. I sent you the final version of that stipulation yesterday with a request that you sign it so that it could be submitted to the Magistrate and so ordered.

And then, late in the afternoon yesterday, I received an email from you stating you had given all of this carefully developed resolution further thought, and demanding that a third party be appointed to search out the keywords.

From the very outset, that task had been assigned by the Magistrate to Ms. Sandhu, who is performing the assigned function.

At this stage, in light of all the history of this and the many opportunities you had to suggest the "third party" intervention – and in light of all the expense my clients have incurred in precisely complying with the Magistrate's clear directives – I urge you to sign the stipulation regarding key words which you and I carefully developed over the last two or more weeks. I believe we worked quit cooperatively on it, and now you appear to want to move the goal post with a proposal you had many opportunities to raise and never did until yesterday. That is the stipulation I will sign, and I urge you to do the same as well.

**From:** Alan R. Ackerman <araesq@alanackermanlaw.com>
**Sent:** Thursday, May 27, 2021 10:01 AM
**To:** batista007@aol.com
**Subject:** RE: Google Order

I have two thoughts on the oversight of the keyword culling. Each party can have a representative present to oversee the process, or we can hire an independent company or computer geek. Let's get a price and we will talk about cost sharing.

Alan R. Ackerman, Esq.

If it's acceptable to you, please sign it and you have my consent and authority to sign my name to it. If you have the time, perhaps you could arrange to have it filed. I am very short-staffed today.

| | |
|---|---|
| **From:** | batista007@aol.com |
| **Sent:** | Tuesday, June 1, 2021 12:22 PM |
| **To:** | 'Penny K Sandhu - JUS TV' |
| **Subject:** | FW: |

FYI

**From:** batista007@aol.com <batista007@aol.com>
**Sent:** Tuesday, June 1, 2021 12:21 PM
**To:** 'Alan R. Ackerman' <araesq@alanackermanlaw.com>
**Subject:**

Alan,

I have previously told you that Magistrate Kuo was crystal clear as to how this process would work. These are Ms. Sandhu's emails.

You had ample opportunity to request that an independent party search the key words. You did not do that.

Also, I drafted a detailed stipulation as to the "key words" and you were in complete agreement with the stipulation until I asked you last week to execute it. And at the last minute you interjected elements you had ample opportunity to raise before.

Ms. Sandhu and her staff are perfectly capable of fulfilling the key word search.

Ms. Sandhu and I did precisely what the magistrate required.

You had no dispute until late last week you interjected your "further thoughts".

I urge you to sign the key word stipulation as I prepared it with your cooperation so that we can submit it to the magistrate.

We cooperated precisely the procedure the Magistrate directed until you expressed your last minute additions, which are unnecessary.