**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

KASHMIR GILL,                    :

        Plaintiff,               :

            v.                 :

JUS BROADCASTING CORP.;          :
JUS PUNJABI, LLC; JUS ONE CORP;
JUS BROADCASTING CORP PVT and    :
PENNY SANDHU,

                          :

        Defendants.              :

-------------------------------------------------------- x

Case No. 1:19
cv-04216 (ILG) (PK)

**DECLARATION OF PENNY K. SANDHU IN RESPONSE**
**TO THE MINUTE ORDER ENTERED JULY 6, 2021**

PENNY K. SANDHU declares under penalty of perjury as follows:

1.      I am a defendant in this litigation. I am also the founder, President, Chief

Executive Officer and owner of the entity defendants, JUS Broadcasting Corporation, JUS Punjabi,

LLC, JUS One Corp., and JUS Broadcasting Corp PVT LTD (collectively, "JUS Broadcasting").

Except as otherwise specifically indicated, I have personal knowledge of the facts set forth in this

declaration.

**Introduction and Purpose of This Declaration**

2.      On July 6, 2021, this Court (Hon. Peggy Kuo, *U.S.M.J.*) issued a minute

order which appeared on the docket of this action. In relevant part, that minute order stated:

> Before the Court can rule on Plaintiff's cross-motion [120] for the Court to
> "adopt a protocol to cull the Google emails, including appointing a neutral
> individual to perform the process . . ." [120-1 at 5], Defendants must provide
> written details for the culling process they used to determine which emails
> were included in the production to Plaintiff. *Defendants must state at a*
> *minimum, (1) their methodology for running the key word search terms*
> *(whether it was done manually with each key word or whether a particular*
> *program or application was used), (2) whether they limited production*
> *based on the sender or recipient of emails, (3) whether they omitted certain*
> *types or categories of emails, (4) whether they used any criteria other than*

*the agreed-upon key word search terms to "cull" the emails (and if so what those criteria were and how they were implemented), and (5) whether they have withheld any emails based on privilege.* [*See* Dkt. entry on July 7, 2021; emphasis supplied.]

3.      In the balance of this declaration, I will respond to the specific issues identified in the July 7, 2021 order.

*(i) "Methodology"*

4.      When I received directly from Google LLC ("Google") the thumbdrive containing emails sent through or received from my Google account, I utilized the "Outlook" application and initially determined that the Google-provided thumbdrive contained more than 300,000 emails sent from and received by me for the period spanning 2011 to the present.

5.      Again using the Outlook application, I ran the key word search terms through the emails extracted by "Outlook" involving emails exchanged between *penny@jusbroadcasting.com* and *kashmirgill@jusbroadcasting.com*.

*(ii) "Limitations"*

6.      "Outlook" placed no limitations based on the sender or recipient of the *penny@jusbroadcasting.com* and *kashmirgill@jusbroadcasting.com* emails extracted from the total of several hundred thousand emails in the Google thumbdrive which were sent by, or received to, *penny@jusbroadcasting.com*.

*(iii) The Issue of "Omissions"*

7.      Neither the "Outlook" program nor I omitted any "types or categories of emails." *See* Dkt. Entry dated July 6, 2021.

### (iv) The Issue of "Other Criteria"

8.     Neither the "Outlook" application nor I "used any criteria other than the agreed-upon key word search terms to 'cull' the emails (and if so, what those criteria were and how they were implemented) . . ." (*id.*).

### (v) The Non-Withholding of Emails

9.     *All* emails containing the key words as a result of the process described in this declaration were produced to plaintiff's counsel after I sent them by computer transmission to defense counsel. Nothing was withheld, and no claims of attorney-client privilege were asserted.[1]

Dated: Long Island City, New York
         July 14, 2021

PENNY K. SANDHU

---

[1] It merits emphasis that *all* of the emails recently sent to plaintiff's counsel as a result of the process described in this declaration were also provided at an early stage of this action by defendants to plaintiff. Indeed, the earlier production of emails was even more extensive since key words were not utilized and the entire issue of key words had not even arisen at that earlier point. Moreover, plaintiff's own earlier production of approximately 14,000 pages of documents appears to contain the same emails which defendants have now twice produced to plaintiff.