UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                                      :

KASHMIR GILL,                            :          **ORDER**

                    Plaintiff,       :

                                  :          19-cv-04216 (ILG) (PK)

          -against-                       :

                                  :

                                  :

JUS BROADCASTING CORP, JUS PUNJABI,  :
LLC, JUS ONE, CORP., JUS BROADCASTING  :
CORP PVT LTD, and PENNY SANDHU,       :

                                  :

                    Defendants.    :
-------------------------------------------------------------- X

**Peggy Kuo, United States Magistrate Judge:**

      Jus Broadcasting Corp, Jus Punjabi LLC, Jus One, Corp., JUS Broadcasting Corp PVT LTD, and Penny Sandhu ("Defendant Sandhu") (collectively, "Defendants") move to disqualify the undersigned pursuant to 28 U.S.C. §455. ("Motion," Dkt. 119.) The undersigned finds no basis for disqualification and denies the Motion.

## THE PARTIES' ARGUMENTS

      Defendants allege that disqualification is required because the undersigned's "'impartiality might reasonably be questioned,'" and because the undersigned has "evidenced a 'personal bias or prejudiced concerning a party.'" (Motion at 1.)

      Defense counsel in his declaration states,

> I have allowed the Magistrate [Judge] to engage in extensive on-the-record conversations with [Defendant Sandhu] and the Magistrate [Judge] has consistently ignored, elided or evaded Ms. Sandhu's comments and required Ms. Sandhu to repeat endlessly tasks related to discovery that Ms. Sandhu has repeatedly and in good faith performed.

(Declaration of Paul Batista ("Batista Decl."), Dkt. 119-2 ¶ 4.) He claims that Defendant Sandhu "has from the beginning, among other things, urged the Magistrate [Judge] to move this action to trial. The

1

Magistrate [Judge] has refused to do so." (*Id.* ¶ 6.) He also claims that the undersigned "has consistently ignored Ms. Sandhu's direct and clearly stated requests that the Magistrate [Judge] schedule depositions and move this litigation to trial before the District Judge." (*Id.* ¶ 12.)

Defendant Sandhu in an unsworn declaration states, "I am convinced that the Magistrate [Judge] is not 'impartial' for the purposes of 28 U.S.C. § 455 and that she bears a 'bias' against the JUS Punjabi Entities and myself." (Declaration of Penny Sandhu ("Sandhu Decl."), Dkt. 119-3 ¶ 2.) She points to what she characterizes as a "fundamental failure…to advance this case to trial despite the fact that [the Magistrate Judge] is well aware that the repetitive and interminable prolongation of this case without any prospect of resolution poses serious business and financial risks to defendants' business." (Sandhu Decl. ¶ 3.) She claims that Plaintiff has an "underlying strategy of thwarting the resolution of the action and avoiding the taking of depositions and the prompt movement of this case to trial" and that "the Magistrate [Judge]'s acceptance of the defense [sic] strategy discloses a glaring lack of impartiality and a blatant bias against defendants." (*Id.* ¶ 6.) She further states,

> It is obvious to me as a layperson that the Magistrate [Judge] has repeatedly participated in the strategy of [Plaintiff] and his counsel to freeze this action in the repetitive process of visiting and re-visiting interrogatory and document issues with which my companies and I have already complied and to which we have responded.

(*Id.* ¶ 9.) Moreover, she states, "From my standpoint as a layperson and client, the Magistrate [Judge]'s negative comments about counsel and her assertion that she will sanction him[1] are in reality calculated to punish my companies and me." (*Id.* ¶ 12.)

---

[1] During a telephone conference on April 22, 2021, the undersigned admonished the parties for failing to comply with the Court's January 14, 2021 Order regarding the production of emails. (*See* Minute Entry dated Jan. 14, 2021; Minute Entry dated April 25, 2021.) The parties were given notice that the Court intends to issue monetary sanctions against both Defendants' counsel and Plaintiff's counsel "for their ongoing failures in the conduct of discovery in this case, despite the Court's repeated admonitions, resulting in the unnecessary expenditure of the Court's time on matters that could have been easily resolved or avoided." (Minute Entry dated April 25, 2021.) Defendants filed the Motion on June 1, 2021.

