# LAW OFFICES OF
# ALAN R. ACKERMAN

October 11, 2021

*Via CM ECF*

Honorable I. Leo Glasser, U.S.D.J.
U.S. District Court Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Gill v. Jus Broadcasting Corp. et al.*
               *Case No. 1:19-cv-4216 (ILG)(PK)*

Dear Judge Glasser:

      This office is counsel to Plaintiff, Kashmir Gill, with respect to the above matter. This correspondence is submitted, pursuant to Fed.R.Civ.P.72, in response to Defendant's request for Your Honor to review and overturn the Order of Magistrate Judge Kuo dated September 13, 2021 denying Defendant's Motion for her to disqualify herself.

      This matter involves Plaintiff's attempt to (a) prove that he is a partner in all of the Defendant entities having transferred in excess of $2 million to Defendants to purchase an equal partnership interest in the entities; or (b) In lieu thereof, Plaintiff seeks to recover the monies advanced together with reasonable interest. Plaintiff requires Defendants' documents to establish the parties' intent and document how the funds transferred to Defendants were categorized in Defendants' ledgers.

---

Alan R. Ackerman, Esq.
Counsellor at Law
Admitted NJ, NJ District Court
3rd Cir. Court of Appeals

T. (973) 898-1177
F. (973) 898-1230

araesq@alanackermanlaw.com
1719 Route 10 East, Suite 104
Parsippany, NJ 07054

Candidly, I was shocked and surprised that Defendant filed a Motion requesting that Magistrate Judge Kuo disqualify herself. Defendant's Motion has no basis in fact and is an ill-conceived litigation strategy to bully Magistrate Judge Kuo into allowing depositions of the parties and other fact witnesses to begin. Magistrate Judge Kuo previously denied Defendant's request to commence depositions because Defendants have not answered or responded to Plaintiff's discovery requests ignoring Orders requiring Defendants to more specifically respond to Interrogatories and to provide responses to Plaintiff's document requests. Plaintiff has filed several discovery Motions to compel the above.

Prior to entering discovery orders, Magistrate Judge Kuo held several telephone conferences with attorneys and parties. During each conference, Magistrate Judge Kuo patiently reviewed Plaintiff's discovery demands with Defendant Penny Sandhu, individually and as Sole Member of the entity Defendants, imploring her to redouble her efforts to search for documents and answer Interrogatories, which she had refused to do. As of this date, the Defendants have not provided more specific answers to Interrogatories nor provided the majority of the documents, all of which have been subsumed in discovery Orders entered against them.

On several occasions, despite Plaintiff's discovery motions, Magistrate Judge Kuo delayed granting Plaintiff's requests to compel for more specific answer hoping that the parties would resolve issues amongst themselves. Due to Defendant's obstreperous conduct, the parties were never successful. Magistrate Judge Kuo then threatened to sanction both attorneys because of their failure to resolve the discovery issues.

The dispute concerning the production of all discovery, which should have been resolved 15 months ago, have not been resolved due to Defendant's failure and refusal to provide more

specific answers to Interrogatories and provide the requested documents. Because Magistrate Judge Kuo would not order depositions until Defendants complied with Plaintiff's written discovery demands, Defendants then decided to file a Motion for Magistrate Judge Kuo to recuse herself claiming that she was bias against Defendants. Conversely, Magistrate Judge Kuo was merely enforcing entered Orders compelling Defendants to respond to Plaintiff's discovery demands which are reasonable and are necessary in order for Plaintiff to properly prosecute this matter. Defendants' Motion for Magistrate Judge Kuo to recuse herself was a bad faith attempt by Defendants to hide the fact that no documents had been produced.

This matter has been pending for over two years. Although Plaintiff has obtained some documents from Defendants' former accountant, the Defendants have provided no financial documentation. This financial documentation is essential. Defendants operate cable television networks entitled Jus Broadcasting. It is inconceivable that Defendants do not have financial documents. It is Defendants intent to specifically delay this matter hoping that Plaintiff will grow weary in expending attorney's fees due to the passage of time and the filing discovery motions ad nauseam to compel Defendants to produce documents.

The Court should take note that the fact that Plaintiff responded to Defendants' extensive discovery demands well over 15 months ago. There have been no further requests for documentation since that time.

Defendants' strategy is palpable. Defendants are hoping that this Court will reverse Magistrate Judge Kuo's Orders, disqualify her, and then replace her with a new Magistrate Judge who will ignore the prior discovery Orders and immediately commence depositions. Magistrate Judge Kuo would not allow depositions to commence until Defendant complies with the written

discovery Orders, which it continues to ignore. It is impossible for Plaintiff to properly depose Defendants until its financial documents have been produced. Without the production of those documents, Defendants can easily deny Plaintiff's allegations because it has not produced the financial documents which demonstrate (a) receipt of the funds and (b) and they were applied towards as consideration for Plaintiff's partnership interest.

Defendants have chosen to file this Motion for Magistrate Judge Kuo to recuse herself rather than to comply with Plaintiff's discovery requests. A false charge of bias against the Court is not a substitute for complying with discovery orders. Your Honor should summarily deny Defendant's request.

Respectfully submitted,

LAW OFFICES OF ALAN R. ACKERMAN

ARA/ st            BY:   ALAN R. ACKERMAN, ESQ.

cc:   Kashmir Gill
      Paul Batista, Esq.