Case 1:19-cv-04216-ILG-PK   Document 132   Filed 10/15/21   Page 1 of 6 PageID #: 1746

File Date: 10/15/2021
U.S. DISTRICT
COURT-EDNY
BROOKLYN OFFICE
Clerk's Office

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KASHMIR GILL,

                Plaintiff,                      MEMORANDUM AND ORDER
                                                     19-CV-4216 (ILG) (PK)

   - against -

JUS BROADCASTING CORP., JUS PUNJABI,
LLC, JUS ONE CORP., JUS
BROADCASTING CORP PVT LTD, and
PENNY SANDHU,

                Defendants.
------------------------------------------------------------x

**GLASSER**, Senior United States District Judge:

      Pending before the Court are defendants JUS Broadcasting Corp., JUS Punjabi LLC, JUS One Corp., JUS Broadcasting Corp PVT LTD, and Penny Sandhu's (collectively, "Defendants") objections to the Magistrate Judge's Order denying their motion to disqualify her. [ECF No. 130]. Defendants contend that the Magistrate Judge's impartiality might reasonably be questioned given her treatment of them through the pre-trial process. For the following reasons, Defendants' objections are **OVERRULED** and their motion is **DENIED**.

## BACKGROUND

      Plaintiff Kashmir Gill ("Plaintiff") commenced this action in February 2019 to recover millions of dollars that he claims the Defendants obtained from him through fraud and other misconduct. [ECF No. 1]. Since that time, the case has not proceeded past discovery. Rather, the docket reflects that both Plaintiff and Defendants have engaged in obstreperous conduct, causing the Magistrate Judge to issue repeated warnings and castigations to both sides. *See* [Nov. 5, 2020 Hr'g Tr. 55:2-11; Jan. 14, 2021 Hr'g Tr. 2:25-5:8; Minute Entry dated Aug. 21, 2020 ("The Court admonishes counsel that their conduct of this matter to date has fallen short of the standards of

1

professionalism and competence expected of counsel in this Court. Continuing instances of discourtesy, inattention, and ignorance (feigned or actual) will not be tolerated."); Minute Entry dated Apr. 25, 2021].

On June 1, 2021, Defendants moved pursuant to 28 U.S.C. § 455 to disqualify the Magistrate Judge on the grounds that she lacks impartiality and has exhibited bias against them. [ECF No. 119-1]. In support of their motion, the Defendants note that they "have repeatedly been prejudiced by the Magistrate's persistent refusal to move this two-and-one-half-year-old litigation to depositions and trial," that "the Magistrate has allowed plaintiff . . . to litigate, re-litigate and exhaust self-fabricated issue after issue," evidencing "a highly unusual bias in favor of plaintiff and against defendants," and that the "Magistrate has consistently imposed burden-after-burden on [Defendants] to search repeatedly for documents" that have been produced. *Id.* at 2-3. Defendants also argue that defendant Sandhu is "convinced that the Magistrate bears a bias toward her and defendants and has failed to comprehend and respond to [her] explanations and positions," and state that the Magistrate Judge has made repeated *ad hominem* comments regarding defense counsel. *Id.* at 3.

Plaintiff opposed Defendants' motion, arguing that the motion was actually an attempt to bully the court into compelling depositions to take place, despite Defendants having so far failed to complete their document production as ordered. [ECF No. 120-1].

On September 13, 2021, the Magistrate Judge denied Defendants' motion to disqualify, finding that the Defendants had not presented any grounds for disqualification under 28 U.S.C. § 455(a) or (b)(1). [ECF No. 129].

On September 27, 2021, Defendants filed an objection to the Magistrate Judge's Order pursuant to Federal Rule of Civil Procedure 72. [ECF No. 130]. In their objection, the Defendants again focused on the fact that, although the case has been pending for nearly three years, the Magistrate Judge has refused to schedule any depositions or progress the case towards trial. Defendants argue that the "case continues to be so grossly mishandled in a fashion so blatantly prejudicial to defendants that the Magistrate should be recused." [ECF No. 130], at 2, 4.

