THE LAW OFFICE OF
# LEO FOX, ESQ.

January 27, 2025

**VIA ELECTRONIC MAIL**

Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Gil v. Jus Broadcasting corp., et al.
      Case No. 19-cv-4216 (ILG)(PK)

Dear Judge Irizarry:

    I am the Chapter 11 attorney for the Chapter 11 Debtor-Defendants in the above action before you. Jus Broadcasting Corporation, Jus Punjabi LLC and Jus One Corp. On December 11, 2024, these three (3) Defendants filed Petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of New York under case numbers 24-45180 (JMM), 24-45182 (JMM) and 24-45183 (JMM) respectively.

    We respectfully request a pre-motion conference before the Court in furtherance of the Docket Order of this Court dated January 24, 2025, to seek leave for the Debtors-Defendants' to make a motion to refer the above captioned action to the Bankruptcy Court for the Eastern District of New York in accordance with the Orders of Reference issued by the District Court for Eastern District of New York dated August 28, 1986, January 31, 2012 and December 5, 2012 to the Bankruptcy Court for the Eastern District of New York. We are withdrawing the Notice of Removal dated January 23, 2025, in light of this Court's Docket Order dated January 24, 2025, with apology, (referral of the action procedure has been determined as correct *Trs. Of the Soft Drink v. Tribeca Bev., Inc.*, 531 F. Supp. 3d 592 (Dist. Ct. E.D.N.Y. 2021) and *In re Harve Bernard v. Rothschild*, 2003 WL 367859 page 12 (Dist. Ct. S.D.N.Y. 2003).

Honorable Dora L. Irizarry
Page 2
January 27, 2025

  Further, Plaintiff's counsel, Mr. Ackerman, in his letter of January 8, 2025, states that he is prepared to proceed against the two (2) non-debtor defendants on the purported grounds that individual defendant, Sandhu, received funds from the Plaintiff or deposited such funds in the accounts of the corporate defendants which purportedly constituted a consideration for the transfer of the stock membership interests in the entities which filed bankruptcy and, furthermore, Defendant, Sandhu, "*is the main defendant and the conduit*".  On these grounds, Plaintiff states that the Plaintiff continues its claims against Defendant, Sandhu, in this litigation while the automatic stay applies to the Debtors-Defendants.

  The claims asserted by Plaintiff, Gil, against the Chapter 11 Debtors/Defendants in this action (which are stayed pursuant to §362 of the Bankruptcy Code, 11 U.S.C. §362) are either similar or identical to the claims against the other non-debtor defendants.  The Debtors-Defendants have scheduled Plaintiff, Gil's claims as claims in the bankruptcy.  Any litigation against the two (2) non-debtor defendants might raise issues of a stay as a result of an assessment of liability against the Debtors-Defendants as a matter of res judicata or collateral estoppel.

  I note that the Motion of existing counsel, Paul Batista, Esq., to withdraw as counsel for the Defendants requests that he retain "*any charging liens to which he is entitled to under New York Law*" (ECF #177 - ¶12), which would be subject to the jurisdiction of the Bankruptcy Court as and to the extent it involved assets of the three (3) Debtors-Defendants.  Additionally, the claims alleged in the Complaint for an interest in the equity of the Debtors-Defendants may raise issues that these claims should be subordinated to the claims of other creditors under the provisions of §510 of the Bankruptcy Code, 11 U.S.C. §510.

  For all of these reasons, the Debtors-Defendants respectfully request that they be given leave to make the Motion to refer the within civil action to the Bankruptcy Court.

               Very truly yours,

               */s/ Leo Fox*
               Leo Fox

LF:cb