Defendants argue that the undersigned has "obvious disdain" for Defendant Sandhu and an "apparent preference" for "[P]laintiff's position, and that the undersigned has demonstrated a "rigid refusal to acknowledge the disproportionately unfair advantage of an extremely wealthy plaintiff with respect to a much financially weaker adversary." (Defendants' Legal Memorandum In Support of Their Motion to Disqualify Magistrate Peggy Kuo ("Defs. Memo") at 3-4, Dkt. 119-1.)

Plaintiff opposes the Motion and states that the Motion is "in reality an attempt to bully the court to schedule depositions and ignore Defendants' total failure to provide written discovery." (Declaration of Alan R. Ackerman, Dkt. 120-2 ¶ 1.) Plaintiff also points to the many rulings by the Court against Plaintiff. (*Id.* at ¶ 8.)

## DISCUSSION

The provisions of 28 U.S.C. § 455 relevant to the Motion state:

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding…

A judge's disqualification pursuant to 28 U.S.C. § 455(a), where the judge's "impartiality might reasonably be questioned," is limited to circumstances where the alleged partiality or bias stems from an extrajudicial source or is "so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. More than mere dissatisfaction with a Court's rulings is required to establish a basis for recusal. Indeed, such rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required…." *Id.*

Disqualification under 28 U.S.C. § 455(b)(1), where the judge "has a 'personal bias' for or against any party," is required "only where bias is evident from 'extrajudicial conduct' as distinct from

3

'conduct which arises in a judicial context.'" *Ocasio v. Fashion Inst. of Tech.*, 9 F. App'x 66, 67 (2d Cir. 2001) (citation omitted) (finding recusal not required where no personal, extrajudicial source of bias alleged or shown).

In determining whether recusal is warranted under 28 U.S.C. § 455(a), the appropriate standard is objective reasonableness, or whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton,* 534 F.3d 97, 100-101 (2d Cir. 2008) (citation omitted).

A judge has an obligation to stay on a case when there is no basis for recusal. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is").

Here, Defendants do not describe any extrajudicial source of the undersigned's alleged partiality or bias. Rather, they complain only about what amounts to adverse rulings in the undersigned's pretrial management of this case, in particular, decisions regarding discovery and the delay that purportedly resulted. Thus, Defendants have failed to allege any basis for recusal under Section 445(b)(1).

There is also no basis for disqualification under Section 445(a). In addition to failing to allege bias and partiality stemming from any extrajudicial source, Defendants also fail to show that any opinions formed by the undersigned in the course of the proceedings in this case "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. *See also*, *Weisshaus v. Fagan*, 456 F. App'x 32, 34-35 (2d Cir. 2012). Judicial rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required…when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555. Indeed, the Supreme Court held that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky* 510 U.S. at 555. As an

4

example of when there might be such rare and extreme antagonism, the Court pointed to statements attributed to a judge in a World War I espionage case against German Americans, in which the judge said that it would be difficult not to be prejudiced against German Americans "because their 'hearts are reeking with disloyalty.'" *Liteky* 510 U.S. at 555 (citing *Berger v. United States,* 255 U.S. 22, 41 (1921).)

Defendants have described no facts that demonstrate any favoritism or antagonism that is so deep-seated as to make fair judgment by the undersigned impossible. It is clear from the unsworn declarations and legal memoranda submitted by Defendants that Defendants are simply unhappy with the course of discovery and their obligations under the Federal Rules of Civil Procedure, which they find to be onerous. Taking issue with a judge's rulings, however unfavorably they may affect a party, is an insufficient basis for disqualification under Section 455 (a).

Moreover, Defendants have not pointed to any specific rulings or comments by the undersigned, making only generalized allegations that the undersigned is participating in Plaintiff's strategy of delay by requiring Defendant Sandhu "to repeat endlessly tasks related to discovery" which had already been done. (Batista Decl. ¶ 4.) Defendants fail to articulate which tasks they were required to "repeat endlessly," so the Court is unable to determine whether, in fact, those tasks had been completed in compliance with their discovery obligations. Defendants also fail to specify which actions by the undersigned have needlessly led to delay.

The record shows that the undersigned has repeatedly admonished *both* parties for the slow pace of discovery. During a discovery conference held by telephone on November 5, 2020, the Court already told the parties that the matter needed to move expeditiously.

> THE COURT: For whatever reason counsel feels a need to interrupt and to make comments that are just not necessary to the issues. So I'm -- I've already asked you before, just tone it down and be more professional. And I'm going to put it on the record again this time in front of your clients to say that you need to be more professional and be respectful of the Court and opposing counsel and let's move on. We need to get this case moving forward so it can be decided on the merits. Understood, Mr. Ackerman?