## DISCUSSION

28 U.S.C. § 455 provides, in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. §§ 455(a)-(b)(1). This Court has previously expounded on this statute, its purposes, and what is required to trigger its provisions. *See LoCascio v. U.S.*, 372 F. Supp. 2d 304, 316-17 (E.D.N.Y. 2005); *Garofalo v. Gravano*, 23 F. Supp. 2d 279, 285-87 (E.D.N.Y. 1998). As the Court explained in *Garofalo*, "bias and prejudice that is alleged to be disqualifying must come from an extrajudicial source." 23 F. Supp. 2d at 285. Quoting the Supreme Court's explanation in *Liteky v. U.S.*, 510 U.S. 540, 555-56 (1994), this Court continued,

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S. at 583, 86 S.Ct. 1698. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or

3

> antagonism that would make a fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a basis for a partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.* (quoting *Liteky*, 510 U.S. at 555); *see also United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996) ("Events occurring in the course of judicial proceedings generally do not constitute a basis for recusal unless they indicate that the judge has a deep-seated favoritism or antagonism that would make fair judgment impossible.") (internal quotations omitted).

Here, Defendants' motion to disqualify is entirely based on the actions and purported inactions of the Magistrate Judge during the pre-trial process. Nowhere in the parties' briefing is there a single reference to any extrajudicial source of any alleged bias or prejudice. To prevail on their motion, then, the Defendants must show such a high degree of favoritism or antagonism as to make fair judgment impossible. They have failed to do so. Rather, as Defendants themselves put it, "[a]t the very heart" of their motion the fact that this action has been pending for what they say is an "unprecedented" amount of time and that the Magistrate Judge "has refused to even schedule a single deposition." [ECF No. 130], at 2. Such complaints are a far cry from what is required to satisfy the statute, especially because, as the docket makes clear, Defendants have been the cause of much of the delay in bringing this case forward.

The docket shows that Defendants have failed to comply with their discovery obligations under the Federal Rules and failed to comply with the Magistrate Judge's orders attempting to enforce those rules. By way of just one example, the docket shows that Defendants have not even been able to file redacted documents in conformity with the rules and Magistrate Judge's orders, causing documents to be re-filed by the Magistrate Judge herself. *See* [Minute Entry dated Aug. 6, 2020; Minute Entry dated Aug. 21, 2020; ECF No. 95]. Defendants' objections – which are

founded on complaints caused by their own conduct – are therefore **OVERRULED** and their motion is **DENIED**.

Before concluding, the Court notes Defendants' allegation that the Magistrate Judge has made *ad hominem* statements against defense counsel. [ECF No. 119], at 3. Defendants do not, however, indicate what these statements were or support their charge with any citation to the record. Defendants are charging, in essence, that the Magistrate Judge has violated her oath to faithfully and impartially discharge her duties. 28 U.S.C. §§ 453, 631(g). This Court takes such an allegation very seriously. To attribute such behavior to the Magistrate Judge without foundation is sanctionable, something that Defendants' counsel should know. *See* N.Y. Rules of Professional Conduct 3.3(f)(2) ("In appearing as a lawyer before a tribunal, a lawyer shall not . . . engage in undignified or discourteous conduct) and 8.4(d) ("A lawyer of law firm shall not . . . engage in conduct that is prejudicial to the administration of justice."); *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116-17 (2d Cir. 2000) (unsubstantiated allegations impugning the integrity of Judge "cross the line from passionate advocacy and disagreement with a court's decision into sanctionable conduct evincing bad faith"); *In re Morisseau*, 763 F. Supp. 2d 648, 663-65 (S.D.N.Y. 2011) (lawyer's making of unsupported attacks against judge warranted preclusion from bar of the court). Counsel is warned not to make such reckless comments absent an evidentiary basis in the future.

## CONCLUSION

For the reasons set forth above, Defendants' objections to the Magistrate Judge's denial of their motion to disqualify are **OVERRULED** and their motion to disqualify the Magistrate Judge is **DENIED**. The Court advises Plaintiff, Defendants, and their counsel in the strongest possible

terms to meet their obligations as litigants in this court, to heed the warnings of the Magistrate Judge, and comply with her orders to the letter. Failure to do so will result in sanctions.

SO ORDERED.

Dated:       Brooklyn, New York
             October 14, 2021

/s/ _____
I. Leo Glasser
Senior United States District Judge

6