5

>MR. ACKERMAN: Yes, your Honor.
>
>THE COURT: And, Mr. Batista, understood?
>
>MR. BATISTA: Yes, your Honor, uh-huh.

(Nov. 5, 2020 Tr. 55:2-11; s*ee also* Jan. 14, 2021 Tr. 2:25-4:20; Minute Entry dated Aug. 6, 2020; Minute Entry dated Aug. 21, 2020; Minute Entry dated Apr. 25, 2021.)

Despite their complaints about the slow pace and burdens of discovery, Defendants point to no errors in the Court's rulings on the various motions for protective orders and motions to compel by both parties and do not explain why they must wait for the Court to "order depositions" when the Court Order of April 25, 2021 stated, "The parties are ordered to cooperate in agreeing on email search terms and setting a deposition schedule." (Minute Entry dated Apr. 25, 2021.) The undersigned also stated during the conference on April 22, 2021, after asking both counsel whom they intended to depose, "if you're going to have all the emails produced in May, then I suggest that you start planning and scheduling those depositions in June." (Apr. 22, 2021 Tr. at 49:2-5.) Defendants have not shown any inability to comply with the Court order to set a deposition schedule, nor have they moved to compel any depositions.

Defendants cite no cases in which the kind of "bias" alleged here formed the basis for recusal. Instead, the cases cited by Defendants involve extrajudicial conduct not alleged here. (*See* Defs. Mem., Dkt. 119-1 at 2; Defendants' Reply Memorandum in Further Support of Motion For Disqualification of Magistrate Peggy Kuo Pursuant of [sic] 28 U.S.C. § 455 ("Defs. Reply Mem.") at 4, Dkt. 121.) *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988) (affirming decision to vacate judgment where trial judge was trustee of university with a financial interest in the litigation); *U.S. v. Ritter*, 540 F.2d 459, 464 (10th Cir. 1976) (appellate court found that "the interests of justice" required assignment of criminal trial to another judge in "a practical action which seeks to avoid stress, trouble and

complications in the upcoming trial" where trial judge was "disagreeable" to government lawyers "and at the same time was friendly and apologetic" to lawyer who presided over bar association commission considering resolutions recommending impeachment and disability proceedings against the judge); *In re School Asbestos Litigation*, 977 F.2d 764 (3d Cir. 1992) (finding that a reasonable person might question the judge's ability to remain impartial after the judge accepted an invitation to attend a conference supported by plaintiff's settlement funds); *Selkridge v. United of Omaha Insurance Co.*, 360 F.3 155 (3d Cir. 2004) (disqualifying judge after he admitted he was "stung" by a lawyer's personal attack in published letter and recused himself in some but not all cases involving that lawyer); *Shell Oil Co. v. U.S.*, 672 F.3d 1283 (Fed. Cir. 2012) (recusal mandated based on spouse's financial interest in parent corporation of some defendants).

Defendants cite only one case in which the basis for recusal did not involve an extrajudicial interest in a party. (Defs. Reply Mem. at 4.) That case is easily distinguishable. In *Fairley v. Andrews*, 423 F. Supp 2d 800 (N.D. III 2006), the trial judge concluded that recusal was required based on his acknowledgment that his comments suggesting public corruption on the part of the government defendant for not settling the case were "a mistake in judgment" and that he "may have pushed too hard" for the government to settle. *Id.* at 819, 821. No such one-sided inflammatory comments have been made against Defendants. *See Liteky*, 510 U.S. at 555.

As in *Liteky*, the matters Defendants complain of consist of "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses…. [which] occurred within the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky* 510 U.S. at 556. Any reasonable person, possessing knowledge of all the facts, would not reasonably question the undersigned's impartiality or find any degree of favoritism or antagonism toward either party that would make fair

7

judgment impossible. The Motion specifies no extrajudicial conduct that warrants recusal. Defendants base their request for recusal purely on the undersigned's routine case management efforts, ordinary admonishments, and judicial rulings, which are all within the course of judicial proceedings. Accordingly, Defendants have not presented any grounds for disqualification under 28 U.S.C. §§ 455 (a) or (b)(1).

## CONCLUSION

For the reasons stated above, the undersigned denies Defendants' Motion.

SO ORDERED:

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
September 13, 2021